# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00635-JDB |
| ) | |
| YAHOO, INC., et al. ) | Judge John D. Bates |
| ) | |
| Defendants. ) | ORAL HEARING REQUESTED |

### REPLY IN FURTHER SUPPORT OF ESTATE OF HARRY WU'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)

COMES NOW Defendant, Estate of Harry Wu (the "Estate"), by counsel, and in further support of its Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure states as follows.

The 45-page Opposition brief is as exhausting as it is unilluminating. The Preliminary Statement remarkably argues that "not one of the Defendants meaningfully challenges that these profound breaches of trust and contract have occurred." Of course, when considering a Rule 12(b)(6) motion, the Court must "accept[] as true all of the factual allegations contained in the complaint and draw[] all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179, 408 U.S. App. D.C. 42 (D.C. Cir. 2014) (citation and internal quotation marks omitted). But this charge reveals Plaintiffs' approach to the Motions to Dismiss, which is to cite to the overwhelming number of characterizations and conclusory statements found in the Amended Complaint, and then declare victory.

Fortunately, the Opposition gives almost all of its attention to arguments raised by other Defendants. Therefore, the Estate relies upon and incorporates all arguments, case law, and statutory authorities found in the Reply Briefs filed by other Defendants in this matter.

## I. THERE IS NO CHARITABLE TRUST

Much of the Opposition is a Sisyphean task in which Plaintiffs demand that the Court conjure up a trust which does not exist, find that Mr. Wu breached duties flowing from that trust, and that a collection of non-beneficiaries have standing to sue as a result. Oddly, the Opposition cites *Athey v. United States*, 132 Fed. Cl. 683, 687 (2017) for the not useful proposition that a trust could be established in the context of a class action brought by federal employees. The case has almost no applicability to the circumstances or legal posture of the Amended Complaint. The same is true of *In re Diet Drugs Prods. Liab. Litig.*, 2001 WL 283163 and *Diamond Crystal Brands, Inc. v. Wallace*, 563 F. Supp. 2d 1349, 1354 (N.D. Ga. 2008). These are simply inapposite cases, that do nothing to demonstrate that Plaintiffs have articulated a plausible cause of action., and that an actual trust exists here that can lead to duties that could be breached.

The Estate previously noted that the Amended Complaint plainly cites to D.C. Code § 19-1301.01, et sq., but that the statute shows that it only "applies to express trusts, charitable or noncharitable, and trusts created pursuant to a statute, judgment, or decree that requires the trust to be administered in the manner of an express trust." Nowhere in the Amended Complaint are there any factual allegations to be found that would fall within the ambit of D.C. Code § 19-1301.02.

The Opposition argues in footnote 11 that really Plaintiffs meant to plead a charitable trust. But there is no language as to the creation of a charitable trust in the Settlement. And on the other contrary, the Settlement has express language about not creating any third-party beneficiaries. That makes the Opposition's reliance on *Cabaniss v. Cabaniss*, 464 A.2d 87, 91 (D.C. 1983), a third-party beneficiary case, mysterious.

## II.     ALTER EGO

One of the very few arguments that the Opposition raises with respect to the Estate is the notion that the Amended Complaint's attempt to plead alter ego magically makes the Estate liable for every generic allegation against "Defendants" in the suit.  The Opposition suggests on page 4 that the Estate has not challenged the plausibility of the alter ego allegations.  On page 12, the Opposition states in conclusory fashion that "because Wu was LRF's *alter ego*, Wu also was a trustee."  And in footnote 54, the Opposition claims that "Wu's failure to challenge the *alter* ego allegations against him is fatal."

Plaintiffs apparently ignore that the Estate has challenged the plausibility of the Amended Complaint, and called out the absence of a host of factual allegations which would be necessary to properly plead viable causes of action.

Remarkably, despite the length and verbosity of the pleading, the Opposition does not cite a single case in support of these jabs.

> "Under the alter ego theory, the court may ignore the existence of the corporate form whenever an individual so dominates an organization 'as in reality to negate its separate personality.'" *Founding Church of Scientology of Wash., D.C., Inc. v. Webster*, 802 F.2d 1448, 1452, 256 U.S. App. D.C. 54 (D.C. Cir. 1986) (quoting *Quinn v. Butz*, 510 F.2d 743, 758, 166 U.S. App. D.C. 363 (D.C. Cir. 1975)).

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 391 U.S. App. D.C. 165, 191, 608 F.3d 871, 897 (2010).  But the Estate stands by its argument in the Motion to Dismiss that there is simply no factual allegation that Plaintiff Yu conferred a benefit on Harry Wu.  Plaintiffs' understanding of alter ego allegations is backwards.  The Amended Complaint as pled fails to state alter ego properly.

3

## CONCLUSION

WHEREFORE, Defendant Estate of Harry Wu stands by all arguments and authorities set forth in the previously filed Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6), and asks that the Court enter judgment in favor of Estate of Harry Wu and dismiss it from this case, and for such further relief as the Court deems fair and just.


Dated: September 28, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　PERRY CHARNOFF PLLC

　　　　　　　　　　　　　　　　　　　　　　/s/ Mikhael D. Charnoff
　　　　　　　　　　　　　　　　　　　　Mikhael D. Charnoff (#476583)
　　　　　　　　　　　　　　　　　　　　2300 Wilson Boulevard, Suite 240
　　　　　　　　　　　　　　　　　　　　Arlington, VA 22201
　　　　　　　　　　　　　　　　　　　　P:  703-291-6650
　　　　　　　　　　　　　　　　　　　　F:  703- 563-6692
　　　　　　　　　　　　　　　　　　　　mike@perrycharnoff.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Estate of Harry Wu*


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I caused a copy of the foregoing to be served electronically on all counsel for all parties by using the CM/ECF system of the United States District Court of the District of Columbia.


　　　　　　　　　　　　　　　　　　　　PERRY CHARNOFF PLLC

　　　　　　　　　　　　　　　　　　　　　　/s/ Mikhael D. Charnoff
　　　　　　　　　　　　　　　　　　　　Mikhael D. Charnoff (#476583)
　　　　　　　　　　　　　　　　　　　　2300 Wilson Boulevard, Suite 240
　　　　　　　　　　　　　　　　　　　　Arlington, VA 22201
　　　　　　　　　　　　　　　　　　　　P:  703-291-6650
　　　　　　　　　　　　　　　　　　　　F:  703- 563-6692
　　　　　　　　　　　　　　　　　　　　mike@perrycharnoff.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Estate of Harry Wu*