IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al.*, | Case No. 1:17-cv-00635-JDB |
| Plaintiffs, | Judge John D. Bates |
| v. | |
| YAHOO! INC., *et al.*, | |
| Defendants. | |

**DEFENDANTS YAHOO! INC., RONALD BELL, AND MICHAEL CALLAHAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs' motion for leave and proposed sur-reply seek to circumvent the Court's Local Rules and "get the last word" on defendants' motions to dismiss, *Bigwood v. U.S. Dept. of Defense*, 132 F. Supp. 3d 124, 154 (D.D.C. 2015)—a practice "disfavored" by this Court, *Glass v. Lahood*, 786 F. Supp. 2d 189, 231 (D.D.C. 2011).  Plaintiffs argue that the Yahoo Defendants made improper arguments about plaintiffs' "charitable trust" theory on reply, but this overlooks their FAC's scant, vague mention of this theory and the wholly new allegations plaintiffs made in their Rule 12 opposition brief—to which the Yahoo Defendants were fully entitled to respond, and could only first do so on reply.

Nowhere does the FAC clearly allege a charitable trust.  To the contrary, the FAC's definition of the "Trust" never references a charitable trust.  *See* Dkt. 26 ¶ 26 ("Defendant Yahoo Human Rights Fund Trust (defined above as the "Trust") is a trust created in 2007 to provide humanitarian and legal assistance to persons in China who have been imprisoned for exercising their freedom of expression online.").  Nor do the FAC's breach-of-trust or modification-of-trust allegations say anything about a charitable trust.  *Id.* ¶¶ 125-31.  Likewise, while the FAC mentions District of Columbia trust law, it never mentions D.C. Code § 19-1310.04.05, which addresses the permissible purposes and enforcement of charitable trusts.  Nor does the FAC identify the elements of a charitable trust or explain how the trust alleged here meets them.  Indeed, the

*one and only* reference to a "charitable trust" is in paragraph 124 of the FAC—buried in a single bullet point of the statute-of-limitations section. This passing reference was insufficient to put defendants on notice. Yet despite the unclear allegations, all of the Defendants *did* argue that the *Wang v. Yahoo* settlement created no charitable trust, and that the only trust at issue here was a trust created in 2009, *see* Dkts. 27-1 at 2-3, 5, 7; 28-1 at 2; 30-1 at 9-10, on which plaintiffs now concede they do *not* sue. Dkt. 32 at 19 n.22; *see also* Dkt. 35 at 2 (joining co-defendants' arguments that *Wang* settlement did not create a charitable trust).

Only in their Rule 12 opposition brief—and with nowhere else to go, given the thrust of the Yahoo Defendants' motion—did plaintiffs turn their focus to their untenable "charitable trust" theory. Indeed, their opposition brief is replete with references to a "charitable trust" (some 26 mentions of it) in sharp contrast to their one vague reference made in the FAC. On reply, the Yahoo Defendants rightly responded to these *new* arguments and allegations. For example, plaintiffs' brief alleges, for the first time, that Yahoo intended to create a charitable trust when it executed the *Wang* settlement. Dkt. 32 at 9. The FAC says nothing about any such intention on Yahoo's part. Thus, there was no way for the Yahoo Defendants to address that allegation in their opening brief. Similarly, the Yahoo Defendants' arguments regarding the non-charitable purposes of the *Wang* settlement and its language disclaiming any third-party beneficiaries, *see* Dkt. 37 at 2; Dkt. 35 at 4-8, was well in bounds. Yahoo discussed these basic facts of the *Wang* settlement in both of its Rule 12 motions, *see* Dkts. 18-1 at 4-5; 29-1 at 4-6, so plaintiffs' claim of surprise is a hollow one, and the points and arguments were also directly responsive to and refuted plaintiffs' new charitable trust claims.

In short, the arguments made in Yahoo's Reply are entirely proper. Responding to arguments made in an opposition brief is the *point* of a reply and does not give rise to a right to file a sur-reply. *See Alfadda v. Fenn*, 1993 WL 526065, *2 (S.D.N.Y. 1993) ("A reply brief … is just that—one whose purpose is to respond to the arguments made in opposition to the initial motion"); *In re Large Scale Biology Corp.*, 2007 WL 2859782, *1 (Bnkr. E.D. Cal. 2007) ("A reply necessarily raises facts and issues, for the first time, that are germane to the opposition."). The Yahoo Defendants' reply arguments respond directly to claims made

2

in plaintiffs' Opposition, and plaintiffs cannot satisfy their heavy burden to establish that they are entitled to file a sur-reply. *See, e.g., Geib v. James*, 2007 WL 2595423, *9 n.3 (M.D. Pa. Aug. 31, 2007) (denying motion seeking leave to file sur-reply because plaintiff did not articulate any argument made by defendant that fell outside the scope of plaintiff's opposition briefs).

For these reasons, plaintiffs' motion for leave should be denied.

Dated:  October 11, 2017

Respectfully Submitted,

By: /s/ Matt Kline
        Matthew T. Kline

Brian Boyle (D.C. Bar No. 419773)
  bboyle@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone:    (202) 387-5327
Facsimile:    (202) 383-5414

Matthew T. Kline (*pro hac vice*)
  mkline@omm.com
Patrick S. McNally (*pro hac vice*)
  pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone:    (310) 553-6700
Facsimile:    (310) 246-6779

*Attorneys for Defendants Yahoo! Inc., Ronald Bell, and Michael Callahan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2017, I caused the foregoing document to be electronically filed with the clerk of the United States District Court for the District of Columbia using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

Executed on October 11, 2017, in Los Angeles, California.

                                                    /s/ Matt Kline
                                                    Matthew T. Kline