# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                    Plaintiffs,

                v.

YAHOO! INC., *et al.*,

                   Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

## JOINT REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.3(d)

This report and discovery plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(d).

1.        Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a), beginning on May 1, 2020, the parties conferred via email and telephonically and discussed each of the sixteen matters set forth in Local Civil Rule 16.3(c) over the course of several days. Pursuant to Local Civil Rule 16.3(d), the parties state that they have reached the agreements below.

2.        The proposed deadlines below account for the ongoing pandemic-related restrictions, assume such restrictions will be substantially lifted by September 2020, and assume any subsequent restrictions will be substantially less burdensome than the current ones.

3.        By June 4, 2020, plaintiffs will submit an amended complaint to remove claims and plaintiffs that were not part of the appeal, to remove Yahoo! Inc. as a defendant, and to formally name Oath Holdings, Inc. as a defendant.[1] Plaintiffs also intend to add factual allegations concerning

---

[1] In-house counsel for Oath Holdings, Inc. has provided a sworn declaration to plaintiffs stating that Oath Holdings, Inc. holds the contingent liability at issue in this lawsuit because of the June 2017 sale of Yahoo! Inc.'s operating business to Verizon. Counsel for Oath Holdings, Inc. has agreed that, assuming the only corporate defendant affiliated with Yahoo or Verizon to be named is Oath Holdings, Inc., service is not required, and Oath Holdings, Inc. will not contest personal jurisdiction.

developments with the Yahoo Human Rights Fund—which the D.C. Circuit held is plausibly alleged to be a trust, and plausibly alleged to be a charitable trust with respect to the Fund's humanitarian assistance program—post-dating the April 27, 2018 filing of plaintiffs' proposed second amended complaint. Plaintiffs are also investigating the necessity and propriety of naming additional defendants who had significant responsibility for the trust's spending after April 27, 2018. Plaintiffs also reserve the right to move for leave to amend as the case proceeds, particularly if needed to conform the pleadings to the evidence, as permitted by Fed. R. Civ. P. 15(b)(2).

4.      By July 2, 2020, defendants will respond to the amended complaint. Defendants reserve the right to file a dispositive motion by this date. Plaintiffs will file oppositions to any dispositive motions within 30 days after the motions are filed. Replies are due 15 days after the oppositions are filed. The parties propose a date of decision of September 15, 2020.

5.      The parties agree to accept electronic service of any discovery materials and pleadings.

6.      **Discovery topics.** The parties propose to take discovery on the following topics (while reserving the right to supplement this list and subject to objections):

a.      **Plaintiffs.** The creation and administration of the Yahoo Human Rights Fund; the nature and extent of humanitarian and legal-assistance spending funded by the Yahoo Human Rights Fund; the nature and extent of non-humanitarian and non-legal-assistance spending funded by the Yahoo Human Rights Fund; the termination of humanitarian and legal-assistance spending in 2016; the nature and extent of spending funded by the Yahoo Human Rights Fund after 2016; the identities of those with responsibility for the Fund's affairs; the identities of those who received monies from the Fund; the steps taken by defendants to ensure the Fund's purpose of providing humanitarian and legal assistance to imprisoned dissidents was adhered to; the nature and extent of

defendants' knowledge that that purpose was not being adhered to; any defenses asserted by defendants in their answers to the complaint.

   b. **Defendants**. The basis of Plaintiffs' claims; the nature and extent of the Fund, including whether the Fund was a charitable trust under governing law; Plaintiffs' standing to bring the claims asserted; the basis for Plaintiffs' claims that defendants were trustees of the Fund or the humanitarian assistance program; the nature of any applications to the Fund that Plaintiffs believe were not considered or inappropriately denied; the basis and nature of Plaintiffs' claims that the Fund was mismanaged; the alleged causation of Plaintiffs' damages, and even if any of the allegations are proven, whether Plaintiffs are entitled to any personal recovery or damages.

7.     **Discovery schedule.** The parties agree that, if defendants do not respond to the amended complaint by way of dispositive motions, fact discovery should begin on July 2, 2020. But the parties disagree on whether fact discovery should be stayed if defendants respond by way of dispositive motions. Plaintiffs' position is that discovery should not be stayed if defendants file renewed motions to dismiss, in part because defendants have not been able to indicate to plaintiffs which of their previously raised dismissal arguments would be case-dispositive (as opposed to claim-dispositive), and in part because of the age of the case. Defendants' position is the full extent of any dispositive motions to be filed will not be known until they have had a chance to carefully review the amended complaint plaintiffs intend to file on June 4, 2020. If defendants file dispositive motions, defendants will articulate their bases for requesting a stay of discovery at that time.

The parties disagree as to what should happen if defendants file such a stay motion. Plaintiffs' position is that, unless and until such a stay motion is granted, discovery should begin on July 2, 2020 and proceed as normal—including, for example, that written objections or responses be made to

3

discovery requests within the time limits set forth in the Federal Rules of Civil Procedure. Defendants' position is that defendants cannot make a blanket agreement that discovery should proceed as normal while a stay motion is pending without seeing the amended complaint and proposed discovery.

The parties agree that discovery will proceed as normal if defendants do not file dispositive motions.

