EXHIBIT A

# CONFIDENTIAL SETTLEMENT, RELEASE, AND FOUNDATION AGREEMENT

## I.    PRELIMINARY STATEMENT.

**A.  Parties.**  This Confidential Settlement and Foundation Agreement ("Agreement") is entered into as of November 9, 2007 between Yahoo!, Inc. and Yahoo! Hong Kong Ltd. (the "Yahoo! Entities") on the one hand, and Wang Xiaoning, Shi Tao, Yu Ling, Gao Qinsheng, Harry Wu, and Laogai Research Foundation (the "Wang/Shi/Wu Entities"), on the other hand (collectively, the "Parties").

**B.  Recitals.**  This Agreement is effective once fully executed, and entered into with reference to the following facts:

1.  An action entitled Wang Xiaoning, Shi Tao, Yu Ling et al. v. Yahoo!, Inc. and Yahoo! Hong Kong Ltd., et al., was filed in the U.S. District Court for the Northern District of California, Case No. C07-02151 CW (the "Action").  That action references a related complaint filed by plaintiff Shi Tao with Hong Kong Privacy Commissioner (the "Hong Kong Action").

2.  The Parties have entered into and filed with the court on November 13, 2007 a Stipulation of Dismissal of the Action, dismissing it with prejudice.

3.  The Parties, without any admission of liability, desire to resolve their disputes, and all claims, causes of action and controversies existing or arising among or between them that are or could have been alleged in the above-mentioned actions, as well as any other potential claims, causes of action and controversies between the Wang/Shi/Wu Entities and the Yahoo! Entities, arising out of or relating to all matters referenced in the Action and the Hong Kong Action without further expenditure of time and expense on litigation.

## II.    TERMS AND CONDITIONS OF AGREEMENT.

In consideration for the promises, covenants, conditions, and obligations set forth initially in the Memorandum of Understanding, and subsequently confirmed by this Agreement, and for other consideration, receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

**A.  Dismissal of All Pending Litigation Between the Parties.**  In consideration of the promises contained in this Agreement, Wang Xiaoning, Yu Ling, and Shi Tao, directly or through their authorized representatives, have agreed to the dismissal with prejudice of the Action against Yahoo!, Inc. and Yahoo! Hong Kong Ltd., as specified in Recital 2.  In addition, pursuant to this Agreement, Shi Tao, directly or through his authorized representatives, agrees to withdraw his appeal to the Hong Kong Administrative Appeals Board, No. 16/2007, filed in May 2007, in response to the Hong Kong Privacy Commissioner's March 14, 2007 Report No. R07-

1

3619, and further agrees that neither he nor any of his authorized representatives shall participate in any manner in that Hong Kong Action.

      **B.**  **Payment by Yahoo!, Inc. to the Families.**  Yahoo!, Inc. will pay a total of $3.2 million USD jointly to Shi Tao and his family, and a total of $3.2 million USD jointly to Wang Xiaoning and his family.

      1.  <u>Monies to Be Held In Trust For Families by Laogai Research Foundation ("The Foundation").</u>  The payments to the Wang and Shi Families will be made to the Foundation and will be held by the Foundation in separate trust accounts in name of the Wang Family and the Shi Family.  The monies from the separate trust accounts will be distributed by the Laogai Research Foundation to the respective families, and will not be used for any other purpose.

      2.  <u>Foundation Obligations to Wang and Shi Families</u>.  The Foundation shall take responsibility for distributing the $3.2 million USD trust accounts to the Wang and Shi Families in a manner that best effectuates the Parties' intention that those families' needs are provided for while Wang and Shi remain imprisoned.  In fulfilling that responsibility, the Foundation shall be guided by the wishes and instructions of Wang Xiaoning and Yu Ling for the Wang family, and Shi Tao and Gao Qinsheng for the Shi family.

