# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                              Plaintiffs,

                v.

YAHOO! INC., *et al.*,

                              Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

## DEFINITIONS AND INSTRUCTIONS FOR PLAINTIFFS' DISCOVERY REQUESTS

To streamline discovery and to reduce waste and redundancy, Plaintiffs provide the below definitions and instructions for its discovery requests in this action. These definitions and instructions apply to all of Plaintiffs' discovery requests unless Plaintiffs state otherwise.

## DEFINITIONS

1.      "2007 Lawsuit" means the action captioned *Wang Xiaoning, Shi Tao, Yu Ling et al. v. Yahoo!, Inc. et al.*, No. 07-02151-CW (N.D. Cal.).

2.      "2007 Settlement" means the settlement of the 2007 Lawsuit.

3.      "All," "any," and "each" should each be construed as encompassing any and all.

4.      "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

7.      "Defendants" means Oath Holdings, Inc., Michael Callahan, Ronald Bell, the Estate of Harry Wu, the Laogai Human Rights Organization, the Laogai Research Foundation, the Laogai

1

Research Foundation-CA, any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Employee" means, without limitation, current and former officers, directors, executives, managers, analysts, supervisors, department heads, sales personnel, secretaries, clerical staff, messengers, agents, attorneys, representatives, or any person acting or authorized to act on behalf of Defendants.

10.     "Humanitarian purpose" means the Yahoo Human Rights Fund's purpose of providing humanitarian and legal assistance primarily to persons in or from the People's Republic of China who have been imprisoned for expressing their views through internet-based mediums.

11.     "Laogai Research Foundation" means both the Laogai Research Foundation and the Laogai Research Foundation-CA, any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

12.     "Laogai Defendants" means the Laogai Human Rights Organization, the Laogai Research Foundation, the Laogai Research Foundation-CA, any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

2

13.     "LHRO" means Laogai Human Rights Organization, any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

14.     "LRF" means the Laogai Research Foundation, the Laogai Research Foundation-CA, any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

15.     "Verizon" means Verizon Communications, Inc., any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

16.     "Yahoo" means Oath Holdings, Inc., any current or former aliases, code names, trade names, or business names used by any of the foregoing, and any of their parent entities, U.S. and non-U.S. subsidiaries, divisions, affiliates, predecessors, successors, officers, directors, employees, agents, partners, limited partners, and independent contractors.

17.     "Yahoo Defendants" means Yahoo, Michael Callahan, and Ronald Bell.

18.     "Yahoo Human Rights Fund" means the fund created in connection with the 2007 Settlement.

19.     "You" or "your" means the Defendant to whom a discovery request is directed, as indicated by the title of the request.

INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1.      Please refer to Federal Rule of Civil Procedure 34 and consider it part of these instructions. All documents produced for inspection shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the categories in the particular document requests, as required by Federal Rule of Civil Procedure 34(b). Documents attached to one another shall not be separated for production, the sequence of the documents shall not be disturbed from the condition in which they are normally kept, and all folders and containers for the documents shall be produced as well as the documents in the folders and containers.

2.      You are requested to produce all documents within your possession, custody, or control, including without limitation documents in storage or in the possession of your professional or business advisors, such as your attorneys, investigators, brokers, investment advisors, and accountants, or in the possession of your or their agents, employees, or representatives.

3.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

4.      Any alteration of a requested document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document, is a separate and distinct document and it should be produced.

5.      If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

6.      If a document responsive to these requests was at any time in Defendants' possession, custody or control but now is no longer available for production, as to each such document state the following information:

a.      Whether the document is missing or lost;

b.      Whether it has been destroyed;

c.      Whether the document has been transferred or delivered to another person or entity and, if so, at whose request;

d.      Whether the document has been otherwise disposed of; and

e.      A precise statement of the circumstances surrounding the disposition of the document and the date of the document's disposition.

7.      The documents produced in response to these requests should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and are being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business.

