UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

He Depu, *et al.*,

          Plaintiffs,

    v.

Oath Holdings, Inc., *et al.*,

          Defendants.

No. 1:17-00635-RDM

Judge Randolph D. Moss

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER
ORDER STAYING DISCOVERY[1]**

In opposing reconsideration of the stay order, Defendants concede that Plaintiffs were denied a response to the Laogai Defendants' motion for a stay, which denial was the basis for Plaintiffs' reconsideration request.[2] *See* Dkt. 78; *cf.* Dkts. 82, 84, and 86. They also effectively concede that the revocability argument underlying the Laogai Defendants' stay request is weak and unlikely to succeed (an assessment doubly confirmed by the complete lack of any supporting case law for that argument in the reply dismissal briefs submitted by the Laogai Defendants and the Wu Estate).

This case has been delayed for years while Plaintiffs successfully reversed its dismissal before the D.C. Circuit—only to be confronted with new and even more spurious dismissal arguments that could have been raised earlier. Justice delayed is justice denied, and the injustice of sustained

---

[1] Because the combined submissions for this motion total 37 pages, it appears courtesy copies are not required under Section 6 of the Court's Standing Order. Dkt. 80 at 3 (directing moving party to submit courtesy copies "[f]or motions for which the total combined submissions from both parties … exceeds one hundred pages in total length").

[2] Accordingly, Plaintiffs respectfully submit that the admonitions about raising previously rejected or previously available arguments by way of a reconsideration motion set forth in Section 11 of the Standing Order do not apply. Dkt. 80 at 5 (noting that the Court will not entertain previously rejected or previously available arguments by way of reconsideration).

1

pilfering of humanitarian trust funds has gone on long enough, especially considering Defendants do not dispute the profound injustice of that pilfering.

Meanwhile, it unfortunately appears there is no way to get Defendants to account for their roles in perpetrating and perpetuating that injustice except through the pressure of litigation, including discovery, which they are so desperate to avoid. Meanwhile, the injustice deepens with each passing day—even with the stay in place—as Plaintiffs cannot begin to uncover what has happened to these humanitarian trust funds until discovery commences. Nor can Plaintiffs rule out that these funds are *still* being improperly spent, and potentially in large amounts, while discovery is stayed. Plaintiffs' alternative efforts to obtain answers on these issues have been met with silence by Defendants.

For these reasons, Plaintiffs respectfully request reconsideration of the discovery stay.

Dated: August 20, 2020

Respectfully submitted,

**NORTH RIVER LAW PLLC**
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

*Counsel for Plaintiffs*