UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>OATH HOLDINGS, INC., *et al.*,<br><br>　　　　　　Defendants. | No. 1:17-0635-RDM<br><br>Judge Randolph D. Moss |

**NOTICE OF REQUEST FOR PRE-MOTION CONFERENCE**

Defendant Michael Callahan, through counsel and pursuant to Standing Order Rule 10, files this Notice of Request for Pre-Motion Conference to hold a conference regarding Mr. Callahan's request for leave to file a Motion for Summary Judgment under Local Civil Rule 7(h) and Federal Rule of Civil Procedure 56.  Mr. Callahan requests leave to file the Motion now, and proposes to do so within 14 days of the Court's entry of an order granting leave.

**GROUNDS FOR ANTICIPATED MOTION**

Mr. Callahan's Motion for Summary Judgment will address all claims from all Plaintiffs, and will consist primarily of two arguments: first, the claims of all Plaintiffs are time-barred by District of Columbia law; and second, to the extent his claims are not time-barred, Plaintiff Xu Wanping ("Wanping") lacks Article III standing to bring his claims against Mr. Callahan.

Statute of Limitations.  D.C. Code § 19-1310.05(c) provides that "a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within 3 years after the first to occur of: (1) [t]he removal, resignation, or death of the trustee; (2) [t]he termination of the beneficiary's interest in the trust; or (3) [t]he termination of trust."

1

To the extent Plaintiffs claim that Mr. Callahan was a trustee (which he was not), they were required to bring their claims against him by no later than at least July 9, 2015, three years after his resignation from Yahoo.  The undisputed evidence in this case shows that Mr. Callahan resigned all positions with Yahoo on or about July 9, 2012 and has no knowledge of, or involvement in, any activity concerning the Yahoo Human Rights Fund ("YHRF") following that date.  *See* Def. Michael Callahan's Second Am. Responses to Pls.' First Set of Interrogatories to Michael Callahan, Ex 1.  Plaintiffs also acknowledged in the Second Amended Complaint that Mr. Callahan is no longer a trustee (assuming he ever was), which the Court noted in its March 22, 2021 opinion.  Doc. 93 at 27-28.

Plaintiffs filed their complaint on April 17, 2017, almost five years after Mr. Callahan resigned from Yahoo.  And the undisputed evidence developed in discovery shows that neither of the "limited exceptions" to this Court's "strict application of statutes of limitations"—the lulling doctrine or the discovery rule—apply.  *East v. Graphic Arts Indus. Joint Pension Tr.*, 718 A.2d 153, 156 (D.C. 1998); *see also* Second Am. Compl. ¶¶ 10-14 (alleging release dates from prison no later than 2012 for all Plaintiffs except Wanping).  Accordingly, Plaintiffs' claims against Mr. Callahan are time-barred by § 19-1310.05(c).

Lack of Standing.  If Plaintiff Wanping's claim is found not to be time-barred (because he was allegedly in prison until April 29, 2014), his claims fail for lack of standing because he has not shown that Mr. Callahan took any action to cause him a concrete, particularized, redressable injury.  In fact, Wanping's deposition testimony conclusively established his lack of standing as to Mr. Callahan.  Tr. at 83-84, Ex. 2.  Mr. Callahan's involvement in the alleged actions relevant to this case concluded (as noted above) in July 2012, years before Plaintiff Wanping's application for a humanitarian grant was allegedly denied.  *See* Second Am. Compl. ¶ 15 ("In early 2016, Xu

2

W. applied for funding from the Trust. Defendant Harry Wu responded in March 2016, informing Xu W. that the LRF had deliberated the matter, concluded that the Trust's humanitarian purpose should be terminated, and that that purpose was, in fact, terminated."). Discovery has also shown that Plaintiff Wanping never communicated with Mr. Callahan in any fashion, further evidencing the lack of any link between Mr. Callahan and Plaintiff Wanping's alleged injury. *See* Pls.' Supp. Objections and Responses to Oath Holdings, Inc.'s Third Set of Requests for Production and Second Set of Interrogatories, No. 15, Ex. 3; *Muir v. Navy Fed. Credit Union*, 366 F. Supp. 2d 1, 2 (D.D.C. 2005) (holding that while plaintiff had sufficiently alleged an injury against the bank—the loss of $27,000—that injury could not be traceable to a debt collector, who the court dismissed for lack of standing).

