UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

        Plaintiffs,

v.

OATH HOLDINGS, INC., *et al.*,

        Defendants.

No. 1:17-0635-RDM

Judge Randolph D. Moss

**DEFENDANTS MICHAEL CALLAHAN, RONALD BELL,
AND OATH HOLDINGS, INC.'s OPPOSITION TO PRIVILEGE CLAIMS
REGARDING YAXUE CAO-RITTERS'S DOCUMENTS**

Defendants Michael Callahan, Ronald Bell, and Oath Holdings, Inc. (the "Yahoo Defendants") have a substantial need to obtain purportedly work-product protected documents exchanged between Plaintiffs and the principal architect of this litigation, Yaxue Cao-Ritter, that contain facts central to this dispute ("Cao Documents").[1]

Plaintiffs assert that Ms. Cao was their sole agent and contact, responsible for understanding their allegations, recruiting participants, translating their communications, organizing strategy sessions, and explaining to Plaintiffs what they needed to do to bring suit. But the Yahoo Defendants have learned that, at some point during the course of their relationship, false and inconsistent information appears to have been exchanged among this group. That information, in turn, goes to live standing issues.[2] Given Ms. Cao's central role and the description of the Cao Documents from Plaintiffs' privilege logs, those materials should be provided to Defendants.

## BACKGROUND

Dismissing the First Amended Complaint in part, the Court found that "six of the seven Beneficiary Plaintiffs have not alleged that they have submitted an application for funding that was denied," and thus that those Plaintiffs lacked Article III standing, 306 F. Supp. 3d at 191 n.9. In response, Plaintiffs alleged in the Second Amended Complaint ("SAC") that they had *all* applied for funding. SAC ¶¶ 10-15. However, during his deposition, Plaintiff Ouyang Yi admitted that the allegation that he "previously applied to and received funding from the Trust," SAC ¶ 13, was false. *See* Ex. 1, Yi Tr. at 29:19 ("I never applied for any fund"), 31:14-21.[3] Despite testifying that he reviewed and approved of a Mandarin version of the SAC, and that he had no questions

---

[1] The Yahoo Defendants do not concede that these materials are protected or privileged, and adopt in this respect the arguments of their Laogai co-Defendants.
[2] As this Court has explained on several occasions, Plaintiffs must prove that they have both Article III and charitable trust standing. *See* ECF 41 at n.9; ECF 137 at 41.
[3] Plaintiffs did not object to any of the questions or translations of testimony included in this Opposition.

1

after this review (Ex. 1 at 19:6-20:18), Mr. Yi claimed he simply "did not discover the error[s]" in *the only paragraph* of the SAC setting forth allegations particular to his claims.[4] *Id.*

The Yahoo Defendants also asked Plaintiff Xu Wanping about the factual basis for charitable trust standing. Mr. Wanping testified that his "main understanding is that the number of people are quite a lot . . . . There's quite a lot" of people imprisoned in China for expressing their views on the internet. Ex. 2, Wanping Tr. 105:21-106:3. As Plaintiffs have argued, their "understanding" about relevant facts has been filtered through their purported agent, interpreter, and case architect, Ms. Cao. ECF 150-1 at 3-4 (declaration from Mr. Depu stating that "Ms. Cao agreed to help us in various ways," including providing translations, "further investigat[ion] of the YHRF," making "suggestions to us on how to proceed" based "on her investigation and inquiries," and shifting the "goals" of the lawsuit "based on new facts gleaned from our investigation").

Given this, it is unsurprising that the privilege logs produced by Plaintiffs reveal that Mr. Yi, Mr. Wanping, and other Plaintiffs had regular and repeated discussions with Ms. Cao about the factual circumstances underpinning their claims. *See* Ex. 3, Pls. 2/2/23 Priv. Log, Row 25 (email from He Depu to Ms. Cao from December 2015 titled, "The situation of Ouyang Yi and Yang Zili"); Ex. 4, Pls. 10/4/22 Priv. Log Row 1798-1799 (Mr. Yi requesting corrections to some unknown document); *see generally* Ex. 3; Ex. 4.

