## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al*.,

               Plaintiffs,

       v.

OATH HOLDINGS, INC., *et al*.,

               Defendants.

No. 1:17-0635-RDM

Judge Randolph D. Moss

## PLAINTIFFS' RULE 15(A)(2) MOTION FOR LEAVE TO AMEND

**TABLE OF CONTENTS**

I.      Procedural background ................................................................................. 5

II.     Legal standard ............................................................................................. 8

III.    Argument ..................................................................................................... 9

        A.      Leave should be granted because most amendments are to conform the
                allegations to the evidence. ........................................................................ 9

        B.      Leave to amend should be granted to identify Impresa as a Doe Recipient
                because Impresa has long been on notice and because such would not be
                futile. ...................................................................................................... 10

        C.      Leave should be granted to add certain theories of recovery because
                Defendants would not be prejudiced........................................................... 13

        D.      Leave to amend should be granted to remove dismissed claims and
                allegations, as well as certain allegations relating to Ouyang Yi and Xu
                Yonghai........................................................................................................ 14

IV.     Conclusion ................................................................................................. 15

# TABLE OF AUTHORITIES

## CASES

*Abdullah v. Washington*,
  530 F. Supp. 2d 112 (D.D.C. 2008) ................................................................................ 9

*Adams v. Quattlebaum*,
  219 F.R.D. 195 (D.D.C. 2004) ........................................................................................ 8

*AirTran Airways, Inc. v.*,
  767 F.3d 1192; 577 U.S. 1116 (11th Cir. 2014) .......................................................... 12

*City of Dover v. U.S. Envtl. Prot. Agency*,
  40 F. Supp. 3d 1 (D.D.C. 2013) .................................................................................... 13

*Djourabchi v. Self*,
  240 F.R.D. 5 (D.D.C. 2006) ............................................................................................ 9

*Foman v. Davis*,
  371 U.S. 178 (1962) ......................................................................................................... 9

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
  530 U.S. 238 (2000) ....................................................................................................... 11

*He Depu v. Oath Holdings*,
  531 F. Supp. 3d 219 (D.D.C. 2021) ............................................................................... 12

*\*In re Main, Inc.*,
  239 B.R. 59 (Bankr. E.D. Pa. 1999) ............................................................................. 12

*Koken v. GPC International, Inc.*,
  443 F. Supp. 2d 631 (D. Del. 2006) ................................................................................ 9

*Reed v. Columbia St. Mary's Hosp.*,
  915 F.3d 473 (7th Cir. 2019) ........................................................................................ 14

*Terry v. Conlan*,
  131 Cal. App. 4th 1445 (2005) ...................................................................................... 10

## FEDERAL RULES

Federal Rules of Civil Procedure
  Rule 15 ................................................................................................................... 5, 8, 9

**OTHER AUTHORITIES**

Restatement (Second) of Trusts § 256 ..................................................................... 13

Pursuant to Rule 15(a)(2) of the Federal Rule of Civil Procedure, Local Civil Rules 7(i) and 15, and paragraph 7 of this Court's standing order, Plaintiffs He Depu, Li Dawei, Xu Wanping, Wang Jinbo, Ouyang Yi, and Xu Yonghai respectfully move for leave to file a Third Amended Complaint. The proposed Third Amended Complaint is attached hereto, along with a redline version showing the changes to the Second Amended Complaint. The proposed amendments mainly entail: (i) amendments aimed at conforming Plaintiffs' pleading to the evidence adduced thus far; (ii) adding Impresa Legal Group ("Impresa") as a defendant (for restitution of wrongfully transferred Trust assets); (iii) adding certain theories of recovery; and (iv) removing certain allegations and theories.

## I.   PROCEDURAL BACKGROUND

Plaintiffs filed this action on April 11, 2017 to enforce the humanitarian purpose of the Yahoo Human Rights Fund ("Fund" or "Trust"), which is to provide humanitarian assistance to Chinese dissidents imprisoned for online dissent ("Humanitarian Purpose"). After Defendants attached certain previously non-public documents to their motions to dismiss, Plaintiffs filed an amended complaint ("First Amended Complaint" or "FAC"), Dkt. 26, under Rule 15(a)(1)(B) to correct factual errors revealed by those documents.

