

<div style="text-align:right">
Times Wang
twang@northriverlaw.com
202-838-6489
</div>

April 7, 2021

**Via email**
Impresa Legal Group
George E. Kostel
Jason P. Matechak
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
georgekostel@impresalegal.com
jasonmatechak@impresalegal.com

McGuireWoods LLP
Brian E. Pumphrey
800 East Canal Street
Richmond, VA 23219
bpumphrey@mcguirewoods.com

Re:    *He Depu et al. v. Oath Holdings, Inc. et al.* - legal expenses paid with Fund assets

Counsel:

  We write on behalf of Plaintiffs to ask whether the Laogai Defendants have paid or made advances for legal expenses—including but not limited to fees to its lawyers in this litigation—out of the Yahoo Human Rights Fund. If so, we demand that the Laogai Defendants stop, and that the Laogai Defendants instruct payees to return any fees paid out of the Fund.

  Plaintiffs have maintained from the outset that Defendants' breaches of trust include failure to prevent improper spending of Fund monies on legal expenses. *See, e.g.*, Dkt. 1, ¶ 58; Dkt. 26, ¶¶ 64-65; Dkt. 42-1, ¶¶ 65-66; Dkt. 64, ¶¶ 69-70.

  If such spending is occurring today with respect to the Laogai Defendants' legal expenses, it would be improper on several levels. First, the Laogai Defendants cannot claim that the 2008 settlement agreement that gave rise to the $17.3 million Fund entitles them to such spending. That is because, when this case was appealed to the D.C. Circuit, Defendants made the fundamentally inconsistent claim that that same settlement agreement permitted the spending of all $17.3 million on Yahoo. *See* Final Brief of Appellees, filed July 17, 2019, at 20 ("[B]ecause the Fund was undivided, in theory the entire $17.3 million sum could have been used to settle other dissidents' claims against Yahoo."). That necessarily implies that, from Defendants' perspective, the settlement agreement does *not* automatically entitle the Laogai Defendants to *any* of the Fund's assets—including for legal expenses. Dkt. 64, ¶ 145. Indeed, after the D.C. Circuit ruled in Plaintiffs' favor, Plaintiffs asked Defendants what steps they were taking to ensure that the Laogai Defendants' expenses, including legal expenses, were not being paid out of the Fund—an inquiry to which Defendants have never responded. Dkt. 64, ¶ 151.

<div style="text-align:center; color:red">**Exhibit A**</div>



<div style="text-align: right">
Times Wang
twang@northriverlaw.com
202-838-6489
</div>

More to the point, given Defendants' position on appeal that the settlement agreement did not automatically entitle the Laogai Defendants to any of the Fund's assets, Defendants are estopped from claiming to the contrary. *E.g.*, *Lofchie v. Washington Square LTD*, 580 A.2d 665, 668 (D.C. 1990) ("The independent doctrine of judicial estoppel precludes a litigant from playing fast and loose with a court of justice by changing his position according to the vicissitudes of self-interest, for such conduct is an affront to judicial dignity."); *Porter Novelli, Inc. v. Bender*, 817 A.2d 185, 188 (D.C. 2003) (applying the doctrine of judicial estoppel to prevent a litigant from "taking one side of an issue at trial and saying the opposite on appeal").

Similarly, given that Defendants continue to deny even the existence of a trust, they are estopped from arguing that trust law entitles the Laogai Defendants to such spending, whether as the Fund's trustees, or, in the case of the Laogai Research Foundation, as a beneficiary of the Fund.

