**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HE DEPU, *et al*.,

               Plaintiffs,

       v.

OATH HOLDINGS, INC., *et al*.,

               Defendants.

No. 1:17-0635-RDM

Judge Randolph D. Moss

**DECLARATION OF TIMES WANG IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO THE LAOGAI RESEARCH FOUNDATION'S
MOTION TO CANCEL *LIS PENDENS***

I, Times Wang, declare as follows:

1.      I am over the age of 18, and am competent to testify as to all matters herein, and make the following statements based on my own personal knowledge.

2.      Attached as Exhibit A is a true and correct copy of an email chain (from which settlement communications have been redacted) between me and counsel for the Laogai Research Foundation regarding the *lis pendens*.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: March 29, 2024          /s/ Times Wang_____
                                         Times Wang

1

## RE: Updated Law on Lis Pendens

Rich Kelsey <RichKelsey@impresalegal.com>
Mon 2024-02-19 5:03 PM

To:Times Wang <twang@farrawang.com>
Cc:George Kostel <GeorgeKostel@impresalegal.com>

Times:

Thx. Obviously, we disagree with your legal take. On the settlement offer, ███████████
█████████████████████████████████

Regards,

Richard K. Kelsey
Counsel
Impresa Legal Group
3033 Wilson Blvd., Ste. 700
Arlington, Va 22201
703-842-0660 (O)
703-459-0866 (C)
Fax 703-243-8696

-------- Original message --------
From: Times Wang <twang@farrawang.com>
Date: 2/19/24 7:00 PM (GMT-05:00)
To: Rich Kelsey <RichKelsey@impresalegal.com>
Cc: George Kostel <GeorgeKostel@impresalegal.com>
Subject: Re: Updated Law on Lis Pendens

Hi Rich,

I carefully reviewed D.C. Code § 42-1207, the prior version of the statute, *Garcia v. Tygier*, 295 A.3d 594 (D.C. 2023), and related authority. Based on my review, I think the *lis pendens* is proper because "title to or interest in" the building is "directly at issue" in this action. D.C. Code § 42-1207(j). This action asserts, among other things, that the building constitutes trust property. Meanwhile, your clients assert that no trust exists, and that they have

unfettered ownership of the building. I struggle to imagine a clearer example of a case where "title to or interest in" real property is "directly at issue."

As for the 2010 amendment, I don't see how it changes the analysis. According to *Garcia*, the amendment was made in response to *Heck v. Adamson*, 941 A.2d 1028 (D.C. 2008). In *Heck*, the plaintiff had recorded a *lis pendens* over real property that had allegedly been purchased by defendant in part with money owed to the plaintiff. At the time, the statute only required the assertion of an "interest in real property," even if that interest was "indirect." *Heck* at 1030. And, even though the plaintiff did not dispute that the defendant held full legal and equitable title to the property, the plaintiff *did* assert an "equitable interest" in the property by virtue of money belonging to him having been allegedly use to purchase it. On those facts, the court held the *lis pendens* proper.

True, the 2010 amendment was intended to avoid the result in *Heck.* But it did so in a way that seems to confirm the propriety of the *lis pendens* here. In particular, as I mentioned, the statute previously only required the assertion of an "interest" in the property. The 2010 amendment added the requirement that the assertion be of an "ownership interest." And for the reasons set forth in my February 15 email, that would seem to confirm that a *lis pendens* is appropriate where, as here, the dispute is about whether a trust exists, because in such a case the alleged beneficiaries *are* asserting an "ownership interest" in real property alleged to be trust property.

Given the above analysis, and unless you can explain to me why it is wrong, we decline to simply withdraw the *lis pendens.*

Thanks,
Times

Times Wang
Farra & Wang PLLC
1300 I Street NW, Ste 400E
Washington, DC 20005
(202) 505-6227
www.farrawang.com

*This email may contain privileged or confidential information meant only for the intended recipient. If you received this email by mistake, please delete it and let the sender know immediately. Thank you.*

**From:** Times Wang <twang@farrawang.com>
**Sent:** Thursday, February 15, 2024 3:08 PM
**To:** Rich Kelsey <RichKelsey@impresalegal.com>
**Cc:** George Kostel <GeorgeKostel@impresalegal.com>
**Subject:** Re: Updated Law on Lis Pendens

Thanks Rich. I will review the law more closely and will get back to you in more detail. In the meantime, I note that the DC lis pendens statute expressly covers actions asserting "other ownership interest[s] in real property." I also note that we are asserting that the building is trust property held for our benefit, and that Bogert, a leading trust law treatise, says that "the beneficiary ... is ... substantially equivalent to equitable ownership of the trust res." Bogert § 183. Similarly, the Restatement (Third) of Trusts § 2 (2003) says that "[t]he term 'owner' is used to indicate a person by whom one or more interests are held for the person's own benefit." Is it your view that, notwithstanding these authorities, the beneficiaries of the trust in this case do not have—and indeed, are not even properly asserting—an "ownership interest" in the building?

