**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HE DEPU, *et al*. | |
| Plaintiffs, | No. 1:17-635-RDM |
| v. | Judge Randolph D. Moss |
| OATH HOLDINGS, INC., *et al*. | |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's minute order of March 21, 2024, the parties hereby submit this joint status report regarding the status of the case and to propose a schedule for the remainder of the litigation.

***Plaintiffs' position.*** Federal Rule of Civil Procedure 1 requires courts to construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiffs' position is that this case has dragged on for far too long. Its longevity has contributed to trust assets being continually depleted, prejudicing Plaintiffs' ability to replenish the trust. Regardless of how the Court resolves individual scheduling disputes between the parties, Plaintiffs' position is that the Court should set a trial date and resolve this seven-year-old matter.

***Defendants' position***. Defendants also seek a timely resolution of this case, but seek adequate time to evaluate new claims and complete fact and expert discovery. To the extent the case "has dragged on for far too long," it is at least in part because Plaintiffs have amended their complaint three times, pursued evolving causes of action based on events occurring over fifteen

years ago, and only recently added the law firm representing LRF and LHRO as a Defendant
(joining the half-dozen Defendants already litigating) when it could have done so seven years ago.
In addition, Plaintiffs raise multiple as-yet-to-be litigated discovery disputes, request to take 7
depositions, and request to disclose as many as 4 experts. Plaintiffs suggest that all of this (in
addition to the discovery Defendants need) can occur in three months, but this is impractical. This
is especially true when one of the defendants has not yet even responded to a complaint or served
discovery. Furthermore, Plaintiffs' concerns about depletion of assets is not an argument Plaintiffs
have standing to make because all Plaintiffs who sought distributions from the Fund received
money (and the others never asked).

## I.      Responsive Pleadings

<u>The parties have disputes about responsive pleadings.</u>

***Plaintiffs' position.*** Plaintiffs do not object to Defendants filing a Rule 12(b)(1) motion on
Article III standing or a Rule 12(b)(6) motion on new allegations raised in the Third Amended
Complaint, and Plaintiffs are amenable to the briefing schedule described in Defendants' position.
Plaintiffs object, however, to any motion on "charitable trust standing" because: (1) that issue is
not a matter of subject matter jurisdiction (the cases Defendants cite do not say otherwise); (2) that
issue is not an issue unique to any allegation in the Third Amended Complaint; (3) the D.C. Circuit
has already held – and it is law of the case – that the allegations plausibly established charitable
trust standing, *see He Depu v. Yahoo! Inc.*, 950 F.3d 897, 908 (D.C. Cir. 2020); and (4) Defendants
intend to litigate that issue with "the record evidence," and it is therefore most appropriately suited
for trial. Further, given the late stage of this litigation, Defendants should be required to file one
consolidated brief. With respect to Impresa Legal Group's purported motion on "naming an
improper party," such a technical motion is a waste of the Court's time.

***Defendants' position.*** Defendants expect to file motions under Rule 12(b)(1) and Rule

2

12(b)(6) seeking dismissal of the Third Amended Complaint with prejudice because, at the very least, (1) Plaintiffs lack Article III standing to pursue this lawsuit based on the allegations of the Third Amended Complaint and the record evidence; and (2) Plaintiffs do not have charitable trust standing based on the allegations of the Third Amended Complaint and the record evidence.

Contrary to Plaintiffs' position, Defendants have a right to file a motion challenging their charitable trust standing.[1] Plaintiffs' arguments are incorrect for at least four reasons.[2]

*First*, numerous federal courts have assessed special interest standing specifically, and state law standing generally, under Rule 12(b)(1). *See*, *e.g.*, *Hadassah Acad. Coll. v. Hadassah, The Women's Zionist Org. of Am., Inc.*, 795 F. App'x 1, 2–3 (2d Cir. 2019); *Pinkert v. Schwab Charitable Fund*, No. 20-CV-07657-LB, 2021 WL 2476869, at *4–6 (N.D. Cal. June 17, 2021), *aff'd*, 48 F.4th 1051 (9th Cir. 2022); *Thomas v. Hughes*, No. 5:16-CV-951-DAE, 2017 WL 8161010, at *4 (W.D. Tex. Apr. 24, 2017)).

