IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al*.<br><br>　　　　　Plaintiffs<br><br>　　　　v.<br><br>OATH HOLDINGS, INC., *et al*.,<br><br>　　　　　Defendants. | No. 1:17-0635-RDM<br><br>Judge Randolph D. Moss |

### LRF'S REPLY MEMORANDUM IN FURTHER
### SUPPORT OF ITS MOTION TO CANCEL LIS PENDENS

　　Defendant, Laogai Research Foundation, ("LRF"), by counsel, pursuant to Fed. R. Civ. P. 7(b) and D.C. Code § 42.1-1207 files the Reply Memorandum in Further Support of its Motion to Cancel the *lis pendens* filed by Plaintiffs on LRF's real property in the District of Columbia.

### Summary of Argument

　　Plaintiffs do not assert an interest in the title to any real property. The arguments and lack of documentary support in their Opposition make this incontrovertible. They do not attach a mortgage, lease, easement, competing deed or any other document that would affect LRF's unfettered title to its D.C. property (the "Property"). Plaintiffs instead rely on equitable notions from cases decided under prior law (from 2008), in which simply mentioning the words "constructive trust" were sufficient to support a *lis pendens*. They further do not dispute that D.C. expressly changed its statute years ago, and specifically did so to curb the flagrant abuse of

1

the *lis pendens* process in cases such as this one, where no interest in title is being litigated (the "Lis Pendens").  The facts here do not present a close call:  the Lis Pendens should be cancelled.[1]

## ARGUMENT

I.   NONE OF THE FOUR COMPLAINTS IN THIS CASE SEEK OWNERSHIP OF OR ASSERT AN INTEREST IN TITLE TO THE PROPERTY.

Seven years and four complaints into this litigation, Plaintiffs have yet to assert an "interest in title to" LRF's Property.  They assert no theory that would install them as owners or tenants of the Property.  Likewise, Plaintiffs don't even allege the Property is the Property of the Trust, or that upon relief granted the Property would be automatically transferred to the Trust.

Plaintiffs do not dispute that LRF is the record owner of the Property.  They do not dispute that LRF acquired clean title to the Property when it was purchased in 2012.[2]  In other words, even if this Court held a summary hearing on the merits, and in so doing granted Plaintiffs the entirety of the relief they sought, they could not be awarded any ownership interest in Property subject to the Lis Pendens, nor would they be granted a tenancy. Plaintiffs have a claim for money damages and assert that assets of the Trust were used to purchase the Property. At this stage, Plaintiffs have not proven that they are the Trust owners or outlined whom they believe are the Trust's beneficiaries. Indeed, their theory of standing the Defendants has eroded

---

[1] Perhaps realizing that the facts and the law are not in their favor, Plaintiffs ask for alternative relief.  They appear to ask for reversal of the Court's preliminary injunction Order, and ask that it, *sua sponte,* effectively garnish any sale proceeds and oversee them until trial by placing them in some sort of new trust.  The Court should reject this invitation to revise D.C. law and replace it with a statute of its own creation.

[2] Plaintiffs do not question the mechanics of the Property's acquisition, only the source of funds used to acquire it.  They have never made a claim against the title insurance policy issued when LRF acquired the Property saying they were the rightful owners or that there was a cloud on the title.. Their claims to "ownership" are based solely on the trust allegations, not on any contract or other possessory right.

2

with each successive version of the facts in the complaint. What is clear, however, is that no matter how many chances they have had to amend, the Complaint has never included a discernable claim in or affecting title to the Property. Plaintiffs' brief in opposition notwithstanding, they seek money damages, reformation of, and control over "the Trust." Read in the broadest sense, the Third Amended Complaint alleges that Defendants misappropriated Trust funds for their own benefit. This is precisely the type of case the D.C. Court of Appeals held does not support the filing of a *lis pendens*.

In *Garcia v. Tygier*, 295 A. 3d 594 (D.C. 2023), the Court of Appeals removed any doubt that the purpose of the revision was to correct the "flaws" in prior law allowing unaffected property to be tied up by litigation unrelated to it:

> The Council revised the statute in 2010 to address the *"issues" created by Heck* and to "correct[] flaws in the law." The Council sought to (1) "***limit the applicability of the lis pendens doctrine to properties directly at issue in the underlying litigation,***" and (2) "create an ability for affected property owners to obtain a court order cancelling the lis pendens prior to final resolution of the underlying litigation." The Council wanted to prevent real property from being "tied up for years" even if the "claimant's case is weak or the affected property is not directly at issue."

*Garcia*, 295 A.3d at 602 (emphasis added) (quoting the legislative history of the Lis Pendens Amendment Act of 2010).[3]

Importantly, the *Garcia* court did more than simply opine on the scope of the revised statute; it analyzed legislative history leading to its revision. In addition to the above, it held that "[t]he Report on the Bill categorically states that the [D.C.] Council revised subsection (b) and

---

[3] The Opposition does not distinguish, or even mention, *Garcia*, the seminal case on this subject decided just 10 months ago. Instead, they rely on an older case interpreting prior law. *See Heck v. Adamson,* 941 A.2d 1028 (D.C. 2008). Given the change in law, and that the legislature "reacted" to *Heck* in amending it, that case has been at least implicitly overruled. *See Garcia*, 295 A.3d at 603.

added subsection (j) to "specif[y] that the doctrine of lis pendens cannot be applied to real property *tangentially related to the dispute,* such as was the case in *Heck v. Adamson* [,] 941 A.2d 1028 (D.C. 2008)*" Id*. at 603 (emphasis added).  The "issues created by *Heck*" were the overuse of the *lis pendens* remedy any time a party claimed a real estate asset was subject to a constructive trust.  *See id.* at 602-03,

