# Exhibit 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

               Plaintiffs,

        v.

OATH HOLDINGS, INC., *et al.*,

               Defendants.

No. 1:17-0635-RDM

Judge Randolph D. Moss

**PLAINTIFFS' THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE YAHOO DEFENDANTS' REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Subject to their general objection to the imposition of any obligation inconsistent with or beyond that required by the Federal Rules of Civil Procedure, Plaintiffs He Depu, Li Dawei, Xu Yonghai, Xu Wanping, Ouyang Yi, and Wang Jinbo further supplement their objections and responses to Defendants Oath Holdings, Inc., Michael Callahan, and Ronald Bell's ("Yahoo Defendants") First Sets of Requests for Production ("RFP") and Interrogatories as follows.

**PLAINTIFFS' THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE YAHOO DEFENDANTS' REQUESTS FOR DOCUMENTS[1]**

1.    *All documents and communications between you and any other person concerning this Litigation, and the subjects and issues relating to this Litigation.*

       **Plaintiffs object that this request is overbroad, unduly burdensome, duplicative, disproportionate, calls for privileged information, and is vague and ambiguous as to "subjects and issues." For example, a potential reading of this request might include political censorship by the Chinese Communist Party as an "issue relating to this Litigation." But to require Plaintiffs to produce "all documents and communications" between themselves and anyone else on that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant**

---

[1] Plaintiffs' third supplemental objections and responses to the RFPs reflect the fact that the RFPs to each Plaintiff are identical except for RFPs 9 and 11-18, which differ by beginning dates, and that Plaintiffs' objections and responses to each RFP is identical. Plaintiffs reiterate their objection to the RFPs' instruction that Plaintiffs' responses to the RFPs be made "under oath," which is not required by Rule 34.

information. And given that Plaintiffs are political dissidents who have spent time in prison for their political activities, a potential reading of this request might encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant. Finally, any reading of this request would call for documents and communications between Plaintiffs and their counsel about this litigation, and thus would call for privileged information.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action, and excluding documents that relate generally to the topic of political censorship in the PRC.

2.   *All documents and communications between you and any other person relating to the allegations in the Complaint.*

Plaintiffs object that this request is overbroad, unduly burdensome, duplicative, disproportionate, and calls for privileged information. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party "relates to the allegations in the Complaint." But to require Plaintiffs to produce "all documents and communications" between themselves and anyone else on that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. And given that Plaintiffs are political dissidents who have spent time in prison for their political activities, a potential reading of this request might encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant. Finally, any reading of this request would call for documents and communications between Plaintiffs and their counsel about this litigation, and thus would call for privileged information.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

3.   *All documents and communications relating to any facts, conduct, or events alleged in the Complaint, including but not limited to Documents that were mentioned in, referred to, identified in or relied upon in the Complaint.*

**Plaintiffs object that this request is overbroad, unduly burdensome, duplicative, disproportionate, and calls for privileged information. For example, a potential reading of this request might include political censorship by the Chinese Communist Party as a "fact, conduct, or event alleged in the Complaint." But to require Plaintiffs to produce "all documents and communications" relating to that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. And given that Plaintiffs are political dissidents who have spent time in prison for their political activities, a potential reading of this request might encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant. Finally, any reading of this request would call for documents and communications between Plaintiffs and their counsel about this litigation, and thus would call for privileged information.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents identified in the complaint, as well as all non-privileged documents relating to the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

4.   *All documents and communications that were reviewed, referred to, and/or utilized in preparing your answers to Oath's First Set of Interrogatories to you.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential reading of this request might include documents reviewed by counsel relating to the Federal Rules of Civil Procedure to determine Plaintiffs' obligations in responding to the referenced interrogatories, which would plainly be overbroad. Determining "all documents and communications" falling into this category would also be unduly burdensome and disproportionate.**

**Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

5.    *All documents provided by you to any expert(s) whom you intend to call or may call as a witness or witnesses at trial and all documents concerning any facts or opinions about which each such expert is expected to testify.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, premature, inconsistent with Fed. R. Civ. P. 26(a)(2), (b), and the operative scheduling order, which states that "[e]xpert discovery shall commence no earlier than the fact discovery cutoff[,]" which is January 31, 2023. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party is a "fact about which" an expert is expected to testify. But to require Plaintiffs to produce "all documents concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. And given that Plaintiffs are political dissidents who have spent time in prison for their political activities, a potential reading of this request might encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant. If and when Plaintiffs make an expert disclosure under Rule 26(a)(2) and (b) and the operative scheduling order, Plaintiffs will provide the information required by that rule and that order.**

