**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HE DEPU, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 1:17-0635-RDM |
| | : | |
| v. | : | |
| | : | |
| OATH HOLDINGS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT IMPRESA LEGAL GROUP'S**
**<u>MOTION TO DISMISS THE THIRD AMENDED COMPLAINT</u>**


CARR MALONEY P.C.
J. Peter Glaws, IV (DC Bar #: 1013049)
2000 Pennsylvania Avenue, NW
Suite 8001
Washington, DC 20006
(202) 310-5500 (Tel)
(202) 310-5555 (Fax)
Peter.Glaws@carrmaloney.com
*Counsel for Defenant Impresa Legal Group*

Dated: May 3, 2024

**Introduction**

Plaintiffs filed their original Complaint on April 11, 2017. *See* ECF 1. More than six years later, Plaintiffs have now filed (with leave of Court) a Third Amended Complaint ("TAC") in this matter that arises from an alleged charitable trust formed in 2007 known as the Yahoo Human Rights Fund ("YHRF"). According to the TAC, the purpose of the YHRF was "to provide humanitarian and legal assistance to Chinese dissidents imprisoned for exercising their freedom of expression online." TAC ¶ 1. It is undisputed that following periods of imprisonment in China, most Plaintiffs received direct aid. *Id.* ¶ 9-14. Plaintiffs allege, however, that despite receiving funds, they would have received more had the trustees devoted "sufficient Trust assets" to the "Humanitarian Purpose." *Id.* ¶¶ 2-11, 14.[1] Plaintiffs claim they lost "the opportunity to obtain meaningful funding," which has resulted in a "significant and ever-worsening decrease in the likelihood of a meaningful restoration of that opportunity." *Id.* ¶ 9.

Among other changes, Plaintiffs' TAC, for the first time, adds Impresa Legal Group as a defendant. Impresa is the fictitious trade name for the law firm that has represented Defendants Laogai Research Foundation ("LRF") and Laogai Human Rights Organization ("LHRO") (collectively the "Laogai Defendants") for various legal matters, including the litigation at issue, having entered its appearance through attorney George E. Kostel on May 12, 2017. ECF 13. Plaintiffs allege that Impresa "knowingly benefited" from alleged breaches of duty by Laogai Defendants' "by accepting as payment monies it knew were potentially trust assets for legal work that was fundamentally inimical to the Humanitarian Purpose, including work aimed at denying the existence of any fiduciary duty to that purpose at all." TAC ¶ 5.

---

[1] The TAC defines "Humanitarian Purpose" as the provision of "humanitarian and legal assistance to Chinese dissidents imprisoned for exercising their freedom of expression online." TAC ¶ 1. While the purpose of the YHRF is disputed, and this definition is not necessarily accepted by the parties to this case, its characterization is accepted as true for the purpose of this Motion to Dismiss.

1

Plaintiffs allege that in early 2017, before they filed their original Complaint, but nearly two years after Plaintiffs started their investigation of YHRF,[2] they contacted Impresa regarding allegations that the YHRF was a trust and that the Laogai Defendants had breached their fiduciary duties by failing to properly administer the YHRF for its Humanitarian Purpose. TAC ¶ 133. This 2017 communication allegedly put Impresa "on notice that monies traceable to the Trust were potentially subject to a trust." *Id*. Plaintiffs further allege that instead of requiring the Laogai Defendants to pay their legal fees from sources other than the alleged Trust, "Impresa opted to receive payment exclusively from monies traceable to the Trust [and] . . . knowingly chose to receive payment out of disputed assets." *Id*. ¶ 134. As such, Plaintiffs claim Impresa is liable under a theory of Restitution and must reimburse the YHRF for legal fees that are "tracible to Trust assets and paid to Impresa by the Laogai Defendants for litigation adverse to the Humanitarian Purpose." *Id*. 191.

While the TAC alleges Impresa was aware it accepted legal fees subject to the Trust, the TAC and this litigation as a whole also show, as early as October 16, 2017 and no later than August 20, 2018, Plaintiffs themselves had actual knowledge of their alleged cause of action. Specifically, by 2017 and 2018, Plaintiffs admittedly knew from public tax records that (1) all of the Laogai Defendants' assets were tracible to the fund (*see* ECF 108-1 at 1-8 (recognizing that LHRO's publicly available tax records show "it has only ever been funded by monies traceable to the Fund")); and (2) that both LRF and LHRO were spending legal fees from the Fund to deny the existence of any trustee relationship or fiduciary duties. *See, e.g.,* ECF 20-1 at 31-32 (LHRO June 16, 2017 Mot. to Dismiss Complaint arguing "[n]either LHRO nor LRF were trustees of the Trust,

---

[2] *See* ECF 152-1 at line 15, asserting privilege over "Communications re investigation of YHRF" as early as November 21, 2015.