8. **Discovery intervals.** Regarding the intervals that should govern the discovery process, the parties agree as follows (with the calculation of specific deadlines being governed by Fed. R. Civ. P. 6):

    a.   All fact discovery must be completed no later than 210 days after fact discovery commences (the "fact discovery cutoff"). All discovery, including any expert discovery that might be needed, must be completed no later than 300 days after fact discovery commences ("discovery cutoff").

    b.   Initial disclosures will be served within 14 days after July 2, 2020.

    c.   Written discovery requests must be served no later than 45 days before the fact discovery cutoff.

    d.   The parties will substantially complete document production no later than 90 days before the fact discovery cutoff, and will complete document production no later than 60 days before the fact discovery cutoff. Document productions will be made on a rolling basis.

    e.   At this time, defendants intend to disclose testifying experts in this case. Plaintiffs are considering their own need for expert discovery in this case. Expert discovery will commence no earlier than the fact discovery cutoff and will run for 90 days. Plaintiffs will make their Rule 26(a)(2) disclosures on the first day of expert discovery. Defendants will make their Rule 26(a) disclosures

within 30 days after plaintiffs' disclosures. Plaintiffs may serve rebuttal disclosures within 30 days after defendants' disclosures. Any depositions of experts will be taken during the final 30 days of the expert discovery period.

f.   Except for the cutoffs set forth in item a. above, the above dates may be extended by the written consent of all parties without application to the Court. The cutoffs set forth in item a. may be modified by the Court upon a showing of good cause.

9.      **Protective Order.** The parties are discussing whether a protective order or ESI protocol are appropriate for this case, and, if so, the nature and scope of any such order or protocol. At a minimum, the parties agree that a protective order governing the clawback of privileged information and other matters covered by Federal Rule of Evidence 502 is appropriate, and will endeavor to submit a proposed order and protocol within 30 days of July 2, 2020.

10.      **Summary judgment.** The parties contemplate that at least some of the issues in this case may be resolved by motions for summary judgment.

a.   Any motions for summary judgment will be filed no later than 30 days after the discovery cutoff.

b.   Oppositions are due 30 days after the motion is filed.

c.   Replies are due 15 days after the opposition is filed.

d.   The proposed date of decision will be 60 days following the filing of replies.

11.      **Settlement discussions.** The parties' counsel have discussed the possibility of settlement, but believe further discussions are premature at this time. The parties do not think the case will benefit from the Court's alternative dispute resolution procedures now, but will revisit that view as discovery proceeds.

12. **Trial.**

  a. The pretrial conference will be held within 90 days of the discovery cutoff.

  b. The trial date will be set at the pretrial conference for a date within 60 days of that conference.

  c. This case is to be tried by the Court.

13. **Privilege issues.** The parties agree that no attorney-client communications post-dating the initial filing of this action need be included on any privilege log. The remaining issues regarding privilege will be addressed in the proposed protective order.

14. **Miscellaneous issues set forth in Fed. R. Civ. P. 26(f)(3).**

  a. Pursuant to Rule 26(f)(3)(C), the parties have considered electronic discovery related issues, have not identified such issues at this time, and will work in good faith to resolve any such issues that arise.

  b. Pursuant to Rule 26(f)(3)(E), the parties do not think any changes beyond those set forth above need to be made in the limitations on discovery imposed under these rules or by local rule, except that each side will be limited to 5 third-party depositions. Should that change, the parties will confer as necessary, and will seek either the Court's approval if the parties come to an agreement, or will request the Court's assistance to resolve any dispute.

  c. Pursuant to Rule 26(f)(3)(F), the parties respectfully submit that no other orders of the Court are warranted at this time.

Dated: May 22, 2020                     Respectfully submitted,

                                        **NORTH RIVER LAW PLLC**
                                        _/s/ Times Wang_
                                        Times Wang (D.C. Bar 1025389)
                                        1300 I Street NW, Suite 400E
                                        Washington, DC 20005
                                        Telephone: (202) 838-6489
                                        twang@northriverlaw.com

                                        _Counsel for plaintiffs_

                                        **PERRY CHARNOFF PLLC**
                                        _/s/ Mikhael D. Charnoff_
                                        Mikhael D. Charnoff (D.C. Bar 476583)
                                        1010 N. Glebe Road, Suite 310
                                        Arlington, VA 22201
                                        Telephone: 703-291-6650
                                        mike@perrycharnoff.com

                                        _Counsel for defendant Estate of Harry Wu_

                                        **IMPRESA LEGAL GROUP**
                                        _/s/ George E. Kostel_
                                        George E. Kostel (D.C. Bar 1000015)
                                        Jason P. Matechak (D.C. Bar 461194)
                                        3033 Wilson Boulevard, Suite 700
                                        Arlington, VA 22201
                                        Telephone: (703) 842-0660
                                        georgekostel@impresalegal.com
                                        jasonmatechak@impresalegal.com

                                        _Counsel for defendants Laogai Research Foundation and_
                                        _Laogai Human Rights Organization_

                                        **McGuireWoods LLP**
                                        _/s/ Brandi G. Howard_
                                        Brandi G. Howard (D.C. Bar 156135)
                                        2001 K Street, NW
                                        Suite 400
                                        Washington, DC 20006
                                        Telephone: (202) 857-1700
                                        bhoward@mcguirewoods.com

                                        Brian E. Pumphrey (admitted _pro hac vice_)
                                        800 East Canal Street
                                        Richmond, VA 23219
                                        Telephone: (804) 775-7745

bpumphrey@mcguirewoods.com

*Counsel for defendants Yahoo! Inc., Michael Callahan, and Ronald Bell*