      **C.**  **Payment by Yahoo!, Inc. to the Foundation to Establish the Yahoo! Human Rights Fund.**  Yahoo!, Inc. will make payments totaling a maximum of $17.3 million to the Foundation subject to the conditions noted below.  These payments shall be maintained separately from other Foundation funds and shall be known as the "Yahoo! Human Rights Fund" or "YHR Fund"

      1.  <u>All Payments Made in Trust to Foundation</u>.  The payments to the Foundation shall be made in four installments as follows:

First Installment:  $4.4 million USD upon signing;

Second Installment:  $4.3 million USD on January 15, 2008;

Third Installment:  $4.3 million USD on April 15, 2008; and

Fourth Installment:  $4.3 million USD on July 15, 2008.

Payment of the Second, Third and Fourth Installments is contingent upon a satisfactory review by Yahoo!, Inc. of the disbursements from the YHR Fund during the previous quarter.  For purposes of this paragraph, a "satisfactory review" is one that confirms that such disbursements conform with the purposes of the YHR Fund.  The Foundation will have 45 days from the date of notice by Yahoo! Inc. concerning any disbursements that do not conform with the stated purposes of the YHR Fund to remedy the non-conforming disbursements.

2.   <u>Foundation Use of Yahoo! Human Rights Fund</u>.  The YHR Fund may be used for three purposes only: (a) to provide humanitarian and legal assistance primarily to persons in or from the People's Republic of China who have been imprisoned for expressing their views through Yahoo! or another medium; (b) to resolve claims primarily by such persons, or persons threatened with prosecution or imprisonment, against the Yahoo! Entities or any Yahoo! subsidiary or affiliate; and (c) for payment of Foundation operating expenses and the Foundation's educational work conducted in the United States in support of human rights, to the extent provided below.

> (i)   In their implementation of paragraph 2(a), above, the Foundation and its Executive Director, Harry Wu, agree to use their best efforts to maximize the benefits achieved through their use of a portion of the YHR Fund for humanitarian and legal assistance.

> (ii)   In their implementation of paragraph 2(b), above, the Foundation and its Executive Director, Harry Wu, agree to use their best efforts to evaluate and, as appropriate, use YHR Fund monies to settle claims against the Yahoo! Entities or any Yahoo! subsidiary or affiliate (collectively, "Yahoo!").  Yahoo! may refer such claimants to the Foundation, which will attempt to settle their claims using the YHR Fund. The Foundation shall not make any such settlement payment without first obtaining a release in a form approved in advance in each case by Yahoo!. Persons entering into such settlements or providing such releases shall not be deemed third-party beneficiaries of this Agreement.  The Foundation hereby agrees to use the YHR Fund to indemnify and hold Yahoo! harmless from and against any claims, liabilities, damages, attorneys' fees, or costs arising out of any legal or administrative proceeding initiated by or on behalf of any person referred to the Foundation by Yahoo!.

> (iii)   Pursuant to paragraph 2(c), above, the Foundation may use for its operating expenses up to $1 million USD of the YHR Fund in each calendar year (prorated for 2007).  The Foundation will provide notification to Yahoo! concerning the amount of the YHR Fund that is used each year for the operating and educational expenses of the Foundation.

> (iv)   The YHR Fund shall not be used to fund or support in any manner, directly or indirectly, any litigation, claim, or complaint, before any court, administrative body, legislative body, or any other forum, anywhere in the world, by any person or entity, against Yahoo!.

> (v)   The YHR Fund shall be used only in conformity with the civil and criminal laws of the United States and of other countries in which it may be expended.  The YHR Fund shall not be used for political purposes of any kind and shall not be given to, or used to support or assist,

directly or indirectly, any governments, political parties, or armed organizations.

(vi)     The Foundation shall provide the Yahoo! Entities semi-annual reports, in June and December of each year, regarding all of its activities pursuant to paragraphs II.B. and II.C. of the Agreement.