8.      Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

9.      With respect to any documents called for by these requests but withheld due to a claim of privilege or for any other reason, each such document should be preserved and identified by stating the following:

a.       generic description (*e.g.*, "letter," "memo," "note," *etc.*);

b.       general subject matter;

c.       date;

d.       author;

e.       person or persons for whom it was prepared and to whom it was sent; and

f.       the nature and basis of the privilege or other reason given for withholding such document.

10.       For documents that originated in paper format, the following specifications should be used for their production:

a.       images should be produced as single page TIFF group IV format imaged at 300dpi;

b.       each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001);

c.       media may be delivered on CDs, DVDs or external USB hard drives. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001);

d.       each delivery should be accompanied by an image cross reference file that contains document breaks;

e.       a delimited text file that contains available fielded data should also be included and at a minimum include Beginning Bates Number, Ending Bates Number, Custodian and Number of Pages. The delimiters for that file should be:

i.       Field Separator: "|"

ii.       Quote Character: "~"

        iii.        Multi-Entry Delimiter: ";"

f.      to the extent that documents have been run through Optical Character Recognition (OCR) Software in the course of reviewing the documents for production, full text should also be delivered for each document. Text should be delivered on a document level in an appropriately formatted text file (.txt) that is named to match the first Bates number of the document; and

g.      a text cross-reference load file should also be included with the production delivery that lists the beginning Bates number of the document and the relative path to the text file for that document on the production media.

11.     Electronic documents should be produced in such fashion as to identify the location (*i.e.*, the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored). If the storage location was a file share or work group folder, that should be specified as well.

12.     Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

13.     For standard documents, emails, and presentations originating in electronic form, documents should be produced as TIFF images using the same specifications above with the following exceptions:

        a.  Provide a delimited text file (using the delimiters detailed above) containing the following extracted metadata fields:

            1.      Beginning Production Number

            2.      Ending Production Number

3.      Beginning Attachment Range

4.      Ending Attachment Range

5.      Custodian

6.      Original Location Path

7.      Email Folder Path

8.      Document Type

9.      Author

10.     File Name

11.     File Size

12.     MD5 Hash

13.     Date Last Modified

14.     Date Created

15.     Date Last Accessed

16.     Date Sent

17.     Date Received

18.     Recipients

19.     Copyees

20.     Blind Copyees

21.     Email Subject

22.     Path to Native File

b.  Extracted full text (not OCR text) should also be delivered for each electronic document. The extracted full text should be delivered on a document level according to the specifications above for paper documents.

    c.   foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language;

    d.   all spreadsheets should be produced in their native format and in the order that they were stored in the ordinary course of business, *i.e.*, emails that attach spreadsheets should not be separated from each other and should be linked using the Attachment Range fields above. The original file name should be prepended with the document Bates number. The extractable metadata and text should be produced in the same manner as other documents that originated in electronic form; and

14.    Generally, databases should be produced in a mutually-agreeable data exchange format. To determine the databases that are relevant to the document requests, a list of databases and systems used to manage relevant data should be provided with the following information:

    1.    Database Name

    2.    Type of Database

    3.    Software Platform

    4.    Software Version

    5.    Business Purpose

    6.    Users

    7.    Size in Gigabytes

    8.    A List of Standard Reports

    9.    Database Owner or Administrator's Name

    10.   Field List

    11.   Field Definitions (including field type, size and use)

Upon review of the list, Plaintiffs will meet and confer with Defendants on the data to be produced from each source, if any, and the form(s) of the production thereof.

15. Each page of a produced document shall have a legible, unique page identifier ("Production Number") and confidentiality legend (where applicable) electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. No other legend or stamp should be placed on the document image other than the Production Number, confidentiality legend (where applicable), and redactions addressed above.

16. All requests for production are continuing in nature and any documents that should come into your possession, custody or control after your initial production are hereby requested and should be produced without the need to supplement this request.