  Ripeness. Mr. Callahan's summary judgment motion is ripe now because the parties have progressed substantially far into discovery and, as to Callahan and the grounds for his motion, the record is complete. Put differently, there are no "additional facts that would guide the Court's decision as to the merits of" Plaintiffs' claims against Mr. Callahan on the issues that form the basis of the proposed summary judgment motion. *Bynum v. District of Columbia*, 215 F.R.D. 1, 2 (D.D.C. 2003). Further exchange of documents (which is substantially complete in any event), interrogatories, or depositions will not change when Mr. Callahan resigned from Yahoo or when Plaintiffs filed their lawsuit, nor will it resuscitate Mr. Callahan's lack of connection to Plaintiff Wanping's alleged injury. *See Nnadili v. Chevron U.S.A., Inc.*, 435 F. Supp. 2d 93 (D.D.C. 2006) (ruling on motion for summary judgment before close of discovery, but where record as to issues raised in motion was fully developed). Mr. Callahan need not incur additional time defending against Plaintiffs' indisputably time-barred and deficient claims. Thus, it is appropriate for this Court to adjudicate his Motion for Summary Judgment at this stage. *See also* Fed. R. Civ. P. 56(b)

("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

## CONCLUSION

For these reasons, Mr. Callahan respectfully requests that this Court permit him to file a Motion for Summary Judgment now.[1]

Dated:  November 14, 2022

Respectfully submitted,

**McGuireWoods LLP**

*/s/ Brandi G. Howard*
Brandi G. Howard (D.C. Bar 156135)
888 16th Street, NW
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-1700
bhoward@mcguirewoods.com

Brian E. Pumphrey (admitted *pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7745
bpumphrey@mcguirewoods.com

*Counsel for Defendant Oath Holdings, Inc., Ronald Bell, and Michael Callahan*

---

[1] Plaintiffs have stated their intent to depose Mr. Callahan on issues concerning breach of the "Trust" as well as damages.  Those issues are not relevant to the proposed Motion for Summary Judgment.  In any event, if Plaintiffs wish to proceed with this deposition while the Motion is pending, Mr. Callahan does not object.

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, the foregoing document were served via email to the following:

**NORTH RIVER LAW PLLC**
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

**SLARSKEY LLC**
David Slarskey, Esq.
Evan Fried, Esq.
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com
*Counsel for Plaintiffs*

**PERRY CHARNOFF PLLC**
Mikhael D. Charnoff (D.C. Bar 476583)
Scott Michael Perry (D.C. Bar 459841)
Anastasia Uzilevskaya (D.C. Bar 1620214)
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
Telephone: 703-291-6650
mike@perrycharnoff.com
scott@perrycharnoff.com
anastasia@perrycharnoff.com
*Counsel for Defendant Estate of Harry Wu*

**IMPRESA LEGAL GROUP**
George E. Kostel (D.C. Bar 1000015)
David I. Bledsoe (D.C. Bar 422596)
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Telephone: (703) 842-0660
georgekostel@impresalegal.com
davidbledsoe@impresalegal.com

**LAW FIRM OF WILLIAM BLAKELY**
William Douglas Blakely (D.C. Bar 326793)
10908 Thimbleberry Ln
Great Falls, VA 22066
Telephone: (703) 430-4398
wblakely@williamblakelylaw.com

*Counsel for Defendants Laogai Research Foundation and*
*Laogai Human Rights Organization*

  */s/ Brandi G. Howard*
  Brandi G. Howard