## LEGAL STANDARD

Rule 26(b)(3)(A) permits a party to discover fact-based attorney work product of another party if the materials at issue are discoverable under Rule 26(b)(1) and the moving party has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain

---

[4] Mr. Yi confirmed the SAC also erroneously asserts that he was released from prison in 2006, when in fact he was released from prison in 2004. The issue of when certain Plaintiffs were released from prison is also dispositive of certain Plaintiffs' causes of action. ECF 139.

2

those materials by other means. Under Rule 26(b)(3)(a), a moving party meets its burden "if it demonstrates that the materials are relevant to the case, the materials have a unique value apart from those already in the movant's possession, and 'special circumstances' excuse the movant's failure to obtain the requested materials itself." *F.T.C. v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 155 (D.C. Cir. 2015). "[N]o heightened showing of relevance is required" to obtain factual work product. And, because "fact work product that is unavailable elsewhere may be discovered if it is admissible or could 'give clues as to the existence or location of relevant facts,'" the required Rule 26(b)(3)(A) showing is "remarkably similar to the relevance standard under Rule 26(b)(1)." *Id.* at 156 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). "Indeed, a mere relevance requirement is consonant with *Hickman*'s statement that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Id.*

## ARGUMENT

The Cao Documents concern the basis of Plaintiffs' claims, their understanding of relief sought and who might be eligible to receive funds from the Fund, the questions Plaintiffs and Ms. Cao had in purportedly anticipating and preparing for suit, corrections to litigation-related documents, and whether Plaintiffs actually applied to the Fund. *See* ECF 150 at 3-4 (explaining that parties agreed with Cao that "their main goal was not to obtain damages payable to the plaintiffs personally")[5]; Ex. 3, Row 55 (12/15 email titled, "A private question" from Ms. Cao to Mr. Depu), Row 67 (01/16 email titled "Fwd_Application received" from Mr. Depu to Ms. Cao); Ex. 4, Row 1798-1799 (corrections made by Mr. Yi). They are thus relevant.

The Cao Documents have unique value apart from those in the Yahoo Defendants' possession. Regarding Article III standing, Ms. Cao must have communicated with Plaintiffs

---

[5] Here again, Mr. Yi testified in part to the contrary. Ex. 1 at 59:17-60:3 ("First *I would like to get my deserved compensation*. . . . . Q: So you are seeking money damages from the defendants in this case? A: Yes; *I need that*.").

3

about two things that were false: first, that Mr. Yi applied to the fund (he did not); and second, that Mr. Yi was released from prison in 2006 (it was 2004). These are the sort of factual matters addressed in the Cao Documents. *See* Ex. 4, Rows 180-220, 267-285, 644-664, 834-864, 1798-1799.

With respect to charitable trust standing, Mr. Wanping testified his "understanding" of the number of individuals imprisoned in China—a key part of the beneficiary criteria, and a fact directly tied to charitable trust standing—was "quite a lot," while Mr. Yi could not venture a guess. *See* Ex. 2 at 105:21-106:3; Ex. 1 at 53:7-19. Here, too, the Cao Documents also appear to discuss the basis of Plaintiffs' understanding in this respect. *See* Ex. 3, Row 109 ("communication on legal research" discussing alleged fraud related to "charitable assets").

Finally, the Cao Documents are the only source of information related to the accuracy of alleged facts provided by Plaintiffs to Ms. Cao for use in Plaintiffs' pleadings, and the only source of information related to Plaintiffs' understanding of the factual basis supporting their claim to have charitable trust standing. No other documents—not even the SAC—reflect the filter through which these understandings (which in two key respects are incorrect or inconsistent) were reached.