Defendants moved to dismiss the First Amended Complaint on August 2, 2017 and on March 30, 2018, the Court granted those motions. Dkt. 40. Plaintiffs then filed a Rule 59(e) motion to vacate, paired with a Rule 15(a)(2) motion to amend. Those motions were denied on September 24, 2018.

Plaintiffs appealed to the D.C. Circuit and, on February 28, 2020, the D.C. Circuit reversed. On June 4, 2020, Plaintiffs filed the operative Second Amended Complaint ("SAC")

with Defendants' consent, mainly to reflect the fact that certain of the initial plaintiffs had opted not to appeal. Dkt. 64.

In the Second Amended Complaint, Plaintiffs named Doe Defendants that would be "identified and named after discovery." *Id.* at 15. These included Doe Recipients, described as "those who: (1) took or are taking Trust property transferred to them in breach of the trustees' fiduciary duties to Plaintiffs and/or to the Trust and its humanitarian purpose; (2) knew or should have known, or know or should know, that such property was or is from the Yahoo Human Rights Fund; and (3) were aware or should have been aware, or are aware or should be aware, of the allegations in this action[.]" *Id.*

On March 22, 2021, this Court issued a Memorandum Opinion and Order broadly denying Defendants' various motions to dismiss the Second Amended Complaint. Dkt. 93.

On June 10, 2021, at the parties' request, the Court ordered that an evidentiary hearing on whether the Settlement Agreement created a charitable trust be held on October 29, 2021, and ordered that discovery on that issue be conducted in the leadup to the hearing, while staying all other discovery.

On July 2, 2021, Plaintiffs moved for a preliminary injunction requiring that the Laogai Defendants limit their use of Trust assets to the Humanitarian Purpose. Plaintiffs' motivation was to protect that purpose by preventing Trust assets from being depleted by this litigation.

On September 8, 2021, the Court held a hearing on that motion. Though the Court saw "significant equities on both side[,]" 9/8/21 Tr. at 15:25-16:1, it encouraged Plaintiffs and the Laogai Defendants to "negotiate a compromise, such as an agreed-upon limit on the Laogai Defendants' spending of Fund assets during the pendency of this suit—or at least over the next several weeks, while the Court decides whether the settlement created a charitable trust." Dkt.

120 at 4. When Plaintiffs and the Laogai Defendants were unable to do so, the Court denied

Plaintiffs' motion, in large part because "a central—and, perhaps, *the* central—question in this

case," namely trust existence, would soon be decided. *Id.* at 3 (emphasis in original). That

decision, it was hoped, would preclude the need for further protracted litigation.[1]

The evidentiary hearing on trust existence was held on October 29, 2021, and, on May

12, 2022, the Court held that Plaintiffs had proven, by clear and convincing evidence, that the

Settlement Agreement had, in fact, created a charitable trust. Dkt. 137. The next day, the Court

held a previously scheduled status conference, during which it lifted the discovery stay. *See*

Minute Entry dated May 13, 2022. Not long after, the first deposition in this case going to issues

other than trust existence took place, when the Yahoo Defendants deposed Plaintiff Xu Wanping

on August 23, 2022. More generally, the parties began document and written discovery over

issues other than trust existence, including third-party discovery.

By early 2023, a substantial amount of such discovery had been conducted. However,

such discovery is still ongoing in the sense that the parties have ongoing discovery disputes,

such as the adequacy of each side's document productions and the appropriateness of privilege

claims. As for depositions, in January and February 2023, depositions were taken of Plaintiff

Ouyang Yi, as well as of third-parties Miles Yu (a former director of the Laogai Defendants)

and David Hantman (a former Yahoo executive). Plaintiffs also informed Defendants of

Plaintiffs' intention to re-depose certain party and third-party witnesses whose previous

---

[1] During the September 8, 2021 hearing, counsel for the Laogai Defendant represented that more than $6 million remained in the Fund, with approximately $3 million in real estate and approximately $3 million in cash. Today, as discussed in more detail in the proposed Third Amended Complaint, there is apparently less than ▓▓▓▓ remaining, and less than ▓▓▓▓ in cash. Plaintiffs have not been able to confirm exactly how much remains because, despite Plaintiffs' repeated requests, the Laogai Defendants have yet to produce their most recent financial statements.

depositions had been limited to the issue of trust existence, and to depose additional witnesses, such as more recent officers and directors of the Laogai Defendants.