Indeed, even ignoring estoppel, trust law would not help the Laogai Defendants. While trust law generally permits a trustee to spend trust assets on legal expenses, it does not so permit when a trustee participates in litigation not to defend the trust or its assets, but to protect the trustee's own interests. *E.g.*, *Terry v. Conlan*, 131 Cal.App.4th 1445, 1464 (2005) ("Sholly has not participated in this litigation as a neutral trustee to defend the trust and protect its assets; rather, she has consistently pursued her own interests and those of her siblings, to the detriment of Ione. As such, she must bear her own costs in this litigation, rather than be reimbursed from the trust."). Thus, even if the Laogai Defendants could simultaneously disclaim the existence of a trust when it comes to their liability *and* rely on the existence of a trust when it comes to their legal fees—and they cannot—the normal operation of trust law would *still* prohibit them from spending Fund assets on their defense in this action. This is doubly true of the Laogai Research Foundation, which would be spending Fund assets to prevent its removal as both a beneficiary and a trustee. *See, e.g.*, Dkt. 93 at 32-33 (holding that Plaintiffs had plausibly alleged "misuse of the Fund" by the Laogai Research Foundation warranting its potential removal as a beneficiary, as well as "serious breaches of the Fund's humanitarian purpose" warranting its removal as trustee).

As for the recipients of any such fees, Plaintiffs have made clear that, "to the extent currently unnamed third parties … accepted and continue to accept monies they knew or should have known came from the Yahoo Human Rights Fund, while also being aware of the allegations in this action, Plaintiffs intend to seek restitution of such monies under the well-settled principle that, when a trustee breaches their fiduciary duties and transfers trust property to third parties, those third parties take the property subject to the trust, unless the third parties purchased the property for value and without notice of the fiduciary's breach." Dkt. 64, ¶¶ 155. The law is unambiguous that such third parties may include attorneys. *E.g.*, *Airtran Airways, Inc. v. Elem*, 767 F.3d 1192, 1199 (11th Cir. 2014) ("Because Elem breached her fiduciary duty as trustee and transferred the trust property to Link and Link & Smith, the attorneys took the property

Exhibit A



Times Wang
twang@northriverlaw.com
202-838-6489

subject to the trust, unless they purchased the property for value and without notice of the fiduciary's breach of duty.").

Given the foregoing, please immediately: (i) disclose whether any of the Laogai Defendants' legal expenses have been paid, directly or indirectly, using Fund assets; (ii) provide an accounting for all legal expenses, including attorneys' fees, related to this dispute that have been paid directly or indirectly using Fund assets; (iii) cease any practice of using Fund assets for Laogai Defendants' legal expenses, including their attorneys' fees, in this action. There is no possible justification for such spending, particularly given Defendants' positions in this litigation.

Moreover, Plaintiffs also demand that the Laogai Defendants instruct any firms to which they have paid fees out of the Fund to return those fees, or risk Plaintiffs asserting restitution claims against those firms as discovery proceeds. *See* Dkt. 64, ¶¶ 30, 155, 193-96 (claim for restitution against Doe Recipients and related allegations); Dkt. 93 at 41 (holding that "Plaintiffs may maintain a claim for restitution of trust property taken by third parties with notice of the alleged breach"). You, as counsel, are placed on notice that any fees or compensation that you receive from the Fund, directly or indirectly, must be held in trust or returned, and are subject to a claim for restitution.

Finally, Plaintiffs demand that all current trustees, including Oath Holdings, Inc., as well as Doe Trustees, *see* Dkt. 64, ¶ 28, discharge their duty of protecting the Fund's humanitarian purpose by taking steps to ensure compliance by the Laogai Defendants. Otherwise, the trustees risk deepening their already profound breaches of trust.

If Plaintiffs do not receive an affirmative representation by April 16, 2021 that Fund assets were *not* advanced, distributed, or paid directly or indirectly for Laogai Defendants' legal fees, Plaintiffs will assume that such spending has occurred and will seek assistance from the Court.

Regards,

*[signature]*

NORTH RIVER LAW PLLC
Times Wang
1300 Eye Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com



Times Wang
twang@northriverlaw.com
202-838-6489

SLARSKEY LLC
David Slarskey
Evan Fried
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com

Counsel for Plaintiffs