---

**From:** Rich Kelsey <RichKelsey@impresalegal.com>
**Sent:** Thursday, February 15, 2024 2:39 PM
**To:** Times Wang <twang@farrawang.com>
**Cc:** George Kostel <GeorgeKostel@impresalegal.com>
**Subject:** Updated Law on Lis Pendens

Times:

Thanks again for the call. I don't have this in a fancy memo format. I'll let you review the cases on your own.  I'll give you the primary case on the issue since the statute changed in 2010 (Below that is the Statute):

Garcia v. Tygier, 295 A.3d 594 (DC 2023)

-The lis pendens notice did not and could not comply with the requirements D.C. Code § 42-1207 because appellees' ownership in their D.C. residence was not directly at issue in appellant's pending Virginia lawsuit, so cancellation of the notice was required; [2]-The superior court properly imposed a D.C. Super. Ct. R. Civ. P. 11 monetary sanction because appellant's lis pendens filing against appellees' residence was not warranted by existing law or by a nonfrivolous argument; appellant ignored the requirements of D.C. Code § 42-1207, and while he predicated his right to file the notice on his supposed entitlement under Virginia law to a lien against appellees' property, the judge in the Virginia action had informed him that his potential lien would apply only to assets transferred improperly to thwart creditors, and appellees' home was not such an asset. Garcia v. Tygier, 295 A.3d 594, 598

D.C. Code § 42-1207(b) was amended to state that the notice of lis pendens authorized by § 42-1207 shall be effective only if the underlying action or proceeding directly affects the title to or tenancy interest in, or asserts a mortgage, lien, security interest, right of first offer, right of first refusal, or other ownership interest in real property situated in the District of Columbia. Id.

Actions to recover a debt do not give rise to lis pendens because no specific property is designated for relief in the judgment. No lis pendens is involved merely because a money judgment gives the prevailing party a judgment lien in real property owned by the defeated party. Id.

At issue here is the requirement of subsection (b) that an ownership interest in the property must be directly at issue in the action underlying the notice of lis pendens. This requirement was added to § 42-1207 in 2010. Two years earlier, in *Heck v. Adamson*,**9** this court had construed the former version of the statute to authorize lis pendens notices where the pending litigation did not directly place property interests at issue. But the Council of the District of Columbia reacted to *Heck* by amending the statute to foreclose such a construction and use of lis pendens.

The complaint in the lawsuit underlying the lis pendens notice in *Heck* alleged that the defendant sold a property jointly [**11] owned with the plaintiff and used the plaintiff's share of the proceeds without his consent to purchase and renovate a new property.**10** The plaintiff sued for conversion, fraud, and breach of contract, sought the imposition of a constructive trust on the new property, and filed a notice of lis pendens against that property.**11** Our decision in *Heck* upheld the notice, reasoning that the plaintiff's assertion of a constructive trust was "*an* 'interest in real property,' which [we said] is all the statute requires."**12** In addition, the decision cautioned that courts should only "parsimoniously" cancel a lis pendens notice prior to a judgment in the underlying action.**13** The Council revised the statute in 2010 to address the "issues" created by *Heck* and to "correct[] flaws in the law."**14** The Council sought to (1) "limit the applicability of the lis pendens doctrine to properties directly at issue in the underlying litigation," and (2) "create an ability for affected property owners to obtain a court order cancelling the lis pendens prior to final resolution of the underlying litigation."**15** The Council wanted to prevent real property from being "tied up for years" even if the "claimant's case [**12] is weak or the affected property is not directly at issue."**16**

 [*603]  To accomplish its goals, the Council amended subsection (b) to state that the notice of lis pendens authorized by D.C. Code § 42-1207 "shall be effective *only if the underlying action or proceeding directly affects* the title to or tenancy interest in, or asserts a mortgage, lien, security interest, right of first offer, right of first refusal, or other ownership interest in real property situated in the District of Columbia."**17** Lest there be any doubt about this curtailment of lis pendens notices, the Council also added new subsection (j) to § 42-1207, which states that "[t]he provisions of subsections (a) and (b) of this section *shall not* be construed to apply where the title to or interest in the real property affected by the notice *is not directly at issue in the underlying action or proceeding*."**18** The Report on the Bill categorically states that the Council revised subsection (b) and added subsection (j) to "specif[y] that the doctrine of lis pendens cannot be applied to real property tangentially related to the dispute, such as was the case in *Heck v. Adamson*[,] 941 A.2d 1028 (D.C. 2008)." Garcia v. Tygier, 295 A.3d 594, 602-603

From the Statute:

D.C. Code § 42-1207

To what does the Lis Pendens statute apply:

**j)** The provisions of subsections (a) and (b) of this section shall not be construed to apply where the title to or interest in the real property affected by the notice is <u>not directly at issue in the underlying action or proceeding</u>.

Here is (a) and (b)

**(a)** The pendency of an action or proceeding in either state or federal court in the District of Columbia, or in any other state, federal, or territorial court, affecting the title to or tenancy interest in, or asserting a mortgage, lien, security interest, or other ownership interest in real property situated in the District of Columbia, does not constitute notice to, and shall not affect a party not a party thereto, unless a notice of the pendency of the action or proceeding is filed for recordation, as required by subsection (b) of this section.

**(b)** The notice referred to in subsection (a) of this section shall be effective only if the underlying action or proceeding directly affects the **title to or tenancy interest in, or asserts a mortgage, lien, security interest, right of first offer, right of first refusal, or other ownership interest in real property situated in the District of Columbia**, and the notice is in writing, signed by the plaintiff, defendant, other party to the action or proceeding, or by a counsel of record for such party, desiring to have the notice filed for recordation, and notarized, stating the:

Against this backdrop, we ask that you take the appropriate action to remove the Lis Pendens.  And, of course, we continue to be interested in a discussion about resolution, separate and apart from the release of the Lis Pendens.

Regards
Rich


# Rich

**Richard K. Kelsey**
Counsel
Impresa Legal Group
3033 Wilson Blvd. Suite 700
Arlington, Va 22201
703-842-0660 (0)
703-459-0866 cell
Fax 703-243-8696

Exhibit A - p. 5 of 5