*Second*, the motions that Defendants plan to file are made possible in large part due to the

---

[1] Defendants have a right to file appropriate Rule 12 motions on all available grounds in response to the docketing of an amended complaint. *See*, *e.g.*, *Sidebotham v. Robison*, 216 F.2d 816, 823 (9th Cir. 1954) ("on filing a third amended complaint which carried over the causes of action of the second amended complaint, the appellees were free to challenge the entire new complaint"); *Johnson v. Baltimore Police Dept.*, No. CV SAG-18-2375, 2021 WL 1610152, at *3 (D. Md. Apr. 23, 2021) ("The Motions contest the validity of a newly filed pleading, and Defendants should be permitted to assert any viable defenses they have in connection with that pleading, whether or not they raised those defenses when responding to a prior iteration."). And, at the very least, there can be no dispute that Defendants can challenge the new allegations of the Third Amended Complaint that give rise to new grounds for dismissal not previously available. *See Wye Oak Tech. v. Republic of Iraq*, No. 10-1182 (RCL), 2015 U.S. Dist. LEXIS 197840, at *3 (D.D.C. July 31, 2015) (noting that "the filing of an amended complaint revives the right to file a Rule 12(b) motion" as to "arguments for dismissal that were not available under the original pleading").

[2] In their motion papers seeking amendment, and at the hearing on the same, Plaintiffs emphasized that they were unable to plausibly assert certain causes of action prior to receiving discovery. Now, when that same discovery reveals critical flaws in jurisdictional issues that this Court must resolve, Plaintiffs ask the Court to entirely prohibit Defendants from raising these arguments. This is untenable.

new allegations in the Third Amended Complaint. Plaintiffs' Third Amended Complaint, which this Court recently permitted Plaintiffs to file, withdraws nearly all the allegations relied on by the D.C. Circuit in its 2020 opinion relating to charitable trust standing, and otherwise materially alters their allegations related to Article III and charitable trust standing. For example, Plaintiffs have fundamentally altered the basis for their charitable trust standing claims (from asserting the trust was "complete[ly] terminat[ed]" in 2016, Doc. 64 ¶ 78, to now alleging that it was ***never***, in fact, terminated, Doc. 162-4 ¶ 158). The Trust still exists, still has assets, and continues to function as it has for years. Moreover, every Plaintiff who actually applied for aid from the Trust received it.

*Third*, the D.C. Circuit's prior ruling on a now disregarded and non-operative complaint does not bind this Court's independent review of these new allegations. *See Al-Beshrawi v. United States*, Case No. 04-0743 (RCL), 2005 U.S. Dist. LEXIS 35410, at *9 (D.D.C. July 29, 2005) ("Since the second amended complaint supersedes both the original complaint and the first amended complaint, the second amended complaint has become the operative complaint in the case, and the original complaint no longer controls the litigation.").

For example, in *Perry ex rel. United States*, the Ninth Circuit determined that the district court did not err in dismissing a third amended complaint and that the law of case doctrine did not apply, even though on a previous appeal, the Ninth Circuit determined that the district court erred in dismissing the second amended complaint. *Perry ex rel. United States v. Hooker Creek Asphalt & Paving*, LLC, 765 F. App'x 318, 319 (9th Cir. 2019) ("Contrary to Perry's argument, the mandate in the previous appeal did not require the district court to accept Perry's third amended complaint."). Here, Plaintiffs lost any potential law of the case argument they might have had by amending their complaint to alter material allegations – alterations that have opened up a new avenue for challenge on the part of Defendants. The D.C. Circuit has not passed on the new

allegations of the Third Amended Complaint.

*Fourth*, under long-established case law in this Circuit, Defendants have a right under Rule 12(b)(1) to assert both factual and facial challenges to jurisdiction, and they are not obligated to wait until trial to have those issues heard. *See Schieber v. United States*, 77 F.4th 806, 809 (D.C. Cir. 2023) (noting that "the Supreme Court reaffirmed that a federal court must confirm its subject-matter jurisdiction before reaching the merits."); *Sierra Club v. United States Army Corps of Eng'rs*, 803 F.3d 31, 42 (D.C. Cir. 2015) ("At the threshold, we must confirm our subject matter jurisdiction."); *Johnson v. Becerra*, 668 F. Supp. 3d 14, 19 (D.D.C. 2023) ("Before it may pass on the merits of Plaintiffs' claims, the Court must first confirm its jurisdiction over this case. Rule 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction, including lack of standing.").

Defendants reserve their right to assert additional challenges to the Third Amended Complaint.[3]

Defendants propose to file their Motions on or before May 3, 2024. The Motions that Defendants plan to file are substantial and 4 weeks is a reasonable time in which to do so. In order to streamline the proceedings, Defendants collectively commit to filing only one brief addressing the Article III and special interest standing issues, as those issues apply equally to all Defendants.

Plaintiffs request Defendants file their Rule 12 Motion by April 19, 2024.