In support of the propriety of their Lis Pendens, Plaintiffs located a non-DC case addressing a seller's lien in bananas and other "perishable agricultural commodities," not real estate.  *Chiquita Fresh N. Am. LLC v. Fierman Produce Exch. Inc.,* 198 F. Supp. 3d 171 (E.D.N.Y. 2016), *adhered to*, No. 14-CV-0982(ADS)(AKT), 2016 WL 11795224 (E.D.N.Y. Nov. 30, 2016).  Trying to apply *Chiquita* here is like comparing apples to bananas.  It does not address the affect of litigation on real estate interests, and deals with the sale of goods, similar to a UCC-style lien.  *See* 7 U.S.C. § 499e (allowing the sale of produce on credit to protect sellers).  It offers no guidance on when a party has sufficiently asserted a claim "affecting title" to real property.

*Garcia* is far more helpful to the analysis.  There, the plaintiff asserted that defendant purchased real estate using money that was fraudulently conveyed in order to avoid its efforts to collect.  The plaintiff filed a *lis pendens* even though it was only asserting a "constructive trust" against the money that was ultimately used to purchase the real estate.  *Garcia*, 295 A.3d at 600.  The court cancelled the *lis pendens*, finding that the claim was purely one for money damages, which would give the Plaintiff a personal judgment only against the defendant, rather than a lien on the real estate that was wrongfully purchased.  *Id.*  Thus, the plaintiffs had not asserted an "interest in title" to the purchased property.  Because Plaintiffs assert no theory of relief

4

impacting or calling into question title to the Property, nor do they assert any right to possession or control of the Property, *Garcia* compels cancellation of the Lis Pendens.

## II. PLAINTIFFS INVITE THE COURT TO CREATE ITS OWN ATTACHMENT REMEDY AND REVERSE ITS OWN PRELIMINARY INJUNCTION ORDER.

Plaintiffs contorted constructive trust allegations fail to meet the statutory requirements for a valid lis pendens under current law. Because they cannot come close to meeting the requirements, as a full back position, Plaintiffs invite the Court (without citation to a statute or Rule) to exercise extraordinary judicial intervention and place the proceeds of the anticipated sale of the Property into a separate trust. In short, they answer the motion by asking this Court to enter a pre-trial attachment without filing a motion, requesting a hearing, offering evidence or any representation that they can meet the stringent attachment standards (such as posting a bond and proving the debt), all without offering LRF a chance to respond. The Court already considered and rejected this request when it denied their request for an injunction. No new evidence is offered as to how any money has been spent inappropriately in the past 16 years. This extraordinary request should be denied.

When a party cannot satisfy D.C. law for attachment of assets, the Court should not on a case-by-case basis create its own framework for regulating litigants' use of their property. A blanket assertion that these Plaintiffs have standing and think they are entitled to take control of a trust containing $17 million is insufficient and assumes they will prevail on each of the many disputed issues. Awarding Plaintiffs pretrial relief without satisfying any of the rigorous evidentiary standards and security requirements would reverse the burden of proof in civil litigation, forcing defendants to prove they did nothing wrong just to retain control of their assets so they can (only after making such a showing) exercise their Due Process, confrontation, and other invaluable constitutional rights.

**Conclusion**

Since its filing, the Lis Pendens has served as a significant limitation on LRF's operation, which now jeopardizes its ability to fulfill its mission to educate the public and support Chinese dissidents and their activities, consistent with its charter and mission statement. For four years, the Lis Pendens has been a risk-free way for Plaintiffs to exert control over an LRF asset. They have no exposure, yet are able to control a very valuable property, jeopardizing LRF's efforts to best utilize its assets and revitalize a dormant corner of the District. The contemplated transaction would allow exactly that. Currently, LRF is handcuffed in its daily activities by allegations made well after it acquired the Property that did not affect its acquisition of clear title to it. The Lis Pendens should be cancelled and LRF should be awarded its costs of pursuing this Motion as allowed by D.C. Code § 42.1-1207.

Respectfully submitted,

THE LAOGAI RESEARCH FOUNDATION
By Counsel

IMPRESA LEGAL GROUP

/s/ *George E. Kostel*
George E. Kostel, Esq.
DC Bar No. 1000015
Richard K. Kelsey
DC Bar No. 90008993
3033 Wilson Boulevard Suite 700
Arlington, VA 22201
(703) 203-6984
Fax: (703) 684-1851
Email: georgekostel@impresalegal.com

*Counsel for The Laogai Research Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April 2024, I filed LRF's Reply Memorandum in Further Support of its Motion to Cancel Lis Pendens using the Court's CM/ECF service which will issue a NEF to the following counsel of record:

Times Wang
Farra & Wang PLLC
1300 I Street NW, Ste 400E
Washington, DC 20005
twang@farrawang.com

David Slarskey
Evan Fried
SLARSKEY, LLC
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com
*Counsel for Plaintiffs*

Mickael D. Charnoff
CHARNOFF SIMPSON, PLLC
111 Church Street NW, St. 202A
Vienna, VA 22201
mike@charnoffsimpson.com
*Counsel for Estate of Harry Wu*

Brian E. Pumphrey
Garrett H. Hooe
800 East Canal Street
Richmond, VA 23219
bpumphrey@mcguirewoods.com
*Counsel for Defendants Oath Holdings, Inc., Michael Callahan, and Ronald Bell*

                                              */s/ George E. Kostel*
                                              George E. Kostel