6.    *All communications between you and any expert whom you expect to testify.*

**Plaintiffs object that this request is inconsistent with Fed. R. Civ. P. 26(a)(2), (b), and the operative scheduling order, which states that "[e]xpert discovery shall commence no earlier than the fact discovery cutoff[,]" which is January 31, 2023. If and when Plaintiffs make an expert disclosure under that rule and order, Plaintiffs will provide the information required by that rule and order.**

7.    *All documents, communications, reports, or drafts of reports prepared by, received from, or sent to any experts whom you have retained in connection with this Litigation.*

**Plaintiffs object that this request is inconsistent with Fed. R. Civ. P. 26(a)(2), (b), and the operative scheduling order, which states that "[e]xpert discovery shall commence no earlier than the fact discovery cutoff[,]" which is January 31, 2023. If and when Plaintiffs make an expert disclosure under that rule and order, Plaintiffs will provide the information required by that rule and order.**

8.    *All documents you have shared with any party, or non-party, to this Litigation relating to the subject matter of the Litigation.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and vague and ambiguous as to "subject matter of the Litigation." For example, a potential reading of this request might be that political censorship by the Chinese Communist Party is part of the "subject matter of the Litigation." But to require Plaintiffs to produce "all documents concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. And given that Plaintiffs are**

political dissidents who have spent time in prison for their political activities, a potential reading of this request might encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

9.   *All documents and communications between you and the Chinese government relating to your political activities and speech from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and vague and ambiguous as to "political activities and speech." For example, a potential reading of this request might be that public warnings issued by the Chinese Communist Party not to engage in certain speech or conduct are "documents and communications between you and the Chinese government relating to your political activities and speech." But to require Plaintiffs to produce all such materials would plainly be overbroad, unduly burdensome, disproportionate, and would also sweep in plainly irrelevant information.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

10.   *All documents and communications between you and the Chinese government relating to this Litigation.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and vague and ambiguous as to "political activities and speech." For example, a potential reading of this request might be that public warnings issued by the Chinese Communist Party not to engage in certain speech or conduct are "documents and communications between you and the Chinese government relating to this Litigation." But to require Plaintiffs to produce all such materials would plainly be overbroad, unduly burdensome, disproportionate, and would also sweep in plainly irrelevant information.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including

documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request.

11.   *All documents and communications between you and the Chinese government relating to the allegations in the Complaint from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and vague and ambiguous as to "political activities and speech." For example, a potential reading of this request might be that public warnings issued by the Chinese Communist Party not to engage in certain speech or conduct are "documents and communications between you and the Chinese government relating to the allegations in the Complaint." But to require Plaintiffs to produce all such materials would plainly be overbroad, unduly burdensome, disproportionate, and would also sweep in plainly irrelevant information.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

12.   *All documents and communications between you and any political party, organization, or group relating to your monetary contributions to that political party, organization, or group from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is irrelevant, overbroad, unduly burdensome, and disproportionate. For example, a potential reading of this request might be that taxes paid to the government of the People's Republic of China constitute "monetary contributions" to an "organization or group." But to require Plaintiffs to produce "all documents and communications" relating to such payments would plainly be irrelevant, overbroad, unduly burdensome, and disproportionate. More generally, information about Plaintiffs' monetary contributions to "any political party, organization, or group" are not relevant to any claim or defense in this action.

13.   *All documents and communications between you and any humanitarian organization relating to your political activities and speech from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is overbroad, unduly burdensome, and disproportionate. For example, a potential reading of this request might be that appeals made to organizations like Amnesty International by Plaintiffs' family

6

members in connection with their imprisonment are "documents and communications between you and any humanitarian organization relating to your political activities and speech." But to require Plaintiffs to produce all such materials would plainly be irrelevant, overbroad, unduly burdensome, and disproportionate.

Subject to and without waiving these objections, Plaintiffs will produce their communications with the Yahoo Human Rights Fund and its trustees.