2

and no director of LHRO owed any fiduciary duty to anyone other than LHRO . . . .").

Plaintiffs had actual knowledge of all elements of their claim against Impresa for Restitution at the latest on August 20, 2018. As such, they were required to file this claim by August 20, 2021 under the applicable three-year statute of limitations. Plaintiffs did not do so, but rather waited until years later to file. The Court should therefore dismiss the claim against Impresa, in full and with prejudice, as barred by the applicable statute of limitations. In addition, the Court should further dismiss the TAC because, independent of the limitations bar, the doctrine of latches bars the claim based on Plaintiffs unreasonable delay, and the named party "Impresa Legal Group" is not a legal entity, but rather a fictitious trade name and not subject to suit.[3]

## **Legal Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is intended to test the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678-79. The court need not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994); *Twombly*, 550 U.S. at 557 (Nor does

---

[3] Impresa also joins in the arguments made by all Defendants that the TAC, in its entirety, should be dismissed because Plaintiffs lack Article III standing and that Plaintiffs lack charitable trust standing. Because those argument are fully briefed and applicable to all of the defendants, Impresa does not duplicate it here for judicial economy to avoid unnecessary duplication. As discussed with the Court on the record at the April 3, 2024 hearing.

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."). A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) when it appears the complaint fails to "plead factual content [allowing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 550 U.S. at 570.

In addition, and importantly for this Motion, when considering a motion to dismiss, the Court may take "judicial notice of facts on the public record" . . . "to avoid unnecessary proceedings when an undisputed fact on the public record makes it clear that the plaintiff does not state a claim upon which relief could be granted." *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) citing *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1228 (D.C.Cir.1993). The Court may further consider "documents that are referred to in the complaint and central to the plaintiff's claim." *Cureton v. Duke*, 272 F. Supp. 3d 56, 61 (D.D.C. 2017) (internal citations omitted).

## Argument

### I. Count Six of Plaintiffs' Third Amended Complaint for "Restitution" Against Impresa is Barred by the Statute of Limitations.

Defendant Impresa moves to dismiss Plaintiffs' claim for Restitution against it because the face of the TAC, combined with public tax records, Plaintiffs' previous filings, and the record in this case, make clear that Plaintiffs have brought their claim well beyond the applicable three-year statute of limitations. Plaintiffs had *actual knowledge* of their claim on October 16, 2017 (the date of LHRO's 2016 Form 990), and no later than August 20, 2018 (the date of LHRO's 2017 tax return). Exhibit 1, 2. The Court may consider the public Form 990s of Defendants LHRO and LRF when ruling on this motion to dismiss. These documents are explicitly referred to in the TAC and therefore incorporated by reference. *See, e.g.,* TAC ¶¶ 119, 129, 160. IRS Form 990s are also

4

public documents to which the Court may take judicial notice.[4]

On either of those dates, Plaintiffs knew that the Laogai Defendants had asserted positions in this litigation that denied the existence of a trust and denied any fiduciary duties running to Plaintiffs by virtue of their June 2017 Motion to Dismiss Plaintiffs' original Complaint. *See* ECF 20-1 at 31-32. Plaintiffs further knew or should have known by way of the Laogai Defendants' public tax filings, that the only assets consisted of the alleged Trust funds, and they were therefore spending legal fees in support of arguments that denied the existence of the Trust and denied any associated fiduciary duties. As more fully explained below, because Plaintiffs' Restitution claim accrued more than three years prior to the filing of the TAC, it is time-barred.