## III.     WAIVER AND RELEASES.

**A.  Releases.**   Wang Xiaoning, Shi Tao, Yu Ling, Gao Qinsheng, Harry Wu, and Laogai Research Foundation, on behalf of themselves and each of their present and former agents, representatives, attorneys, trusts, children, heirs, executors, administrators, conservators, successors, and assigns (the "Releasing Parties"), hereby fully and forever release, acquit, and discharge Yahoo!, Inc. and Yahoo! Hong Kong Ltd. and each of their present and former officers, employees, directors, parents, whole and partial subsidiaries, shareholders, alter egos, controlled entities, affiliates, servants, agents, independent contractors, consultants, advisors, representatives, transferees, attorneys, insurers, accountants, sureties, trusts, heirs, executors, administrators, conservators, predecessors, successors, and assigns (the "Released Parties"), from any and all claims, rights, demands, causes of action, suits, obligations, orders, damages, expenses, debts, costs, attorneys' fees, judgments and liabilities of whatever kind or nature in law, equity or otherwise, past, present or future, ascertained or unascertained, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist or may exist, without regard to subsequent discovery or the existence of additional or different facts, arising out of or related in any manner to any events or circumstances alleged in the California Action or the Hong Kong Action, as of the date of this Agreement.

**B.   Waiver of Other Claims.**   The Releasing Parties acknowledge that there is a possibility that subsequent to the execution of this Agreement, they will discover facts which were unknown or unsuspected at the time this Agreement was executed, and which if known by them at the time may have materially affected their decision to execute this Agreement.  The Releasing Parties acknowledge and agree that by reason of this Agreement, and the release contained in the preceding paragraphs, they are assuming any risk of such unknown facts and such unknown and unsuspected claims.  The Releasing Parties have been advised of the existence of Section 1542 of the California Civil Code, and the similar laws of other jurisdictions, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Notwithstanding such provisions, this release shall constitute a full release in accordance with its terms.  The Releasing Parties knowingly and voluntarily WAIVE the provisions of Section 1542, as well as any other statute, law, or rule of similar effect, and acknowledge and agree that this

waiver is an essential and material term of this release and the settlement which leads to it, and without such waiver the settlement would not have been accepted.  This waiver includes, but is not limited to, a waiver of the right to a claim of fraudulent inducement to enter into this Agreement as to such unknown facts and such unknown and unsuspected claims, except that it shall not include misrepresentations as to the representations and warranties contained within this Agreement.  The Releasing Parties hereby represent that they have been advised by their independent legal counsel, and that they understand and acknowledge the significance and consequence of this release and of this specific waiver of Section 1542 and similar laws of other jurisdictions.

## IV.    ADDITIONAL AND MISCELLANEOUS PROVISIONS.

A.  **Disclaimer of Liability.**   While this Agreement resolves all issues between the Parties concerning the matters described herein, it does not constitute an admission by any of the Parties of any of the matters alleged in the Actions, or of any liability or wrongdoing whatsoever, nor does it constitute an admission of the validity of any defense.  Nothing in this Agreement or any related document shall be construed or admissible in any proceeding as evidence of liability for damages or wrongdoing by any of the Parties.  The Parties hereto agree that this Agreement, and all such related documents, are the result, and a part, of a compromise within the provisions of California Evidence Code §§ 1152 and 1154 and similar laws of other jurisdictions.  The Parties, on behalf of themselves and each of their present and former agents, representatives, attorneys, trusts, children, heirs, executors, administrators, conservators, successors, and assigns, agree that they will not assert that this Agreement or the related settlement is evidence or proof that the allegations or defenses asserted in the Actions, or any of them, are true.  The Releasing Parties, on behalf of themselves and each of their present and former agents, representatives, attorneys, trusts, children, heirs, executors, administrators, conservators, successors, and assigns, will not state, assert, or contend that any of the Released Parties has admitted or acknowledged any liability, responsibility, or culpability for the wrongful acts alleged in the Actions.