TIME PERIOD

Unless otherwise specified, all discovery requests refer to the period January 1, 2007 to the present, and includes items concerning such period or events occurring or projected to occur in such period, even if the items were prepared, published, or dated before that period.

Dated: July 2, 2020

NORTH RIVER LAW PLLC
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al.*, | |
| Plaintiffs, | No. 1:17-0635-JDB |
| | Judge John D. Bates |
| v. | |
| YAHOO! INC., *et al.*, | |
| Defendants. | |

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MICHAEL CALLAHAN

To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously provided a set of definitions and instructions for its discovery requests in this action. Unless otherwise stated, those definitions and instructions apply here.

INTERROGATORIES

1.      Describe any and all steps you have taken to protect the Yahoo Human Rights Fund's humanitarian purpose, and to prevent the Yahoo Human Rights Fund from being depleted to the detriment of that purpose, including, but not limited to, any and all steps taken to prevent Harry Wu, the Laogai Research Foundation, the Laogai Human Rights Organization, or anyone else, from engaging in improper self-dealing or otherwise spending the Yahoo Human Rights Fund in a fashion that did not conform with that purpose.

2.      Identify the name, address, and contact information of all those who you contend currently possess or previously possessed either legal or equitable title to the Yahoo Human Rights Fund, and specify whether you contend those persons possessed legal title, equitable title, or both, as well as the time periods during which you contend they possessed such title.

1

Dated: July 2, 2020

Respectfully submitted,

NORTH RIVER LAW PLLC
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                Plaintiffs,

        v.

YAHOO! INC., *et al.*,

                Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO MICHAEL CALLAHAN

      To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously provided a set of definitions and instructions for its discovery requests in this action. Unless otherwise stated, those definitions and instructions apply here.

INTERROGATORIES

      1.     Describe any and all steps you have taken to protect the Yahoo Human Rights Fund's humanitarian purpose, and to prevent the Yahoo Human Rights Fund from being depleted to the detriment of that purpose, including, but not limited to, any and all steps taken to prevent Harry Wu, the Laogai Research Foundation, the Laogai Human Rights Organization, or anyone else, from engaging in improper self-dealing or otherwise spending the Yahoo Human Rights Fund in a fashion that did not conform with that purpose.

      2.     Identify the name, address, and contact information of all those who you contend currently possess or previously possessed either legal or equitable title to the Yahoo Human Rights Fund, and specify whether you contend those persons possessed legal title, equitable title, or both, as well as the time periods during which you contend they possessed such title.

1

Dated: July 2, 2020

Respectfully submitted,

NORTH RIVER LAW PLLC
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                    Plaintiffs,

          v.

YAHOO! INC., *et al.*,

                    Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO YAHOO

To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously provided a set of definitions and instructions for its discovery requests in this action. Unless otherwise stated, those definitions and instructions apply here.

## INTERROGATORIES

1.     Describe any and all steps you have taken to protect the Yahoo Human Rights Fund's humanitarian purpose, and to prevent the Yahoo Human Rights Fund from being depleted to the detriment of that purpose, including, but not limited to, any and all steps taken to prevent Harry Wu, the Laogai Research Foundation, the Laogai Human Rights Organization, or anyone else, from engaging in improper self-dealing or otherwise spending the Yahoo Human Rights Fund in a fashion that did not conform with that purpose, and including steps you have taken after the sale of Yahoo! Inc.'s operating business to Verizon Communications Inc., one result of which was that, according to Yahoo! Inc., "the Yahoo Human Rights Fund is now administered by Verizon."

2.     Identify the name, address, and contact information of all those who you contend currently possess or previously possessed either legal or equitable title to the Yahoo Human Rights Fund, and specify whether you contend those persons possessed legal title, equitable title, or both, as well as the time periods during which you contend they possessed such title.