This Court and others have found substantial need and undue hardship under similar circumstances. *Mize v. Kai, Inc.*, No. 17-CV-00915-NYW, 2018 WL 1035084, at *8–9 (D. Colo. Feb. 23, 2018) is on point. There, the defendant sought communications between plaintiff and its non-attorney agent. The court determined that the defendant met its burden, explaining that the communications addressed the circumstances surrounding plaintiff's "injury-in-fact," which impacted "[p]laintiff's standing to bring this action . . . and, in turn, this court's subject matter jurisdiction—an issue that this court has an independent obligation to consider even if no party raises it." *Id.* at *5. In other words, "communications between [p]laintiff (and her representatives)

4

with [the third party] are relevant because they may reveal facts pertaining to [p]laintiff's standing to bring this action," that "there is a substantial need for the production of communications" between the plaintiff and the third party, and that the defendant "cannot obtain the substantial equivalent by other means." *Id.* at *9; *see also U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 288 F.R.D. 222, 227 (D.D.C. 2012).

The same is true here. The Cao Documents relate to key issues of Article III and charitable trust standing, as Ms. Cao is asserted to have been the sole agent communicating with Plaintiffs about the factual basis for their claims. The Yahoo Defendants have raised legitimate grounds to question how those exchanges affected the accuracy of "injury in fact" allegations in the SAC, as well as Plaintiffs' understanding of facts affecting charitable trust standing. Protection of the Cao Documents will impede the Yahoo Defendants' efforts to defend this case on even footing. *See Boehringer Ingelheim*, 778 F.3d at 156 (Rule 26(b)(3)(A) "requires a careful examination of whether non-disclosure will impair the truth-seeking function of discovery.")

Depositions are no adequate remedy. As this Court explained in granting another request for disclosure of work product materials based on substantial need, "[w]hile the recipients of the documents at issue could be asked what they were told to do and what they were told to preserve, *their recollection is no substitute for the contemporaneous direction they received, as memorialized in these documents*. The recipients may in fact have no recollection of the documents, and then we would be back where we started." *Chang v. United States*, No. CV 02-2010 (EGS/JMF), 2010 WL 11591197, at *4 (D.D.C. Aug. 19, 2010).

## CONCLUSION

This Court should order Plaintiffs to disclose the Cao Documents to Defendants.

Dated:  February 9, 2023                             Respectfully submitted,

**McGuireWoods LLP**

*/s/ Brandi G. Howard*
Brandi G. Howard (D.C. Bar 156135)
888 16th Street, NW
Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 857-1700
bhoward@mcguirewoods.com

Brian E. Pumphrey (admitted *pro hac vice*)
Garrett H. Hooe (admitted *pro hac vice*)
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7745
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com

*Counsel for Defendant Oath Holdings, Inc., Ronald Bell, and Michael Callahan*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2023, the foregoing document were served via email to the following:

**NORTH RIVER LAW PLLC**
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

**SLARSKEY LLC**
David Slarskey, Esq.
Evan Fried, Esq.
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com
*Counsel for Plaintiffs*

**PERRY CHARNOFF PLLC**
Mikhael D. Charnoff (D.C. Bar 476583)
Scott Michael Perry (D.C. Bar 459841)
Anastasia Uzilevskaya (D.C. Bar 1620214)
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
Telephone: 703-291-6650
mike@perrycharnoff.com
scott@perrycharnoff.com
anastasia@perrycharnoff.com
*Counsel for Defendant Estate of Harry Wu*

**IMPRESA LEGAL GROUP**
George E. Kostel (D.C. Bar 1000015)
David I. Bledsoe (D.C. Bar 422596)
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Telephone: (703) 842-0660
georgekostel@impresalegal.com
davidbledsoe@impresalegal.com

**LAW FIRM OF WILLIAM BLAKELY**
William Douglas Blakely (D.C. Bar 326793)
10908 Thimbleberry Ln
Great Falls, VA 22066
Telephone: (703) 430-4398
wblakely@williamblakelylaw.com

*Counsel for Defendants Laogai Research Foundation and*
*Laogai Human Rights Organization*

*/s/ Brandi G. Howard*
Brandi G. Howard

7