Also in late 2022 and early 2023, Plaintiffs informed Defendants of their intention to amend the complaint, in large part based on evidence obtained from Defendants during discovery. In January 2023, counsel for Plaintiffs emailed counsel for Defendants with a summary of proposed amendments, including the potential addition of new parties and theories of recovery. In March 2023, counsel for Plaintiffs emailed a draft of a proposed third amended complaint to counsel for Defendants.

Also around that time, the parties discussed the possibility of mediation and settlement. The parties agreed to set a date of May 9, 2023 for an in-person mediation, and to pause litigation in the meantime. The parties attended the mediation but were unable to reach a settlement.

This motion followed.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), an amended complaint may be further amended "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Motions to amend are liberally granted. *See Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) ("[C]ourt[s] must . . . heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'").

Leave should be denied only upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Prejudice to the party opposing the amendment must be substantial or undue in that the

amendment must cause a serious impairment in their ability to present their case. *Koken v. GPC*

*International, Inc.*, 443 F. Supp. 2d 631 (D. Del. 2006). Factors to consider in determining

whether "undue prejudice" exists include: whether the proposed amendment (1) "substantially

changes the theory on which the case has been proceeding and is proposed late enough so that

the opponent would be required to engage in significant new preparation," (2) requires the

defendant to expend significant additional resources to conduct discovery and prepare for trial;

and (3) will significantly delay the resolution of the dispute. *Djourabchi v. Self*, 240 F.R.D. 5,

13-14 (D.D.C. 2006). The party opposing the amendment bears the burden of showing why an

amendment should not be allowed. *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C.

2008).

## III.    ARGUMENT

### A.    Leave should be granted because most amendments are to conform the allegations to the evidence.

Under Rule 15(b)(2), "[a] party may move—at any time, even after judgment—to amend

the pleadings to conform them to the evidence[.]" Fed. R. Civ. P. 15(b)(2). Though this rule is

typically intended to address the situation where trial evidence is later objected to as being

outside the pleadings, the fact that the rules permit such amendments even after judgment

strongly supports granting Plaintiffs' motion now, well before judgment. Indeed, the vast

majority of the amendments are aimed at conforming the complaint to evidence Plaintiffs

obtained from Defendants during discovery. For example, Plaintiffs propose to add allegations

about internal dissatisfaction about the low level of spending on the Humanitarian Purpose, as

9

well as allegations about attempts to keep such information from becoming public. Given that this information belonged to Defendants themselves, and given that the proposed allegations are entirely consistent with Plaintiffs' factual and legal theories thus far, Defendants will not be prejudiced by these amendments.

> **B.      Leave to amend should be granted to identify Impresa as a Doe Recipient because Impresa has long been on notice and because such would not be futile.**

Leave to amend should also be granted to identify Impresa as a Doe Recipient, mainly because Impresa has long been on notice that Plaintiffs might sue them for wrongful receipt of Trust assets. For example, the operative Second Amended Complaint itself makes clear that persons meeting criteria that apply to Impresa would be named as defendants after discovery. Additionally, in April 2021, Plaintiffs sent a letter to the Laogai Defendants and the Yahoo Defendants "to ask whether the Laogai Defendants have paid or made advances for legal expenses—including but not limited to fees to its lawyers in this litigation—out of the Yahoo Human Rights Fund[,]" and to "demand that the Laogai Defendants stop, and … instruct payees to return any fees paid out of the Fund[,]" given that "such spending … would be improper on several levels." *See* Ex. A.[2] In support, the letter cited, among other things, case law for the proposition that trustees who "participate[] … in … litigation [not] as a neutral trustee to defend the trust and protect its assets[,]" but rather to "pursue[] [their] own interests … to the detriment of [the trust]" are not permitted to use trust assets to fund their defense. *Id.* at 2 (citing *Terry v. Conlan*, 131 Cal. App. 4th 1445, 1464 (2005)). Instead, such trustees are required to "bear [their] own costs in this litigation, rather than be reimbursed from the trust." *Id.* As such, the