Plaintiffs propose to file their brief in opposition 28 days after the filing of Defendants' Motions.

---

[3] Defendant Impresa Legal Group has recently been added as a defendant to this case and reserves all rights notwithstanding the potential legal arguments noted above. In addition, reference in this status report is made to "Impresa Legal Group." However, Impresa Legal Group is a d/b/a and all rights are reserved to, among other arguments, move to dismiss based on naming an improper party.

Defendants propose to file their reply briefs 14 days after the filing of Plaintiffs' opposition.

## II.     Fact discovery.

### A.     Written and document discovery.

The parties are in agreement on written and document discovery.

With the exception of newly-added defendant Impresa Legal Group, who is entitled to discovery pursuant to the applicable rules, and with the exception of the claim for co-beneficiary liability, the service of interrogatories, document requests, and requests for admission is complete.

As to Impresa, Plaintiffs will serve a single interrogatory and a single document request, and no requests for admission. Plaintiffs will do so no later than April 10, 2024. Impresa will serve discovery to the extent it is entitled to under the applicable rules to defend the claims against it.

As to the claim for co-beneficiary liability, Plaintiffs will serve no additional discovery requests. The Yahoo Defendants shall serve the contention interrogatory ordered by the Court on or before April 5, 2024.

There are limited discovery disputes that may still require the Court's assistance. For example, Plaintiffs dispute the assertion of privilege made by Defendants over several documents. The parties have met and conferred over that dispute for several months, principally via the exchange of correspondence, and have reached impasse. Plaintiffs thus intend to file a motion to compel over the disputed documents no later than April 30, 2024.

As another example, Plaintiffs are still investigating the adequacy and completeness of the Laogai Defendants' search for and production of documents. The parties have met and conferred on this issue, and, if Plaintiffs feel a need to file a motion over this issue, Plaintiffs will do so no later than May 15, 2024.

As another example, there remains a dispute between Defendants on the one hand, and Plaintiffs and third-party Yaxue Cao Ritter (the individual whom is believed to have, at the very

least, served as Plaintiffs' agent when hiring counsel and communicated with those attorneys about the factual basis underlying this lawsuit) on the other, regarding whether certain communications involving Ms. Cao Ritter are privileged. Defendants intend to depose Ms. Cao Ritter before further meeting and conferring on this subject. Subsequently, Defendants will determine whether to seek this Court's intervention.

**B.      Depositions.**

The parties are in agreement on the number of depositions.

Plaintiffs will take no more than 7 additional fact depositions.

At this time, Defendants expect to take 7 additional fact depositions, but reserve the right to depose additional fact witnesses as discovery proceeds.

**C.      Fact discovery cutoff.**

The parties have disputes about the fact discovery cutoff.

***Plaintiffs' position.*** Plaintiffs propose that fact discovery be closed by July 3, 2024. Plaintiffs submit that three months of fact discovery is more than enough time for this case given its advanced stage.

***Defendants' position.*** Defendants propose that fact discovery be closed by September 27, 2024. It will be difficult to complete discovery even by that date for, at least, four reasons.

*First*, the Court has allowed a new party into this case. Impresa has the right to conduct whatever discovery it would normally be entitled to under the Federal Rules.

*Second*, the Parties will need to conduct new discovery on the new claims.

*Third*, the Parties acknowledge that at least 14 depositions will need occur. Those depositions will be significant and will involve in-depth preparation. Additionally, their scheduling may prove difficult given the number of different law firms in the case.

*Fourth*, the parties have identified multiple discovery disputes, several of which relate to complicated privilege issues that could result in supplemental document productions and potentially, the appointment of a special master. Under these circumstances, Plaintiffs' suggestion that all of this could occur in three months is unreasonable.

## III.    Expert discovery.

The parties have disputes about expert discovery. No expert discovery has been conducted.

***Plaintiffs' position.*** Depending on whether Defendants intend to pursue certain defenses, Plaintiffs anticipate putting forward two to four experts, as follows:

- A forensic accounting expert;

- A damages expert;

- An expert to opine on issues relating to "special-interest standing," *i.e.*, if Defendants intend to argue that Plaintiffs lack a special interest in the trust because there are too many potential beneficiaries of the trust, Plaintiffs will put forward an expert witness on that issue.

- An expert to opine on issues relating to the "reasonableness of trustee conduct," *i.e.*, if Defendants intend to argue that it was reasonable for such a miniscule proportion of the trust to be spent on imprisoned Chinese dissidents because of the difficulty of getting funds to such dissidents or their families, Plaintiffs will put forward an expert witness on that issue.