14.    *All documents and communications relating to your criminal record (regardless whether that criminal record is justified or not) in any country from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party "relates to Plaintiffs' criminal record." But to require Plaintiffs to produce "all documents and communications concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. Moreover, even a narrower reading of this request would encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

15.    *All documents and communications relating to any criminal proceeding against you in any country from January 1, [1991, 1992, 1993, 1995], to the present.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party "relates to criminal proceedings against Plaintiffs." But to require Plaintiffs to produce "all documents and communications concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. Moreover, even a narrower reading of this request would encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

16.    *All documents and communications relating to any incarceration you have suffered in any country relating to your political or speech activities from January 1, [1991, 1992, 1993, 1995], to the present.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party "relates to Plaintiffs' incarceration." But to require Plaintiffs to produce "all documents and communications concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. Moreover, even a narrower reading of this request would encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.**

**Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.**

17.    *All documents and communications relating to any punishment, retribution, or other adverse consequence you have suffered in any country relating to your political or speech activities from January 1, [1991, 1992, 1993, 1995], to the present.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential reading of this request might be that political censorship by the Chinese Communist Party "relates to punishment, retribution, or other adverse consequence" Plaintiffs have suffered for their political activities and speech. But to require Plaintiffs to produce "all documents and communications concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. Moreover, even a narrower reading of this request would encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.**

**Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.**

18.    *All documents and communications relating to your expression of free speech in the China that led to you suffering an adverse consequence from the Chinese government from January 1, [1991, 1992, 1993, 1995], to the present.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, and calls for privileged information. For example, a potential**

reading of this request might be that political censorship by the Chinese Communist Party "relates to Plaintiffs' expression of free speech." But to require Plaintiffs to produce "all documents and communications concerning" that topic would plainly be overbroad and disproportionate, and would also sweep in plainly irrelevant information. Moreover, even a narrower reading of this request would encompass very nearly every document and communication they have ever had that touches on their incarceration, which would plainly be unduly burdensome, not to mention irrelevant.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

19. *All documents and communications between you and the United States federal government relating to the subject matter of this Litigation.*

Plaintiffs object that this request is irrelevant, overbroad, unduly burdensome, and vague and ambiguous as to "the subject matter of this Litigation." For example, a potential reading of this request might be that appeals for assistance made to the United States government by Plaintiffs' family members and representatives in connection with their imprisonment are "documents and communications between you and the United States federal government relating to the subject matter of this Litigation." But to require Plaintiffs to produce all such materials would plainly be irrelevant, overbroad, unduly burdensome, and disproportionate.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.

20. *All documents and communications relating to any lawsuit relating to the subject matter of this Litigation or anything mentioned in the Complaint.*

Plaintiffs object that this request is irrelevant, overbroad, unduly burdensome, calls for privileged information, and vague and ambiguous as to "the subject matter of this Litigation." For example, a potential reading of this request might be that political repression by the Chinese Communist Party "relates to the subject matter of this Litigation" and is something "mentioned in the Complaint," while a legal challenge to a denial of a political asylum application by a Chinese dissident might be a "lawsuit relating" to such matters. But to require Plaintiffs to produce "all documents and communications concerning" such legal challenges would plainly be overbroad, disproportionate, and unduly burdensome, and would also sweep in plainly irrelevant information.

Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents relating to the Yahoo Human Rights Fund.

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

21.  *All documents and communications supporting your contention that you are entitled to recover any judgment from any defendant in this Litigation.*

**Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. And given that the operative complaint relies almost entirely on documents that the Yahoo Defendants already have, such as Yahoo's SEC filings, for Plaintiffs' contention that they are entitled to a recovery, it would be unduly burdensome for Plaintiffs to separately produce documents like Yahoo's SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

22.  *All documents and communications that tend to undermine your contention that you are entitled to recover any judgment from any defendant in this Litigation.*

**Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, at this stage of the litigation, Plaintiffs do not believe that there are *any* documents that "undermine" their contention in this regard. Certainly, Plaintiffs do not believe they uniquely possess any such documents, such that, if there are such documents, they are either in defendants' possession, or they are publicly available, in which case it would be unduly burdensome for Plaintiffs to try to figure out what those documents are and then produce them to the Yahoo Defendants.**

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request.

23.    *All documents and communications relating to the Yahoo Human Rights Fund.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to the Yahoo Human Rights Fund.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

24.    *All documents and communications relating to the Yahoo! Irrevocable Human Rights Trust 2009.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund, which in turn relates to the Yahoo! Irrevocable Human Rights Trust 2009. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to the Yahoo! Irrevocable Human Rights Trust 2009.