### a. Plaintiffs' Claim for Restitution is Subject to a Three-Year Statute of Limitation.

Count Six of the TAC, a claim for Restitution, is subject to a three-year statute of limitation. While Plaintiffs' caption their claim as "Restitution," such a claim is really a remedy triggered when a defendant unjustly retains a benefit. As such, a cause of action pled as "restitution" is properly considered, or at least synonyms with, unjust enrichment. *Boyd v. Kilpatrick Townsend & Stockton, LLP*, 79 F. Supp. 3d 153, 158 (D.D.C. 2015) citing *Bregman v. Perles,* 747 F.3d 873, 878 (D.C.Cir.2014); Restatement (First) of Restitution § 1 (1937), cmt. b. The current version of the Restatement echoes this, stating "[l]iability in restitution derives from the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant." Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011). Under District of Columbia

---

[4] LHRO's 2016 and 2017 IRS Form 990s were submitted on October 16, 2017 and August 20, 2018, respectively. In addition to referring to these documents in the TAC, Plaintiffs attached both Form 990s (along with numerous other tax filings) to their July 2, 2021 Motion for a Preliminary Injunction. *See* ECF 108-2 at page 592 of 794 (2016 LHRO 990) and at page 605 of 794 (2017 LHRO 990). LHRO's 2016 and 2017 Form 990s are extracted from Plaintiffs' previous filing and attached hereto as Exhibits 1 (2016) and 2 (2017). The Form 990s are also publicly available at https://apps.irs.gov/pub/epostcard/cor/273014189_201612_990PF_2017113014990744.pdf and https://apps.irs.gov/pub/epostcard/cor/273014189_201712_990PF_2018102615838000.pdf (last visited May 2, 2024).

5

law, the objective of restitution is to prevent unjust enrichment, which underlies disgorgement as well. *See In re Hager*, 812 A.2d 904, 923 (D.C. 2002).

The statute of limitations for unjust enrichment in the District of Columbia is three years. *Boyd v. Kilpatrick Townsend & Stockton*, 164 A.3d 72, 80 (D.C. 2017); s*ee also* D.C. Code § 12–301(a)(8). The three-year limitations period starts to run when the claim accrues. "A claim for unjust enrichment only accrues, however, when the enrichment becomes unjust; the statute of limitations starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1223 (D.C. 2005) (internal citation omitted).

Further, under D.C. law, "'[w]here the fact of an injury can be readily determined, a claim accrues at the time that the plaintiff suffers the alleged injury.'" *See Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 321 (D.C. 2008) (citing *Hendel v. World Plan Executive Council*, 705 A.2d 656, 660 (D.C.1997)). However, where the relationship between the fact of injury and the alleged tortious conduct is less obvious, the District of Columbia Court of Appeals applies the discovery rule to determine the accrual date for the statute of limitations. *Hendel*, 705 A.2d at 660 (citing *Bussineau v. President and Dirs. of Georgetown College*, 518 A.2d 423, 425 (D.C.1986)). Under the discovery rule, a plaintiff's cause of action accrues, for limitations purposes when the plaintiff knows or by exercising "reasonable diligence" should know "(1) of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing.'" *See Murray*, 953 A.2d at 321 citing *Hendel v. World Plan Executive Council*, 705 A.2d 656, 660-61 (D.C.1997).

      **b. Plaintiffs' claim accrued on October 16, 2017, or at the latest on August 20, 2018 and is therefore barred by the three-year statute of limitations.**

Plaintiffs' claim against Impresa is that the firm received legal fees that are directly traceable to Fund assets and Impresa's receipt and retention of those fees is unjust because they

6

were used to argue against the existence of a trust and any fiduciary duties running from the Laogai Defendants to the Plaintiffs. *E.g.* TAC ¶ 189. Under this theory, Plaintiffs' cause of action against Impresa arose at the moment Impresa made arguments that Plaintiffs contend were contrary to the YHRF's Humanitarian Purpose and was paid with Fund assets. Under the discovery rule, however, Plaintiffs' claim for restitution did not accrue, and the limitations period did not begin to run, until they knew or by the exercise of reasonable diligence should have known, that trust funds were being used for this supposedly improper purpose.

As Plaintiffs themselves argued in July of 2021, the Laogai Defendants' public tax filings, specifically their Form 990s, clearly show facts necessary to put them on notice of the elements of the claim for restitution: (1) that the only assets of the LRF and the LHRO were alleged trust funds; and (2) LRF and LHRO were using those funds to pay legal fees in support of arguments that Plaintiffs contend were "adverse to the Humanitarian Purpose". TAC ¶ 191.[5] LHRO's 2016 Form 990 was filed on October 16, 2017 (*see* Exhibit 1), after the Laogai Defendants moved to dismiss the original Complaint with arguments Plaintiffs now contend were averse to the Humanitarian Purpose of the trust. LHRO filed its 2017 Form 990 on August 20, 2018, and certainly encompassed all fees paid by the Laogai Defendants for these allegedly improper arguments. Exhibit 2.