B.  **Related Attorneys' Fees and Costs.**   Wang Xiaoning, Yu Ling, and Shi Tao acknowledge that their counsel in the California Action are entering into a separate settlement agreement with the Yahoo! Entities in connection with their counsel's activities in connection with the California Action.  Wang Xiaoning, Yu Ling, Shi Tao have no objection to the Yahoo! Entities entering into that separate agreement and agree that any claim they might have had against the Yahoo! Entities in connection with or related to that agreement is covered by and released under the provisions of subsections III (A) and (B), above.  The Wang/Shi/Wu Entities waive any and all rights to claim any attorneys' fees and costs above and beyond the sums paid by Yahoo!, Inc. pursuant to this Agreement and to the separate agreement with counsel for Wang Xiaoning, Yu Ling, and Shi Tao in the California Action.  Each Party shall bear its own attorneys' fees and costs in connection with any activities necessary to effectuate this Agreement.

C.  **Warranties and Representations.**

1.  Yu Ling, Gao Qinsheng, Harry Wu, and Laogai Research Foundation hereby warrant and represent that they have the requisite authorities and consents to enter into and execute this Agreement on behalf of Wang Xiaoning and Shi Tao as their attorneys-

in-fact, and that the Yahoo! Entities are thus entitled to the protections of the California Probate Code, including but not limited to the immunity afforded by section 4303 thereunder. The Wang/Shi/Wu Entities recognize and acknowledge that the Yahoo! Entities are entering into this Agreement in reliance on these warranties and representations of authorities and would not do so without these warranties and representations. Yu Ling and Gao Qinsheng have provided the Yahoo! Entities with notarized copies of "Powers of Attorneys" executed on behalf of themselves, Shi Tao, and Wang Xiaoning, and specifically authorizing Harry Wu to enter into and execute this Agreement.

2.    Harry Wu and Laogai Research Foundation hereby warrant and represent that the Laogai Research Foundation is a non-profit research and public education organization and has the managerial and organizational capacity to administer, distribute, and account for the Yahoo! Human Rights Fund in accordance with the requirements set forth above in Section II(C). They further represent and warrant that until the Fund has been entirely depleted, they will maintain a comparable level of managerial and organizational capacity.

3.    Harry Wu and Laogai Research Foundation hereby warrant and represent that they will establish a Board of Directors for the YHR Fund. The Board of Directors shall have the power and authority to direct the activities and expenditures of the YHR Fund, subject to the restrictions set forth in this agreement. Harry Wu and the Laogai Research Foundation shall consult with Yahoo! regarding the composition and membership of the Board of Directors before making any appointments to the Board.

**D.  Indemnification.**  The Foundation hereby agrees to indemnify, defend and hold Yahoo! harmless from and against any claims, liabilities, damages, attorneys' fees, or costs arising out of any legal or administrative proceeding initiated by or on behalf of Wang Xiaoning, Shi Tao, or Yu Ling, or any person or entity asserting an assignment, transfer, or other interest in the rights or claims of Wang Xiaoning, Shi Tao, or Yu Ling against the Yahoo! Entities.

**E.  Confidentiality.**  The Parties and their authorized representatives agree as follows:

1.    The terms and conditions of this Agreement (collectively, "Confidential Information") shall remain confidential. The Parties and their authorized representatives, and anyone acting on their behalf, shall not disclose Confidential Information to any other person, except (a) to any persons whose knowledge of the terms of this Agreement is necessary to carry out its provisions (and who shall be advised of its confidentiality and agree to be bound by this provision by a signed written undertaking, and the other Parties hereto shall be notified of such disclosure); (b) to the extent such disclosure is required for its enforcement; (c) to the extent such disclosure is authorized pursuant to the prior written consent of all Parties to this Agreement; or (d) as otherwise required by law, including pursuant to any discovery procedures authorized by law. In the event any action or proceeding is commenced (other than by a Party to enforce the terms of this Agreement) or any compulsory process is received, which seeks the disclosure of Confidential Information, the Party which is the recipient of any disclosure request shall provide prompt written notice to each other Party regarding same and shall take all

6

reasonable measures to afford the other Parties the opportunity to seek an appropriate protective order, make a motion to quash or to otherwise oppose or object to the disclosure of Confidential Information.