1

Dated: July 2, 2020      Respectfully submitted,

           NORTH RIVER LAW PLLC
           */s/ Times Wang*
           Times Wang (D.C. Bar 1025389)
           1300 I Street NW, Suite 400E
           Washington, DC 20005
           Telephone: (202) 838-6489
           twang@northriverlaw.com

           *Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                    Plaintiffs,

          v.

YAHOO! INC., *et al.*,

                    Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO MICHAEL CALLAHAN

To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously provided a set of definitions and instructions for its discovery requests in this action. Unless otherwise stated, those definitions and instructions apply here.

DOCUMENTS REQUESTED

1.     All documents and communications concerning the Yahoo Human Rights Fund.

2.     All documents and communications concerning the Yahoo Irrevocable Human Rights Trust 2009.

3.     All documents and communications concerning Harry Wu.

4.     All documents and communications concerning the Laogai Research Foundation.

5.     All documents and communications concerning the Laogai Human Rights Organization.

6.     All documents and communications concerning the 2007 Settlement.

7.     All documents and communications concerning any purported amendments to the 2007 Settlement.

8.     All insurance policies that provide or may provide coverage to you with respect to the claims in this lawsuit.

1

Dated: July 2, 2020    Respectfully submitted,

        NORTH RIVER LAW PLLC
        */s/ Times Wang*
        Times Wang (D.C. Bar 1025389)
        1300 I Street NW, Suite 400E
        Washington, DC 20005
        Telephone: (202) 838-6489
        twang@northriverlaw.com

        *Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

                    Plaintiffs,

          v.

YAHOO! INC., *et al.*,

                    Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO RONALD BELL

          To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously

provided a set of definitions and instructions for its discovery requests in this action. Unless

otherwise stated, those definitions and instructions apply here.

DOCUMENTS REQUESTED

          1.        All documents and communications concerning the Yahoo Human Rights Fund.

          2.        All documents and communications concerning the Yahoo Irrevocable Human Rights

Trust 2009.

          3.        All documents and communications concerning Harry Wu.

          4.        All documents and communications concerning the Laogai Research Foundation.

          5.        All documents and communications concerning the Laogai Human Rights

Organization.

          6.        All documents and communications concerning the 2007 Settlement.

          7.        All documents and communications concerning any purported amendments to the

2007 Settlement.

          8.        All insurance policies that provide or may provide coverage to you with respect to the

claims in this lawsuit.

1

Dated: July 2, 2020

Respectfully submitted,

NORTH RIVER LAW PLLC
/s/ Times Wang
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

              Plaintiffs,

      v.

YAHOO! INC., *et al.*,

              Defendants.

No. 1:17-0635-JDB

Judge John D. Bates

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO YAHOO

To streamline discovery and to reduce waste and redundancy, Plaintiffs have previously provided a set of definitions and instructions for its discovery requests in this action. Unless otherwise stated, those definitions and instructions apply here.

## DOCUMENTS REQUESTED

1.      All documents and communications concerning the Yahoo Human Rights Fund.

2.      All documents and communications concerning the Yahoo Irrevocable Human Rights Trust 2009.

3.      All documents and communications concerning the sale of Yahoo! Inc.'s operating business to Verizon Communications Inc. as it related to the Yahoo Human Rights Fund, including the fact that, according to Yahoo! Inc., one result of that sale was that "the Yahoo Human Rights Fund is now being administered by Verizon."

4.      All documents and communications concerning Harry Wu.

5.      All documents and communications concerning the Laogai Research Foundation.

6.      All documents and communications concerning the Laogai Human Rights Organization.

7.      All documents and communications concerning the 2007 Settlement.

8.      All documents and communications concerning any purported amendments to the 2007 Settlement.

9.      Documents sufficient to identify your policies, procedures, and practices relating to the preservation, retention, or destruction of documents or electronically-stored information.

10.      All insurance policies that provide or may provide coverage to you or your employees, officers and/or directors with respect to the claims in this lawsuit.

Dated: July 2, 2020                    Respectfully submitted,

NORTH RIVER LAW PLLC
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for plaintiffs*