---

[2] Exhibit A is attached to the concurrently filed Declaration of Times Wang in Support of Motion for Leave to Amend.

letter warned that the Laogai Defendants' lawyers might be named as defendants. *Id.* at 3 ("You, as counsel, are placed on notice that any fees or compensation that you receive from the Fund, directly or indirectly, must be held in trust or returned, and are subject to a claim for restitution."). Indeed, at the September 8, 2021 hearing, counsel for the Laogai Defendants acknowledged that Plaintiffs had "raised the possibility of collecting from my law firm at one point." 9/8/21 Tr. at 45:16-17. Given all this, it cannot reasonably be disputed that Impresa has long been on notice of the potential that it would be named as a defendant.

Nor did Plaintiffs unduly delay adding Impresa as a defendant. Rather, Plaintiffs are seeking to add them now because Plaintiffs only obtained ███████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████. While Plaintiffs might theoretically have been able to name Impresa as a defendant without such discovery, Plaintiffs should not be punished for their caution in waiting for harder evidence, especially since both the Laogai Defendants and Impresa refused to informally tell Plaintiffs whether and to what extent Trust assets were being used to fund this litigation.

Nor would including Impresa as a defendant be futile. It is well-established that a trust beneficiary may recover trust property transferred to a third party if the transfer was a breach of the trustee's fiduciary duty and the third party had reason to know that the trustee's action was a breach of its duty. *E.g.*, *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250 (2000) "[I]t has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's

breach of duty. The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom."); *see also, e.g.*, *He Depu v. Oath Holdings*, 531 F. Supp. 3d 219, 247 (D.D.C. 2021) (denying motion to dismiss Plaintiffs' restitution claim and holding that "Plaintiffs may maintain a claim for restitution of trust property taken by third parties with notice of the alleged breach").

This principle applies to lawyers and law firms. *E.g.*, *AirTran Airways, Inc. v.* Elem, 767 F.3d 1192, 1199 (11th Cir. 2014), *vacated on other grounds*, 577 U.S. 1116 (2016) ("Because Elem breached her fiduciary duty as trustee and transferred the trust property to Link and Link & Smith, the attorneys took the property subject to the trust, unless they purchased the property for value and without notice of the fiduciary's breach of duty.").

*In re Main, Inc.,* 239 B.R. 59 (Bankr. E.D. Pa. 1999) is particularly on point. There, as here, whether the assets used to pay legal fees were subject to a trust was hotly contested. Before that issue had been decided, and over its adversary's warnings that the adversary would seek to claw back such payments, the law firm secured court approval to be paid out of the disputed assets. *Id.* at 64-65. When it was determined that those assets were indeed subject to a trust, the adversary sought to recoup those payments. *Id.* at 67. The court granted the adversary's request, and ordered the law firm to reimburse the trust for the amount that had been paid for legal work adverse to the trust, including legal work aimed at denying the existence of a trust in the first place. *Id.* at 74; *see also, generally, id.* at 61-67 (describing procedural history of the dispute over whether the relevant assets were subject to a trust).[3]

---

[3] Over the law firm's objection that its order was unfair in light of its prior order permitting payment out of disputed assets, the court reasoned that that order "was meant to be a temporary accommodation" and "was not entered on the basis of carefully-reasoned legal principles[.]" *Id.* at 74. Thus, the fact that the law firm "chose to accept

Here, Impresa is on even worse footing that the law firm there, in that no prior court order permitting the Laogai Defendants to use disputed assets to pay Impresa even exists. Further, as with the law firm in *In re Main*, it "chose to accept payment out of putative trust funds," despite ample warning from Plaintiffs that Plaintiffs would seek to claw back such payments. Moreover, Plaintiffs do not seek restitution of all monies paid by the Laogai Defendants to Impresa. Instead, Plaintiffs seek only restitution of monies paid out of Trust assets for work adverse to the Trust's Humanitarian Purpose. Thus, Plaintiffs' proposed amendment is not futile.