The latter two experts are only necessary if Defendants intend to press those defenses. Plaintiffs are prepared to serve expert reports for all experts by July 3, 2024. Plaintiffs propose that rebuttal reports be served July 24, 2024. Plaintiffs are prepared to take and defend all expert depositions by August 28, 2024. Plaintiffs propose that expert discovery close that same day. Plaintiffs disagree with and do not understand the practical need or legal basis for Defendants' atypical expert protocol.

***Defendants' position.*** Defendants have not decided whether and to what extent it will use testifying expert witnesses. Defendants propose that Plaintiffs identify each expert, and those

experts' general subject matter of expertise, on or before September 6, 2024, and Defendants respond in kind by September 20, 2024. Defendants further propose that Plaintiffs serve expert reports for all experts by October 15, 2024, that Defendants serve expert reports for all experts by November 15, 2024, and that expert discovery close on December 20, 2024. To the extent Plaintiffs wish to serve rebuttal reports, Defendants have no objection.

Contrary to Plaintiffs' assertion, this is not an "atypical expert protocol." Indeed, this Court has used a similar structure on numerous occasions in the past. *See Benjamin v. Rosenberg & Associates, LLC*, Case No. 1:19-cv-03012-RDM, Minute Order at November 24, 2021 (requiring defendant's expert witness disclosures after plaintiff's expert witness disclosures); *Bethesda Management Company v. Bernstein Management Corp*, Case No. 1:14-cv-00606-RDM, Minute Entries on February 18 and 19, 2015 (requiring defendant's expert witness disclosures after plaintiff's expert witness disclosures followed by a rebuttal). Additionally, Defendants' proposal comports with the standard practice in the Eastern District of Virginia. *See* E.D. Va. Local Rule 26.[4] An expert schedule that follows the plaintiff/defendant/rebuttal process avoids inevitable litigation over what constitutes "affirmative" or "responsive" reports, and whether a report is truly "responsive" or not. In the experience of undersigned counsel, this type of expert schedule causes more problems than it solves.

## IV.    Jury Demand

The parties have disputes about whether any issues are triable by a jury.

***Plaintiffs' position.*** Plaintiffs have always understood that this case would be a bench trial because the claims sound in equity. Defendants have had seven years to consider their position on

---

[4] Available at:
https://www.vaed.uscourts.gov/sites/vaed/files/Local%20Rules%20EDVA%20Jan%2018%20202023.pdf

whether they are entitled to a jury trial, and whether they even want one; they should be forced to commit to a position, and the Defendant or Defendants requesting a jury trial should be forced to identify itself to the Court. Without clarity about who is requesting a jury trial or why that party or parties thinks any aspect of this case can even be tried by a jury, Plaintiffs are not able to take a position on whether there should be a jury trial in this case. Defendants' boilerplate citations to Rule 39(b) (authorizing a court to order a jury trial when no demand for a jury trial has been made) and Rule 39(c) (permitting advisory juries) shed no light on their position.

*Defendants' position.* Impresa plans to demand a jury. The other defendants are evaluating the impact of Impresa's forthcoming jury demand as well as the existence of the newly-added claims in this case. In the event the other Defendants elect not to demand a jury under Rule 38 or conclude that no jury could be had in this case, they have a right to demand a jury under Rule 39 and may move the Court regarding same. To the extent Plaintiffs ask the Court to "force" Defendants to elect a jury trial or not at the status hearing, that is inappropriate; jury demands under Rule 38 are routinely made by defendants in answering pleadings, which have not been filed. Moreover, to the extent Defendants seek to empanel an advisory jury under Rule 39(c), there is no obligation for them to do so now. *See* Fed. R. Civ. P. 39(c) (not including any time limitation on when a "motion" should be brought to have the court "try any issue with an advisory jury").

## V.     Trial.

The parties have disputes about the trial procedure for this case.

*Plaintiffs' position.* Given that this is likely a bench trial, Plaintiffs propose to try this seven-year-old case in a "just, speedy, and inexpensive" manner on the papers and to forego summary judgment proceedings. The trial should be structured by having Plaintiffs submitting papers constituting their case-in-chief, including deposition transcripts and associated video, by October 30, 2024. Defendants would then submit their case-in-chief by November 27, 2024.

Plaintiffs would then submit their rebuttal case by December 18, 2024. Plaintiffs further propose that the parties retain the right to seek or produce testimony at a live hearing, for good cause shown, if the parties would be unfairly prejudiced.