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

25. *All documents and communications relating to Harry Wu.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Harry Wu and the Yahoo Human Rights Fund. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to Harry Wu in the context of the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

26. *All documents and communications relating to the LHRO.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund, which in turn relates to the LHRO. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to the LHRO.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

27.   *All documents and communications relating to the Doe Defendants.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available, and is premature, because additional discovery is needed to identify the Doe Defendants. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund, which in turn relates to the Doe Defendants. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to potential Doe Defendants.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

28.   *All documents and communications relating to the LRF.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund, which in turn relates to the LRF. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to the LRF in the context of the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

29.   *All documents and communications relating to the LRF-CA.*

13

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund, which in turn relates to the LRF-CA. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to the LRF-CA in the context of the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

30.    *All documents and communications relating to Yahoo.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning the Yahoo Human Rights Fund. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants. As another example, Plaintiffs all previously had Yahoo email accounts, and a potential reading of this request might include every email in those accounts, which would plainly be overbroad, unduly burdensome, disproportionate, and irrelevant.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to Yahoo in the context of the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

31.    *All documents and communications relating to Michael Callahan.*

14

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning Michael Callahan. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to Michael Callahan.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

32.    *All documents and communications relating to Ronald Bell.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, Yahoo has made many SEC filings mentioning Ronald Bell. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to Ronald Bell.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

33.    *All documents and communications relating to your requests for distributions from the Yahoo Human Rights Fund, the LHRO, the LRF, or the YIHRT.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, there are SEC filings mentioning concerns relating to the Yahoo Human Rights Fund, which potentially relate to Plaintiffs' requests for assistance

15

from the Fund. But given that these are public and also already in the Yahoo Defendants' possession, it would be unduly burdensome to require Plaintiffs to separately produce Yahoo's own SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to their interactions with the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request.

34.    *All your complaints or communications sent to the Yahoo Human Rights Fund, the LHRO, the LRF, or the YIHRT.*

Plaintiffs will produce non-privileged documents relating to their interactions with the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request.

35.    *All documents and communications relating to your contention that you were entitled to distributions from the Yahoo Human Rights Fund, the LHRO, the LRF, or the YIHRT.*

Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. And given that the operative complaint relies almost entirely on documents that the Yahoo Defendants already have, such as Yahoo's SEC filings, for Plaintiffs' contention that they are entitled to a recovery, it would be unduly burdensome for Plaintiffs to separately produce documents like Yahoo's SEC filings to the Yahoo Defendants.

Subject to and without waiving these objections, Plaintiffs will produce documents evidencing that they meet the criteria of the Yahoo Human Rights Fund, including documents evidencing their imprisonment by the government of the People's Republic of China, such as the verdicts in their respective cases.

SUPPLEMENTAL RESPONSE:

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

36.   *All documents and communications relating to funds you have received from any humanitarian organization and/or charitable trust.*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is overbroad because funds received from entities other than the Yahoo Human Rights Fund are not relevant to any claim or defense in this action.**

**Subject to and without waiving these objections, Plaintiffs will produce non-privileged documents relating to their interactions with the Yahoo Human Rights Fund.**

37.   *All documents and communications supporting your contention that Yahoo has acted with recklessness, willfulness, and/or bad faith.*

**Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. And given that the operative complaint relies on documents that the Yahoo Defendants already have, such as Yahoo's SEC filings, for Plaintiffs' contention that Yahoo acted with recklessness, willfulness, and/or bad faith, it would be unduly burdensome for Plaintiffs to separately produce documents like Yahoo's SEC filings to the Yahoo Defendants.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

38.   *All document and communications supporting your contention that Michael Callahan has acted with recklessness, willfulness, and/or bad faith.*

**Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of**

discovery, particularly when, as here, that information will tend to be in the propounding party's possession. And given that the operative complaint relies on documents that the Yahoo Defendants already have, such as Yahoo's SEC filings, for Plaintiffs' contention that Callahan acted with recklessness, willfulness, and/or bad faith, it would be unduly burdensome for Plaintiffs to separately produce documents like Yahoo's SEC filings to the Yahoo Defendants.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

39.     *All documents and communications supporting your contention that Ronald Bell has acted with recklessness, willfulness, and/or bad faith.*

Plaintiffs object that this request is premature and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. And given that the operative complaint relies on documents that the Yahoo Defendants already have, such as Yahoo's SEC filings, for Plaintiffs' contention that Bell acted with recklessness, willfulness, and/or bad faith, it would be unduly burdensome for Plaintiffs to separately produce documents like Yahoo's SEC filings to the Yahoo Defendants.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

40.     *All documents and communications relating to you alter ego allegations in paragraph 156 of the Complaint.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding Harry Wu's relationship with the LRF.