These public tax documents, to which Plaintiffs have access to and possession of, make clear that they had actual notice that Impresa was paid from monies traceable to the Trust for

---

[5] Plaintiffs TAC contains a arguments against application of the statute of limitations. *See* TAC ¶ 160. One of these arguments is that Plaintiff did not obtain "non-public" facts until 2016 after an investigation "beyond what could be expected of reasonable persons . . . ." *Id*. Relevant to this Motion, however, are facts within public tax filings and readily ascertainable. Moreover, Plaintiffs had actual possession of public tax filings as early as December 2015. *See* ECF 152-1 at line 36 (identifying December 15, 2015 email from Yaxue Cao to Depu He stating "Found all the tax filings from 2005 to 2014.", *see also id*. at line 175 (identifying November 14, 2016 email from Tienchi Liao to Yaxue Cao stating "this whole stack is the tax filings I've reviewed).

7

arguments that Plaintiffs allege were contrary to the Humanitarian Purpose. Giving Plaintiffs the benefit of the doubt that LHRO's 2016 Form 990 may not reflect legal fees paid to Impresa for arguments made in the Laogai Defendants' June 2017 Motion to Dismiss Plaintiffs' original Complaint, LHRO's 2017 Form 990 that identifies $309,994 in legal fees paid from Fund assets for the period January 1, 2017 through December 31, 2017 certainly gave Plaintiffs actual notice of the facts that form their current claim for restitution. Therefore, because Plaintiffs' claim for Restitution accrued no later than August 20, 2018 (the date of LHRO's 2017 public Form 990 submission), the three-year statute of limitation expired on August 20, 2021.[6] Plaintiffs did not file their TAC until April 5, 2024, years after expiration of the statute of limitations. ECF 186.

It is also critical to note that the procedural history of this case in no way prevented Plaintiffs from filing their restitution claim within the limitations period. Plaintiffs filed a Motion for Preliminary Injunction on July 2, 2021, within the limitations period using the August 20, 2018 accrual date. ECF 108. While the Motion for a Preliminary Injunction sought to bar the Laogai Defendants from spending trust assets on legal fees, the facts that Plaintiffs claimed supported that Motion, and the documents attached thereto (*See* ECF 108-1, 108-2), are the same facts that gave Plaintiffs actual knowledge of the instant Restitution claim. Plaintiffs could have and should have included their Restitution claim against Impresa in their Second Amended Complaint filed on June 4, 2020 (ECF 64) or should have moved the Court for leave assert the claim in conjunction with their July 2021 Motion for a Preliminary Injunction.[7]

---

[6] Tolling of limitations periods because of the COVID-19 pandemic has no affect on the untimeliness of Plaintiffs' claims against Impresa. As D.C. Superior Court Judge Neal Kravitz noted in a June 9, 2023 opinion on an similar issue, "[t]he language of the tolling provisions in the emergency orders plainly indicates that the Chief Judge intended to toll the statute of limitations periods only in cases in which the statute of limitations otherwise would have expired during the period of emergency—*i.e.*, between March 18, 2020 and March 30, 2021. *Richards v. Hilliard*, No. 2023-CAB-1452, 2023 WL 10352132, at *3 (D.C. Super. June 09, 2023).

[7] Of course, at any time prior to the expiration of the statute of limitations, Plaintiffs also could have filed an independent complaint against Impresa that asserted the instant claim for Restitution, but Plaintiffs failed to do so.

For these reasons, Count Six of Plaintiff TAC is time barred. Because Count Six is the only claim against Impresa, the Court should grant this Motion and dismiss the Complaint against Impresa in full and with prejudice.