2. Notwithstanding anything to the contrary contained in this Agreement, the Released Parties may disclose information adequate to satisfy their reporting obligations under various United States and international rules, and insurance agreements, and include the following information in its reports to the Securities and Exchange Commission ("SEC"):  that the dispute between the Parties has settled; that the terms of the settlement agreement are confidential; and that the settlement will not have a material adverse impact on the Released Parties.  The Releasing Parties take no position on the issue of whether this Agreement, and the underlying settlement, will have a material adverse impact on the Released Parties.

## F.  Integration and Representations.

1. Except as provided herein, this document constitutes the entire agreement and understanding between the Parties concerning the releases and dismissals described herein, and supersedes and replaces all prior negotiations, proposed agreements and agreements, written and oral, relating thereto.  This is a fully integrated document.

2. Each of the Parties hereto acknowledges that no other Party hereto, or any agent or attorney of any other Party hereto, has made any promise, representation or warranty whatever, express or implied, not contained herein concerning the subject matter hereof, to induce it to execute this document, and acknowledges that it has not executed this instrument in reliance on any such promise, representation, or warranty not contained herein.

3. Each of the Parties or their authorized representatives hereto have read this Agreement and understands the contents thereof.

4. Each of the Parties or their authorized representatives hereto represent and acknowledge that they have been represented by independent legal counsel of their own choice with respect to this Agreement, and any and all matters covered by or related to this Agreement.  Each Party or their authorized representatives represent and warrant that they have read, know and understand the content of this Agreement, have executed this Agreement voluntarily, and have not been influenced by any person, persons or attorney acting on behalf of any other Party.

5. Each of the Parties hereto acknowledges and represents to the other Party that each has not assigned or transferred any claim covered by this Agreement that any Party has, had, may have, or may have had against any other.  Each of the Parties agrees to protect, defend, indemnify and hold harmless each of the other Parties from and against any such claims, (including, but not limited to, the payment of fees and costs actually incurred, whether or not litigation is commenced) based on, in connection with, or arising out of any such assignment or transfer by such persons, or purported or claimed assignment or transfer.

   **G.  No Litigation.**  The Wang/Shi/Wu Entities agree that to the fullest extent permitted by law, they will never commence, aid in any way, prosecute or cause to permit to be commenced or prosecuted against the Yahoo! Entities, any action or other proceeding (whether based in contract, tort, or otherwise) based upon or related to any of the Claims released by the Parties.  This Agreement shall constitute a judicial bar to the institution of any such action or proceeding.

   **H.  Governing Law.**   This Agreement is to be governed by, and enforced in accordance with, the laws of the State of California.