> **C.   Leave should be granted to add certain theories of recovery because Defendants would not be prejudiced.**

Leave to amend should also be granted to add certain theories of recovery, such as the theory that Yahoo and the LRF are liable as co-beneficiaries of the Trust under the principle that, "[i]f one of several beneficiaries participates with the trustee in a breach of trust . . . , [that] beneficiary is personally liable to the extent of the loss[.]" RESTATEMENT (SECOND) OF TRUSTS § 256(4).

Leave in this regard should also be granted because the proposed additional theories are all substantially related, and all arise out of substantially the same facts as those that gave rise to each of Plaintiffs' previously filed complaints. *E.g.*, *City of Dover v. U.S. Envtl. Prot. Agency*, 40 F. Supp. 3d 1, 6 (D.D.C. 2013) ("Courts routinely permit (under Rule 15(a)(2)) plaintiffs to assert alternative legal theories based on the same facts giving rise to the complaint[.]"). In particular, Plaintiffs' proposed additional theories all arise out of the core theory that the Fund is a charitable trust; that the extremely low levels of spending on the Humanitarian Purpose,

---

payment out of … putative trust funds" and to "take the risk" of an adverse ruling on the trust issue militated against its reliance on the prior order. *Id.*

especially when juxtaposed against the extremely high levels of spending for the benefit of the Laogai Defendants, constitutes a massive breach of trust; and that all Defendants played a significant role on those breaches.

For this reason, Plaintiffs' proposed new theories would not meaningfully alter the scope of discovery (if at all). In particular, regardless of the theory, the scope of discovery entails discovery of facts going to Defendants' knowledge of the alleged breaches, control of the disputed assets, and actions in furtherance of those breaches. Document and written discovery on these issues has already been taken, and the scope of the depositions yet to be taken will not be meaningfully altered by the addition of Plaintiffs' proposed new theories.

Along similar lines, the proposed amendments come early enough that Defendants will not be prejudiced, given that fact discovery is ongoing, expert discovery yet to begin, and summary judgment not yet calendared. Indeed, by this motion (as well as by the emails discussing these theories that counsel for Plaintiffs sent to counsel for Defendants in January), Plaintiffs are expressly attempting to give Defendants as much notice as possible of the theories Plaintiffs believe are supported by the facts, and to avoid being precluded from later asserting such theories. *Cf. Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 479 (7th Cir. 2019) ("We routinely enforce this stricture against plaintiffs who wait until summary-judgment briefing to raise a new claim, despite the absence of an express pleading requirement, since complaints need not identify legal theories.").

**D.      Leave to amend should be granted to remove dismissed claims and allegations, as well as certain allegations relating to Ouyang Yi and Xu Yonghai.**

This Court held on March 22, 2021 that certain claims should be dismissed. Dkt. 93 at 29, 40. Additionally, since the Second Amended Complaint, counsel for Plaintiffs learned that,

owing to a combination of language barriers and counsel's misunderstanding of their accounts, Plaintiffs Ouyang Yi and Xu Yonghai have not previously applied to the Trust for humanitarian assistance.[4] Thus, certain of the Second Amended Complaint's allegations relating to them are inaccurate. Counsel apologizes for the error. More to the point, leave to amend should be granted to remove these allegations.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted.

Dated: May 30, 2023                    Respectfully submitted,

**NORTH RIVER LAW PLLC**
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

**SLARSKEY LLC**
David Slarskey (admitted *pro hac vice*)
Evan Fried (admitted *pro hac vice*)
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com

*Counsel for Plaintiffs*

---

[4] Both had known of the Fund, and in the latter's case, had been encouraged to apply for funding. But neither actually applied, and only became involved in this litigation because they were Yahoo users who'd been imprisoned based in part on evidence from their Yahoo email accounts, and, as such, were asked by Plaintiff He Depu to join in an effort to enforce the Humanitarian Purpose.