Defendants' proposal to kick the can down the road at some to-be-determined scheduling conference violates Rule 1 and is untenable for a case that is seven years old. Defendants again do not actually take a position on trial procedure; they just "do not agree" to Plaintiffs' proposal. Defendants have had seven years to consider their position on how this case should end. That they do not have a position—other than to request more conferences to discuss how the case might end, or that they reflexively do not want anything Plaintiffs suggest—means the Court should adopt Plaintiffs' proposal.

*Defendants' position.* Defendants do not agree to try this matter on the papers, nor do they agree that any witness may testify by means other than live in-court testimony, except as otherwise provided by the Federal Rules of Civil Procedure. Defendants ask that the Court set an in-person scheduling conference after the close of expert discovery for the purposes of scheduling pre-trial deadlines, including but not limited to deadlines for filing motions for summary judgment, motions *in limine*, motions under *Daubert v. Merrill Dow Pharmaceuticals* and Federal Rule of Evidence 702, witness and exhibit lists, deposition designations, pre-hearing briefs (if applicable), the filing of proposed findings of fact and conclusions of law (if applicable), the filing of proposed jury instructions (if applicable), and the dates for a Final Pretrial Conference and Trial. *See Aaron v. American Multi-Cinema, Inc.*, Case No. 1:15-cv-780 (RDM), ECF No. 20 ("The Court will set dates for the pretrial conference and trial after the resolution of any dispositive motion or, if no dispositive motion is filed, after the deadline for filing dispositive motions."), vacated on other grounds by minute order (Dec. 2, 2015), ECF No. 28 (scheduling trial date after dispositive motion

deadline), vacated by minute order (Jan. 26, 2017). Given the foregoing, Plaintiffs are incorrect that Defendants "do not actually take a position on trial procedure."

As required by Federal Rule of Evidence 43, trial ought to be held, with live testimony in open court presented by fact and expert witnesses, demonstrative and documentary evidence considered by the finder of fact, and the potential impaneling of a jury to consider such evidence. As previously noted in this District, "the demeanor of witnesses bears importantly on their credibility, and to the extent that credibility is involved, personal testimony is essential[.]" *U. S. v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 339–40 (D.D.C. 1979).

Dated: April 1, 2024      Respectfully submitted,

               FARRA & WANG PLLC
               */s/ Times Wang*
               Times Wang (D.C. Bar 1025389)
               Adam H. Farra (D.C. Bar 1028649)
               1300 I Street NW, Suite 400E
               Washington, DC 20005
               Telephone: (202) 505-6227
               twang@farrawang.com
               afarra@farrawang.com

               SLARSKEY LLC
               David Slarskey (admitted pro hac vice)
               Evan Fried (admitted pro hac vice)
               420 Lexington Ave., Suite 2525
               New York, NY 10170
               Telephone: (212) 658-0661
               dslarskey@slarskey.com
               efried@slarskey.com

               *Counsel for Plaintiffs*

               MCGUIRE WOODS LLP
               */s/ John J. Woolard*
               Brian E. Pumphrey (admitted *pro hac vice*)
               Garrett H. Hooe (admitted *pro hac vice*)
               John J. Woolard (D.C. Bar No. 1614841)
               800 East Canal Street
               Richmond, VA 23219

Telephone: (804) 775-7745
Facsimile: (804) 775-7065
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com
jwoolard@mcguirewoods.com

*Counsel for Defendants Oath Holdings, Inc.,*
*Michael Callahan, and Ronald Bell*

CHARNOFF SIMPSON PLLC
*/s/ Mikhael D. Charnoff*
Mikhael D. Charnoff (D.C. Bar 476583)
111 Church Street NW
Suite 202 A
Vienna, VA 22180
Telephone: 703-291-6650
mike@charnoffsimpson.com

*Counsel for defendant Estate of Harry Wu*

IMPRESA LEGAL GROUP
*/s/ George E. Kostel*
George E. Kostel (D.C. Bar 1000015)
Jason P. Matechak (D.C. Bar 461194)
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Telephone: (703) 842-0660
georgekostel@impresalegal.com
jasonmatechak@impresalegal.com

LAW FIRM OF WILLIAM BLAKELY
William Douglas Blakely (D.C. Bar 326793)
10908 Thimbleberry Ln
Great Falls, VA 22066
Telephone: (703) 430-4398
wblakely@williamblakelylaw.com

*Counsel for defendants Laogai Research*
*Foundation and Laogai Human Rights*
*Organization*

CARR MALONEY P.C.

13

<u>/s/ J. Peter Glaws, IV</u>
J. Peter Glaws, IV (D.C. Bar 1013049)
2000 Pennsylvania Ave., NW, Suite 8001
Washington, D.C. 20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
peter.glaws@carrmaloney.com

*Counsel for Defendant Impresa Legal Group*