18

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

41.   *All documents and communications relating to your contention that you are members of a "small, sharply defined, and numerically limited class of Trust beneficiaries" as stated in paragraph 157 of the Complaint.*

**Plaintiffs object that this request is premature, and that such documents and communications are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery.**

**Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents in their possession, custody, or control that support Plaintiffs' contention that they have the right to enforce the Yahoo Human Rights Fund's humanitarian purpose.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

42.   *All documents and communications supporting your contention in paragraph 158 of the Complaint. See Second Amended Complaint, ¶ 158 ("158. Nor are there are so many persons meeting these requirements that the beneficiary class is uncertain and limitless.").*

**Plaintiffs object that this request is premature, and that such documents and communications are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. It is premature because, as with contention interrogatories, requests for information supporting a litigant's contentions are typically deferred the end or near the end of discovery.**

**Subject to and without waiving these objections, Plaintiffs will produce all non-privileged documents in their possession, custody, or control that support Plaintiffs' contention that they have the right to enforce the Yahoo Human Rights Fund's humanitarian purpose.**

**SUPPLEMENTAL RESPONSE:**

19

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

43.  *All documents and communications relating to any claim for political asylum or refugee status you have made.*

**Plaintiffs object that this request is irrelevant, overbroad, unduly burdensome, disproportionate, and calling for privileged information. Any Plaintiffs' claims for political asylum or refugee status is not relevant to any claim or defense in this action.**

44.  *All documents and communications relating to the Complaint's allegations in the first claim for relief (breach of trust).*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.**

**Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.**

**SUPPLEMENTAL RESPONSE:**

**Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.**

45.  *All documents and communications relating to the Complaint's allegations in the second claim for relief (modification of trust).*

**Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the**

propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

46.   *All documents and communications relating to the Complaint's allegations in the third claim for relief (third-party liability for breach of trust).*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.

SUPPLEMENTAL RESPONSE:

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

47.   *All documents and communications relating to the Complaint's allegations in the fourth claim for relief (principal-agent liability for breach of trust).*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of

discovery, particularly when, as here, that information will tend to be in the propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

48.  *All documents and communications relating to the Complaint's allegations in the fifth claim for relief (civil conspiracy).*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

49.  *All documents and communications relating to the Complaint's allegations in the sixth claim for relief (restitution).*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information

22

*supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, that information will tend to be in the propounding party's possession. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding the Yahoo Human Rights Fund.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

50.    *All documents and communications relating to your damages you contend you have suffered in this action.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, it is unduly burdensome and premature because, as with contention interrogatories, even requests for information *supporting* a litigant's contentions are typically deferred the end or near the end of discovery, particularly when, as here, at least some of that information will tend to be in the propounding party's possession, such as information relating to punitive damages. This request is broader in that it asks for documents that don't just support the allegation, but relate to the allegation.

Subject to and without waiving these objections, Plaintiffs state that they will produce all non-privileged documents in their possession regarding damages.

**SUPPLEMENTAL RESPONSE:**

Plaintiffs have substantially produced all non-privileged documents in their possession, custody, or control responsive to this request, excluding documents produced by others in discovery in this action.

51.    *All documents and communications not produced in response to the foregoing requests that You may seek to introduce at the trial of this Litigation.*

Plaintiffs object that this request is overbroad, unduly burdensome, disproportionate, duplicative, premature, calls for privileged information, and calls for the production of documents that are as or more likely to be in the Yahoo Defendants' possession, custody, or control as in Plaintiffs', including because they are publicly available. For example, at this stage of the litigation, the universe of

**documents that Plaintiffs "may seek to introduce at trial" encompasses virtually every document produced in this litigation, as well as documents that have yet to be produced. To require Plaintiffs to produce all such documents now is plainly overbroad, unduly burdensome, and premature.**

## PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE YAHOO DEFENDANTS' INTERROGATORIES[2]

1.   *Identify any and all persons answering and/or assisting in providing information or otherwise in answering these interrogatories and specify which interrogatories and/or requests each such person answered or assisted in answering.*

     **Plaintiffs objects that this interrogatory seeks irrelevant information and calls for privileged information. Subject to and without waiving these objections, Yaxue Cao-Ritter assisted with answering these interrogatories in her capacity as Plaintiffs' translator.**

2.   *Identify and describe all documents that you may seek to introduce into evidence in this Litigation.*

     **Plaintiffs object that this interrogatory is overbroad, unduly burdensome, and premature, as discovery is incomplete. For example, at this stage of the litigation, the universe of documents that Plaintiffs "may seek to introduce into evidence" encompasses virtually every document produced in this litigation, as well as documents that have yet to be produced. To require Plaintiffs to identify and describe all such documents now is plainly overbroad, unduly burdensome, and premature.**

3.   *Identify each witness who may testify at any hearing and/or trial in this Litigation, along with any documents, reports, or communications created by or relied upon by the witness, and describe the subject matter of the testimony upon which each witness may testify.*

     **Plaintiffs object that this interrogatory is overbroad, unduly burdensome, and premature, as discovery is incomplete. For example, at this stage of the litigation, the universe of witnesses who "may testify at any hearing or trial" potentially encompasses every potential witness listed on every party's initial disclosures, as well as witnesses that have yet to be identified. To require Plaintiffs to identify and describe each such witness now is plainly overbroad, unduly burdensome, and premature.**

4.   *Identify the existence, custodian, location, and general description of documents, communications, and other physical evidence or information of a similar nature which*

---

[2] Plaintiffs' supplemental objections and responses to the interrogatories reflect the fact each of the interrogatories is identical, and that, except for interrogatory 5, so too are each Plaintiff's objections and responses.

*reflect, memorialize, refer to, or otherwise relate to the claims in the Complaint, or that are otherwise related to this Litigation.*

**Plaintiffs object that this interrogatory is overbroad, unduly burdensome, vague and ambiguous, and calls for privileged information. For example, "information … related to this Litigation" might include information about political censorship in the People's Republic of China. To require Plaintiffs to identify "the existence, custodian, location, and general description of" such "information" would plainy be overbroad and unduly burdensome. Subject to and without waiving these objections, Plaintiffs refer the Yahoo Defendants to their initial disclosures.**

5.   *Identify and describe in detail all facts relating to your application for funds from the YHRF, LRF, LHRO, and/or YIHRT, including how you learned about the fund or organization, who you communicated with relating to the fund or organization, the date on which you applied for funds, the mechanism or process by which you applied for funds, and how much funds you received, if any.*

**Plaintiffs object that this interrogatory seeks irrelevant information, is overbroad, unduly burdensome, and disproportionate. For example, "all facts relating to your application for funds" from the Yahoo Human Rights Fund might include facts relating to Plaintiffs' imprisonment. But to require Plaintiffs to "identify and describe in detail all facts relating" to their imprisonment would plainly be overbroad, unduly burdensome, and disproportionate.**

#

**Subject to and without waiving these objections, He Depu first heard of the possibility of Yahoo-related funding for persons imprisoned in the People's Republic of China from his wife in 2008 when he was still in prison, who told him about Yahoo's payment to such persons during a prison visit. His wife had learned about such a mechanism from Liu Xiaobo (who would later win the Nobel Peace Prize), who had recommended that she apply for funding on He Depu's behalf in the amount of $30,000 USD. She did so using a form supplied to her by Harry Wu. Ultimately, only $10,000 USD was provided. When Liu Xiaobo learned of that amount, he was unhappy and said it was too little. After He Depu was released from prison on January 24, 2011, Harry Wu called him three times to discuss, among other things, a pending effort by Yu Ling to collect her rightful share of settlement monies from him. Harry Wu tried to get He Depu to dissuade Yu Ling from engaging in such efforts. In exchange, Harry Wu said he would give He Depu more money and would help He Depu's child, who was studying in the United States, with tuition. He Depu declined and did not contact Harry Wu thereafter.**

#

**Subject to and without waiving these objections, Xu Wanping first heard of the possibility of Yahoo-related funding for persons imprisoned in the People's**