## II. Plaintiffs' Claim Against Impresa is Barred by the Doctrine of Laches.

A defendant may also successfully assert the Doctrine of Laches as a defense if the defendant can show: 1) an unreasonable and unexplained delay by one party, and 2) prejudice to the other party resulting from the delay. *In re Est. of Reilly*, 933 A.2d 830, 838 (D.C. 2007). Courts have held that "determining what an 'unreasonable delay' is varies from case to case," and the court is "not bound to follow the analogous statute of limitations." *See Nicklin v. Stonesdale Unit Owners' Ass'n*, 307 A.3d 477 (D.C. 2024) (citing *King v. Kitchen Magic, Inc.*, 391 A.2d 1184, 1187 (D.C. 1978)). D.C. Courts have also held that the two types of prejudice support a laches defense: (1) when the plaintiff's delay in bringing in the case has "resulted in a loss of evidence or unavailability of witnesses that would support Defendant's position, or (2) when the defendant has "changed his position in a manner which would not have occurred if the Plaintiff had not delayed" bringing the claim. *Concerned About Trident v. Schlesinger*, 400 F. Supp. 454, 478 (D.D.C. 1975).

Here, Plaintiffs delay in bringing their claim against Impresa is clearly unreasonable and unexplained. From the inception of this case over six years ago, Plaintiffs have known that the Laogai Defendants were compensating their attorneys from alleged trust assets and that the Laogai Defendants (and all other defendants), denied the existence of a trust and denied the existence of fiduciary duties. As noted repeatedly above, Plaintiffs even moved the Court for a preliminary injunction three-years ago, in 2021, against the Laogai Defendants on this very issue. ECF 108.

There is simply no explanation or excuse for why Plaintiffs waited six years to file their claim for Restitution against Impresa. Plaintiff knew of their claims that the Laogai Defendants

9

allegedly breached fiduciary duties by failing to properly administer the Trust for its Humanitarian Purpose and they knew or should have known that the Laogai Defendants spent hundreds of thousands of dollars in legal fees for the 2017 calendar year alone. ECF 108-1.[8] Thus, Plaintiffs' delay in bringing their claim against Impresa was both unreasonable and unexplained.

Additionally, Plaintiffs' delay unduly prejudices not only Impresa, but all defendants, and in particular the Laogai Defendants. Plaintiffs' delay prejudices all defendants because it forces them to re-open discovery and spend additional time and money litigating the additional claim brought against Impresa. Plaintiffs' delay also prejudices the Laogai Defendants and Impresa because it essentially seeks to cause the Laogai Defendants to second guess whether they should pay any attorney (Impresa or otherwise) to defend the claims against them. Had Plaintiffs brought this claim against Impresa in 2017, or even in 2020 or 2021, the Laogai Defendants and Impresa would have been in a better position to evaluate how to proceed, at least until the matter had been resolved against it. As such, Impresa and the Laogai Defendants are clearly prejudiced by Plaintiffs' delay and so Plaintiffs' claim against it should be barred and dismissed under the Doctrine of Laches.

### III. The Court should dismiss the Third Amended Complaint because "Impresa Legal Group" is not a legal entity subject to suit.

The named defendant in this case, "Impresa Legal Group", is not a legal entity subject to being sued. Rather, "Impresa Legal Group" is a fictitious name. *See* Exhibit 3 (Virginia State Corporation Fictitious Name Certificate). Fictitious names or trade names are not a separate legal entities subject to suit, requiring the Court to dismiss the TAC against Impresa. *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 55 F. Supp. 3d 43, 49 (D.D.C. 2014), *aff'd*, 857 F.3d 939

---

[8] For this Motion to Dismiss, the Court, as it must, assumes the truth of claims that various persons and entities breached duties as fiduciaries or trustees. The Laogai Defendants and all other defendants deny those allegations.

(D.C. Cir. 2017) (dismissing the law firm "Rubenstein & Cogan" as a defendant because it was a trade name and not a legal entity). Here, like the *Baylor* case, Impresa is the trade name of the law firm Kostel Matechak, PLLC. Exhibit 3. As a fictitious trade name, Impresa is not a proper defendant.

## Conclusion

For these reasons, Defendant Impresa Legal Group respectfully requests that the Court grant this Motion and dismiss Plaintiffs' Third Amended Complaint as to Defendant Impresa in full and with prejudice.

Respectfully Submitted,

IMPRESA LEGAL GROUP
By Counsel

CARR MALONEY P.C.

*/s/ J. Peter Glaws, IV*
J. Peter Glaws, IV (DC Bar #: 1013049)
2000 Pennsylvania Avenue, NW
Suite 8001
Washington, DC 20006
(202) 310-5500 (Tel)
(202) 310-5555 (Fax)
Peter.Glaws@carrmaloney.com