   **I.   Dispute Resolution.**  All disputes of any nature (whether sounding in contract, tort, or otherwise) arising out of or relating to this Agreement must be initiated, maintained, and determined exclusively by final and binding arbitration in the County of Santa Clara, State of California.  The arbitration shall be initiated and conducted according to either the JAMS Streamlined (for claims under $250,000) or the JAMS Comprehensive (for claims over $250,000) Arbitration Rules and Procedures at the San Jose, California office of JAMS, or its successor ("JAMS") in effect at the time the request for arbitration is made (the "Arbitration Rules").  The arbitration shall be conducted in Santa Clara County before a single neutral JAMS arbitrator appointed in accordance with the Arbitration Rules.  Unless the parties agree otherwise, the neutral arbitrator shall be a former or retired judge of any California state or federal court.  The fees and costs of the arbitration, including the Arbitrator and any court reporter transcribing the hearings, will be shared equally by the parties.  The Arbitrator shall award the legal fees, disbursements, and other expenses (including expert witness fees) to the prevailing party in the Arbitration in such amounts as determined by the Arbitrator to be appropriate.  The arbitrator will provide a detailed written statement of decision, which will be part of the arbitration award and admissible in any judicial proceeding to confirm, correct or vacate the award.  If either party refuses to perform any of its obligations under the final arbitration award within thirty (30) days after it is required to be performed under the award, then the other party may enforce the final award in any court of competent jurisdiction in Santa Clara County.  The party seeking enforcement of any arbitration award shall be entitled to an award of all costs, fees and expenses, including reasonable outside attorneys' fees, incurred in enforcing the award, to be paid by the party against whom enforcement is ordered.  Notwithstanding the foregoing, either party may also seek to enforce the arbitration award at any time, but without an automatic entitlement to an award of all costs, fees and expenses, including reasonable outside attorneys' fees, incurred in enforcing the award.  **Each of the parties understands, acknowledge and agrees that, by agreeing to arbitration as provided herein, each of the parties is giving up any right that he or she may have to a trial by judge or jury with regard to the matters which are required to be submitted to mandatory and binding Arbitration pursuant to the terms hereof.  Each of the parties further understands, acknowledges and agrees that other than to the extent permissible pursuant to the California Arbitration Act (Code of Civil Procedure section 1280 *et seq.*) and California law there is no right to an appeal or a review of an Arbitrator's award as there would be a right of appeal or review of a judge or jury's decision.**

**J.   <u>Notices</u>**.

> **<u>Wang/Shi/Wu Entities:</u>**
>
> Harry Wu
> Executive Director
> Laogai Research Foundation
> 1708 Broadfield Lane
> Vienna VA 22182
> Exchange2060@gmail.com
>
>
> **<u>Yahoo! Entities:</u>**
>
> Michael Callahan
> Executive Vice President,
> General Counsel
> Yahoo! Inc.
> 701 First Avenue
> Sunnyvale, CA 94089
> callahan@yahoo-inc.com

**K.   <u>Tax Matters</u>.**   Each party shall be solely responsible for its own tax liabilities, if any, arising in connection with this Agreement.

**L.   <u>Headings</u>.**   Section and paragraph headings contained in this Agreement are for convenience and shall not be considered for any purpose in construing this Agreement.

**M.   <u>Execution by Fax and in Counterparts</u>.**   This Agreement may be executed by fax and in any number of counterparts, which together shall constitute one instrument.

**N.   <u>Predecessors, Successors and Assigns</u>.**   This Agreement shall bind and inure to the benefit only of, and be enforceable only by, the Parties hereto and their respective successors and assigns (and their respective predecessors to the fullest extent permitted by law).   There are no express or implied third party beneficiaries of this Agreement.

**O.   <u>Amendments</u>.**   This Agreement may be amended, modified, canceled, or waived only by written instrument executed by each of the parties.

**P.   <u>Unenforceable Terms</u>.**   If any provision of this Agreement is adjudicated to be unenforceable or invalid for any reason, that part will be severed from the balance of this Agreement, and the validity or enforceability of the remainder of this Agreement will in no way be affected or impaired unless the severed portion was essential to the intended purpose of this Agreement.   If the severed portion was essential to the intended purpose of this Agreement, then the party who was to receive the benefit of the severed portion has the option to void this

9

**1:17-cv-00635-JDB**

Agreement.  The Parties expressly agree that Sections II and III are each essential to the intended purpose of this Agreement.

**Q.  Waiver of Terms.**  A waiver of any term or condition of this Agreement, or breach thereof, will not be deemed to be, and may not be construed as, a waiver of any other term, breach or condition hereof.

**R.  Neutral Construction.**  Each party has cooperated in the drafting and preparation of this Agreement.  Hence, this Agreement will be construed neutrally, and will not be applied more strictly against one party than another.

**S.  Third Party Challenge to Settlement Agreement.**  In the event that any action or proceeding of any type whatsoever is commenced or prosecuted by any person not a party to this Agreement to invalidate, interpret or prevent the validation, enforcement or carrying out of all or any of the provisions of this Agreement, the Parties mutually agree, represent, warrant and covenant to cooperate fully in opposition to such action or proceedings.