25

Republic of China in approximately 2007 or 2008, when he was still in prison. During a prison visit, his wife told him that Shi Tao had obtained funding from Yahoo after Yahoo turned over Shi Tao's user information to the government of the People's Republic of China. Xu Wanping's reaction was that he too was a Yahoo Mail user, and he too had had his information turned over by Yahoo to the PRC authorities. After Xu Wanping was released in 2014, he heard similar things about Shi Tao and Wang Xiaoning having been compensated by Yahoo, and about the existence of a $17.3 million payment to the Laogai Research Foundation to support political prisoners in the PRC. In the fall of 2015, Xu Wanping, facing difficult medical and financial circumstances, decided to try to seek funding from this fund. He found Harry Wu's email address and wrote an email. Wu arranged to have formal application forms sent to Xu Wanping, which Xu Wanping filled out and returned. Then, in February 2016, Wu told Xu Wanping that the humanitarian assistance funding program was being terminated, but that he would personally give Xu Wanping $500 USD, which he eventually sent by check.

#

Subject to and without waiving these objections, Ouyang Yi first heard of Yahoo-related funding for persons imprisoned in the People's Republic of China in connection with the Shi Tao case. However, Ouyang never personally applied for funding through such a mechanism, and only became involved with the Yahoo Human Rights Fund through He Depu. He Depu had been trying to get Yahoo users who had been imprisoned in the PRC for political dissent to join in an effort to ensure what He Depu understood to be the Fund's humanitarian purpose was carried out, and to ensure that that purpose was not undermined by misconduct. Ouyang Yi agreed to do so.

#

Subject to and without waiving these objections, Li Dawei first heard of the possibility of Yahoo-related funding for persons imprisoned in the People's Republic of China through the help of an acquaintance in the United States, Chen Liqun, after he was released from prison in April 2012. Li Dawei's imprisonment, which had begun in April 2001, was based on fabricated evidence, and after Li was released he was determined to expose this corruption of the judicial system of the People's Republic of China. He found a PRC lawyer willing to help, but he could not afford the legal fees. Accordingly, in December 2012, he wrote to Harry Wu asking for funding from the Yahoo Human Rights Fund. He was eventually given an English-language form, which he could not understand. After getting it translated, he applied for 50,000 RMB. He was eventually given $1,000 USD through Western Union.

#

**Subject to and without waiving these objections, Xu Yonghai first heard of the possibility of Yahoo-related funding for persons imprisoned in the People's Republic of China in connection with the Wang Xiaoning case. Because he was a Yahoo user, others in the PRC encouraged him to apply for funding in the amount of $3,000 to $10,000 USD. However, he did not feel comfortable asking others for financial assistance, though he would have accepted such assistance if offered. He only became involved with the Yahoo Human Rights Fund through He Depu. He Depu had been trying to get Yahoo users who had been imprisoned in the PRC for political dissent to join in an effort to ensure what He Depu understood to be the Fund's humanitarian purpose was carried out, and to ensure that that purpose was not undermined by misconduct. Li Dawei agreed to do so.**

#

**Subject to and without waiving these objections, Wang Jinbo first heard of the possibility of Yahoo-related funding for persons imprisoned in the People's Republic of China in approximately 2008. He was not sure whether he qualified based on the verdict in his case, but he was encouraged to apply. Liu Xiaobo (who would later win the Nobel Peace Prize), suggested that he apply for $20,000 USD, and he submitted an application in approximately May 2008. An award of $4,000 USD was approved in approximately August 2008, but only $2,000 of that award was timely paid. In approximately June 2010, Wang was paid another $1,000, bringing the total payment to $3,000. However, the final $1,000 of the $4,000 award was never paid.**

6.      *Identify and describe in detail all bases for your contention that you received less money than you would have but for the alleged unlawful diversion of YHRF assets away from its humanitarian purpose.*

**Plaintiffs object that this interrogatory is premature as discovery is not complete. This interrogatory is a contention interrogatory in that it asks Plaintiffs to identify facts supporting a legal contention. The obligation to respond to such discovery is typically deferred until the end, or near the end, of discovery. *E.g.*, *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995) (contention interrogatories typically do not need to be answered until the end or near the end of discovery); *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prods. Liab. Litig.*, MDL No. 2775, at \*2 (D. Md. June 25, 2020) (same); *Whitchurch v. Canton Marine Towing Co.*, No. 16-cv-3278, at \*5 (C.D. Ill. Mar. 23, 2017) (same); *Impact Engine, Inc., v. Google LLC*, No. 19-CV-01301-CAB-BGS, 2020 WL 2745230, at \*4 (S.D. Cal. May 26, 2020) ("Courts generally disfavor contention interrogatories before substantial discovery has taken place."). This is especially the case when the interrogatory concerns the propounding party's own conduct, as is the case here. *E.g.*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 238 (E.D.N.Y. 2007) ("Responding to contention interrogatories at this stage of the litigation poses an undue burden on Plaintiffs, who will be forced to answer the Interrogatories a second time after the production of discovery is complete. Defendant will not be prejudiced by the delay**