**IN WITNESS WHEREOF**, the Parties hereby execute this Agreement, effective as of November 9, 2007.

WANG XIAONING                               YU LING

_____                     _____

SHI TAO                                     GAO QUINSHENG

_____                     _____

10

Agreement. The Parties expressly agree that Sections II and III are each essential to the purpose of this Agreement.

Q. Waiver of Terms. A waiver of any term or condition of this thereof, will not be deemed to be, and may not be construed as, a waiver of any other term or condition hereof.

R. Neutral Construction. Each party has cooperated in the drafting and preparation of this Agreement. Hence, this Agreement will be construed neutrally, and will not be strictly against one party than another.

S. Third Party Challenge to Settlement Agreement. In the event that any proceeding of any type whatsoever is commenced or prosecuted by any person not a party to this to invalidate, interpret or prevent the validation, enforcement or carrying out of the provisions of this Agreement, the Parties mutually agree, represent, warrant and cooperate fully in opposition to such action or proceedings.

**IN WITNESS WHEREOF**, the Parties hereby execute this Agreement, effective as of
November 9, 2007.

WANG XIAONING                                    YU LING

*[signature]* Hxy Wi (A')               *[signature]* Hxy Wi (W)

SHI                                              GAO
TAO                                              QUINSHENG

*[signature]* Hxy Wi (AP')              *[signature]* Hxy Wi (W)

1:17-cv-00635-JDB

HARRY WU                                      LAOGAI RESEARCH FOUNDATION


_Hing Wu_                                     By _Hing Wu_

                                             Its _EXECUTIVE DIRECTOR_


YAHOO!, INC.                                  YAHOO! HONG KONG LTD.

By _____               By _Michael A. Samway_
   Jerry Yang, Chief Executive Officer
                                             Its _DIRECTOR_


11

**1:17-cv-00635-JDB**

to:

Mr. Daniel Feldman

Four pages:

1. Power of Attorney Mrs. Yu Ling to Harry Wu

2. Power of Attorney Mrs. Gao Qensheng to Harry Wu

3. Revoke of Power of Attorney Mrs. Yu to Mr. Morton Sklar

4. Revoke of Power of Attorney Mrs. Gao to Mr. Morton Sklar

Send by office of Harry Wu

11/12/2007

## Power of Attorney

I, Ling YU, hereby authorize Mr. Harry Hongda WU, SSN: 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, 1708 Broadfield Lane, Vienne, VA 22182, USA, to have the power of attorney regarding the matter of my and my husband, Wang Xiaoning's, legal settlement with Yahoo! Inc. This document is effective as dated.

Fairfax, VA, November 8, 2007
Signed in the presence of the notary officer.

Ling YU        *yuling*        俞陵

I hereby certify that I know Mrs. Ling YU, (based on the passport she presented to me as confirmation). Ling YU is her true name. She understands and is eligible to make said authorization.

Notary Officer 

授权书

Commonwealth of Virginia
County of _Fairfax_
Subscribed and sworn to (or affirmed) before me
this ___8___ day of _November, 2007_
by _Ling YU_
Personally known ___ or produced identification _X_
Type ID produced _Passport Republic of china_
_Hula I Zein_
Notary Public

我，俞陵，认定吴弘达（HARRY HONGDA WU），1708 Broadfield Lane，ViennaVA22182，USA，在我和我丈夫王小宁跟 YAHOO 公司的法律与行政事务上，为我的全权代理人。这份授权书即日起生效。

2007 年 11 月 8 日 于华盛顿，在公证律师前签字。

俞陵，YU LING        俞陵

兹证明，
我认识俞陵（基于她提供的旅行护照为证明），她的名字属实，她了解并有能力授权。签字之后，此文件即代表她本人生效。

公证律师（公章）

**1:17-cv-00635-JDB**

## Power of Attorney

I, Qinsheng Gao, hereby authorize Mr. Harry Hongda WU, SSN: 556~87-1773, 1708 Broadfield Lane, Vienne, VA 22182, USA, to have the power of attorney regarding the matter of my and my son, Shi Tao's, legal settlement with Yahoo! Inc. This document is effective as dated.