27

because it has full access to information about its own behavior."); *In re Convergent Technologies Securities Lit.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985) ("[W]here defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is sufficiently likely to be productive to justify the burden that responding can entail."). Further, even then, the obligation to respond to respond to interrogatories requesting "all" facts or bases is typically limited to "principal" or "material" facts. *E.g.*, *Scott v. Mobilelink La., LLC*, Civil Action 20-826-SDD-SDJ, at \*4 (M.D. La. July 28, 2022) ("A contention interrogatory … may be overly broad where it seeks 'each and every' single fact upon which a party bases its case. … Courts have tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered.") (cleaned up).

7.   *Identify and describe in detail all facts relating to other humanitarian or charitable organizations from which you have sought, or are seeking, assistance in any form.*

   **Plaintiffs object that this interrogatory seeks irrelevant information, is overbroad, unduly burdensome, and disproportionate. Efforts by Plaintiffs to obtain assistance from organizations other than those named as defendants in this litigation are not relevant to any claim or defense in this action.**

8.   *Identify and describe in detail any other humanitarian or charitable organizations that you know of that provide assistance to Chinese dissidents.*

   **Plaintiffs object that this interrogatory seeks irrelevant information, is overbroad, unduly burdensome, and disproportionate.**

   **Subject to and without waiving these objections, Plaintiffs state as follows, reserving their right to supplement this response as discovery progresses:**

   **Humanitarian China**

   **Independent Chinese Pen Center**

   **Human Rights in China**

   **Network of Chinese Human Rights Defenders**

   **Safeguard Defenders**

   **Human Rights Watch**

   **Amnesty International**

9.     *Identify any and all facts, documents, and communications that refer or relate to any damages you are seeking to recover in this action.*

**Plaintiffs object that this interrogatory seeks irrelevant or privileged information, is overbroad, unduly burdensome, disproportionate, and is premature, as discovery is not complete.**

**Subject to and without waiving these objections, Plaintiffs state as follows, reserving their right to supplement this response as discovery progresses:**

**Before filing this lawsuit, Plaintiffs came to an agreement with each other that that the main purpose of this lawsuit was to benefit the Yahoo Human Rights Fund's humanitarian purpose as a whole, and not themselves personally. As such, the damages Plaintiffs are seeking are not principally in the nature of money damages payable to Plaintiffs personally. Rather, the damages Plaintiffs are seeking are principally in the nature of damages to the Fund's humanitarian purpose, and they include punitive damages.**

10.    *Identify each person whom you expect to call as an expert witness at trial and for each, please identify (a) their opinions relating to this litigation; (b) their qualifications to offer such opinions; and (c) all documents provided to, or received from, the expert in this litigation.*

**Plaintiffs object that this interrogatory is premature as discovery is not complete, and that Plaintiffs will make any necessary disclosures in accordance with Rule 26(a)(2) at the appropriate time. Further, the operative scheduling order states that "[e]xpert discovery shall commence no earlier than the fact discovery cutoff[,]" which is January 31, 2023. If and when Plaintiffs make an expert disclosure under that rule and order, Plaintiffs will provide the information required by that rule and order.**

Dated: October 4, 2022                **NORTH RIVER LAW PLLC**
*/s/ Times Wang*
Times Wang (D.C. Bar 1025389)
1300 I Street NW, Suite 400E
Washington, DC 20005
Telephone: (202) 838-6489
twang@northriverlaw.com

**SLARSKEY LLC**
David Slarskey (admitted *pro hac vice*)
Evan Fried (admitted *pro hac vice*)
420 Lexington Ave., Suite 2525
New York, NY 10170
Telephone: (212) 658-0661
dslarskey@slarskey.com
efried@slarskey.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on counsel of record by email on October 4, 2022.


*/s/ Times Wang*
Times Wang