Fairfax, VA, November 8, 2007
Signed in the presence of the notary officer.

Qinsheng Gao    GAO QINSHENG  高琴声

I hereby certify that I know Mrs. Qinsheng Gao, (based on the passport she presented to me as confirmation). Qinsheng Gao is her true name. She understands and is eligible to make said authorization.



Notary Officer

授权书

Commonwealth of Virginia
County of _Fairfax_
Subscribed and sworn to (or affirmed) before me
this __8__ day of _November_, _2007_
by _Hala I. Zein, Qinsheng Gao_
Personally known ___ OR produced identification _X_
Type ID produced _Passport Republic of China_
_Hala I. Zein_
Notary Public

我，高琴声，认定吴弘达（HARRY HONGDA WU），1708 Broadfield Lane，ViennaVA22182，USA，在我和我儿子师涛跟 YAHOO 公司的法律与行政事务上，为我的全权代理人。这份授权书即日起生效。

2007 年 11 月 8 日 于华盛顿，在公证律师前签字。

高琴声，  GAO QINSHENG    高琴声

兹证明，
我认识高琴声（基于她提供的旅行护照为证明），她的名字属实，她了解并有能力授权。签字之后，此文件即代表她本人生效。

公证律师（公章）

# Revoke of Power of Attorney

I, YU LING of No. 30, Shen qu, Baiwanzhuang, Xicheng District, Beijing, China
 hereby revoke the power of attorney to Mr. Morton Sklar and the World Organization for Human Rights USA as my legally authorized representative and agent to act for me and my husband, Wang, Xiaoning, in all the lawful matters against Yahoo!, Inc. and its subsidiaries, agents, and officers, including Alibaba, Inc..

The power of attorney is effective as dated.

Signed and sworn to before a Notary Public, November 8th, 2007, Fairfax, Virginia.

Yu, Ling

This is to certify that Yu Ling personally known to me (or proved to me on the basis of satifactory evidence ) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Signature

Commonwealth of Virginia
County of Fairfax
Subscribed and sworn to (or affirmed) before me
this ____ 8 ____ day of November, 2007
by Ling Yu
Personally known ____ OR produced identification X
Type ID produced Passport Republic of China
____ Hala I. Zein ____
Notary Public

HALA I. ZEIN
NOTARY PUBLIC
REG #
365692
COMMISSION
EXPIRES
1/31/2009
COMMONWEALTH OF VIRGINIA

## Revoke of Power of Attorney

I, GAO Qinsheng of No. 408, Yuwei Yizu, Lingyuan, Huamachizhen, Yanchi County, Ningxia Province, China

hereby revoke the power of attorney to Mr. Morton Sklar and the World Organization for Human Rights USA as my legally authorized representative and agent to act for me and my son, Shi Tao, in all the lawful matters against Yahoo!, Inc. and its subsidiaries, agents, and officers, including Alibaba, Inc..

The power of attorney is effective as dated.

Signed and sworn to before a Notary Public, November 8th, 2007, Fairfax, Virginia.

GAO Qinsheng     GAO QINSHENG     高琴声

This is to certify that GAO Qinsheng personally known to me (or proved to me on the basis of satifactory evidence ) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Signature_____

Commonwealth of Virginia
County of _____
Subscribed and sworn to (or affirmed) before me
this _____ day of November, 2007
by Qinsheng Gao
Personally known ___ OR produced identification ___
Type ID produced Passport  Republic of China
                                        Notary Public

HALA I. ZEIN
NOTARY PUBLIC
REG #
365692
COMMISSION
EXPIRES
1/31/2009
COMMONWEALTH OF VIRGINIA

**1:17-cv-00635-JDB**