**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HE DEPU, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 1:17-0635-RDM |
| | : | |
| v. | : | |
| | : | |
| OATH HOLDINGS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT IMPRESA LEGAL GROUP'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

                            CARR MALONEY P.C.
                            J. Peter Glaws, IV (DC Bar #: 1013049)
                            2000 Pennsylvania Avenue, NW
                            Suite 8001
                            Washington, DC 20006
                            (202) 310-5500 (Tel)
                            (202) 310-5555 (Fax)
                            Peter.Glaws@carrmaloney.com
                                       *Counsel for Defendant*
                                         *Impresa Legal Group*

Dated: June 14, 2024

**INTRODUCTION**

In Defendant Impresa Legal Group's Motion to Dismiss, it explained that Plaintiffs had *actual knowledge* of the claims they now assert no later than August 20, 2018, and therefore Count Six of the Third Amended Complaint ("TAC") for "Restitution" is barred by the applicable three-year statute of limitations. Impresa further explained, in addition to the statute of limitations, the doctrine of latches bars Count Six because of Plaintiffs' six-year delay in bringing this claim. Finally, regardless of the timeliness of the claim, "Impresa Legal Group" is a fictitious trade name not subject to suit, requiring dismissal. While Plaintiffs oppose Impresa's Motion, the Opposition brief fails to effectively rebut any of the arguments that require the Court to dismiss all claims.[1]

**ARGUMENT**

**I.  Plaintiffs' claim against Impresa is untimely under the applicable statute of limitations or latches.**

Plaintiffs argue their claim against Impresa is timely either: because no statute of limitations applies (ECF 197 at 18), or the applicable statute of limitations is for breach of trust, not unjust enrichment. *Id*. 21-23. Plaintiffs are wrong on both points. Further, even if the Court analyzes Plaintiffs' claim against Impresa under the doctrine of latches, as Plaintiffs seem to ask the Court to, Impresa's Motion to Dismiss carries the burden to show unreasonable delay and clear prejudice to it and to the other defendants in this case.

**a. The statute of limitations applicable to Plaintiffs' claim against Impresa is the three-year period for unjust enrichment.**

In the Opposition, Plaintiffs misconstrue their claim against Impresa and ask the Court to look at claims against the Laogai defendants for breach of trust, rather than what is actually pled

---

[1] Impresa has also moved the Court to dismiss the TAC because Plaintiffs lack Article III and charitable trust standing. To avoid unnecessary duplication in argument and briefing before the Court, like the original Motion to Dismiss, this Reply brief only addresses the arguments that are unique to Impresa, as discussed with the Court on the record at the April 3, 2024 hearing.

against Impresa. Plaintiffs must admit that nowhere in the TAC do they claim Impresa committed a breach of trust. Similarly, Plaintiffs do not and could not allege that Impresa owes them a fiduciary duty. As such, the nature of Plaintiffs' claim for "restitution" against Impresa, that seeks to remedy an alleged unjust enrichment, is fundamentally different than their claim against the Laogai defendants for a breach of trust. As such, the principles that underly Plaintiffs breach of trust claim against the Laogai defendants are simply not applicable to Plaintiffs' claim against Impresa.

Equally as important is Plaintiffs' failure to plead anywhere in the TAC that Impresa had knowledge of the alleged breach of trust at the time it was paid for legal services. This distinction is key because the only authority that Plaintiffs cite in support of their theory that breach of trust principles extend to its claim against Impresa as the substantive elements of their cause of action is the Restatement (Third) of Restitution and Unjust Enrichment § 43 (2011). ECF 197 at 22. But Plaintiffs fail to cite Comment g of this Section, which explains for "[c]laims against third parties . . . . [b]enefits derived from a fiduciary's breach of duty may therefore be recovered from third parties, not themselves under any special duty to the claimant, *who acquire such benefits with notice of the breach*." *Id*. at Comment g.

Here, Impresa is a third party to the Plaintiffs. Impresa is not and cannot be alleged to have any special duty to Plaintiffs. From the beginning, Plaintiffs were adverse parties in litigation against Impresa's clients. Impresa was never a trustee, beneficiary, third party beneficiary, or grantor of any trust, and no such allegations or any other "special relationship" is pled that would support application of trust principles. As such, the only way for breach of trust principles (and the breach of trust limitations period) to extend to Impresa through a restitution claim is for Plaintiffs to allege that Impresa accepted trust assets with notice of a breach by the Laogai defendants. All

Plaintiffs allege in the TAC is that Impresa accepted payment for duly incurred legal fees out of known trust assets, not that Impresa accepted those fees "with notice of the breach." *See generally* TAC. Therefore, Plaintiffs' claim for "restitution" against Impresa is not an equitable remedy for breach of trust. It is a claim to recoup an alleged unjust enrichment. Plaintiffs are wrong, as a matter of law, to claim otherwise.

Instead, as argued in Impresa's Motion to Dismiss, Plaintiffs' cause of action for "restitution", under the circumstances of this case, is properly considered as a claim for unjust enrichment. *Boyd v. Kilpatrick Townsend & Stockton, LLP*, 79 F. Supp. 3d 153, 158 (D.D.C. 2015) citing *Bregman v. Perles,* 747 F.3d 873, 878 (D.C.Cir.2014); Restatement (First) of Restitution § 1 (1937), cmt. b. The current version of the Restatement echoes this, stating "[l]iability in restitution derives from the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant." Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011). Under District of Columbia law, the objective of restitution is to prevent unjust enrichment, which underlies disgorgement as well. *See In re Hager*, 812 A.2d 904, 923 (D.C. 2002), *reinstatement granted*, 878 A.2d 1246 (D.C. 2005) (citing *In re Robertson*, *supra note 23*, 612 A.2d 1236, 1241 (D.C.1992)). Consequently, the applicable period of limitations is the three-year period for unjust enrichment claims.

      **b. Plaintiffs' argument that their Restitution Claim Against Impresa Did Not Accrue Until March 2022 is wrong.**

In the Opposition, Plaintiffs incorrectly argue their claim against Impresa did not accrue until March 2022, based on a continuing breach theory whereby the three-year statute of limitations for unjust enrichment will not expire until March 2025 – eight years after the first allegedly wrongful payment. ECF 197 at 23-24. Plaintiffs reference *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014), which noted that "[W]hen a defendant commits successive violations,

3

the statute of limitations runs separately from each violation." *Id.* at 23. *Petrella*, however, is not remotely applicable to this case because it addressed a series of "discrete" acts of copyright infringement. 572 U.S. at 672.

In this case, Plaintiffs do not allege a series of discrete and separate breaches. Instead, Plaintiffs allege a single breach, use of trust assets to "[deny] the existence of any fiduciary duties". *E.g.* TAC ¶ 138. The fact that ongoing legal fees were paid for that alleged breach does not convert this claim to a series of independent "discrete" acts that restart the limitations period each time. Legal fees paid to Impresa are the natural consequence of its representation of the Laogai defendants. Those legal fees, paid over time in the normal course, may affect the extent of Plaintiffs' alleged damages, or increase the amount of the alleged unjust enrichment, but each payment of Impresa's fees does not restart the accrual period. *See Ruddy v. Equitable Life Assurance Soc'y of U.S.*, No. CIV. A. DKC 00-70, 2000 WL 964770, at *5 (D. Md. June 20, 2000). (recognizing that natural consequences of an alleged breach only affecting the extent of the injury do not constitute separate breaches that start the limitations period anew.)

> **c. The Opposition does not provide any reasonable explanation for Plaintiffs prejudicial delay in bringing this case, requiring dismissal under the doctrine of latches.**

In the Opposition, Plaintiffs claim the reason they failed to file the instant suit against Impresa was because discovery did not begin until mid-2021 and so it was not unreasonable for them to wait until May 2023 to seek leave to file their TAC. *See* ECF 197 at 19-20. In similar vein, Plaintiffs also argue "the inquiry is not whether Plaintiffs should have sniffed out, pre-discovery – drawing broad inferences by investigating the LHRO's Form 990s on a ProPublica website – that the Laogai Defendants were sending hundreds of thousands of dollars in trust assets to Impresa for the sole purpose of denying the existence of the Trust." *Id.* at 20. Neither argument saves Plaintiffs' claim.

As shown in Impresa's Motion to Dismiss (and as previously argued by Plaintiffs' themselves in their July 2021 Motion for a Preliminary Injunction), IRS Form 990s clearly show all the elements necessary to put Plaintiffs on *actual notice* of their claim for Restitution. ECF 192-1 at 6-9. Plaintiffs' Opposition fails to provide an explanation as to why they waited nearly six years to file their claim for restitution against Impresa. There is no affidavit or other evidence attached to the Opposition or any other representation that offers any explanation for the significant delay. Plaintiffs knew that the Laogai defendants allegedly breached their fiduciary duties by failing to properly administer the Trust for its Humanitarian Purpose and they had actual knowledge that LRF spent hundreds of thousands of dollars in legal fees for the 2017 calendar year. ECF 108-1. Thus, Plaintiffs' delay in bringing their claim against Impresa was both unreasonable and unexplained.

Plaintiffs also fail to directly address the significant prejudice pointed out in Impresa's Motion to Dismiss. Because of the substantial delay, Plaintiffs' late filed claim against Impresa prejudices not only Impresa, but also the Laogai defendants because it essentially seeks to cause the Laogai defendants to second guess whether they should pay any attorney (Impresa or otherwise) to defend the claims against them. ECF 192-1 at 9-10. The Court should be mindful of the chilling effect such a ruling would have, which includes possibly compromising the rights of the Laogai defendants under D.C. law to defend against Plaintiffs' claims. *See* D.C. Code Ann. § 19-1308.11 (West); *id.* at § 19-1308.11(24). Plaintiffs' Opposition wholly ignores this point, essentially conceding it. Moreover, Plaintiffs' failure to address this prejudice shows that the instant claim against Impresa is meant to do just that, cause prejudice by forcing the Laogai defendants into a position where they are not able to have any representation in this case. This is the essence of prejudice that requires dismissal under the doctrine of Latches.

### II. All material cited in Impresa's Motion to Dismiss is properly considered by Court at this stage.

The argument in Plaintiffs' Opposition that the Court should not consider documents attached to Impresa's Motion to Dismiss has no merit. Specifically, Plaintiffs claim the Court may not consider: (1) Plaintiffs' preliminary injunction brief, (2) the LRF's motion to dismiss brief from 2017, (3) the LHRO's 2016 Form 990, (4) the LHRO's 2017 tax return, (5) Plaintiffs' counsel's declaration in support of a motion for preliminary inunction, (6) the LRF's brief on a privilege dispute, and (7) a Virginia State Corporation Fictitious Name Certificate. ECF 197 at 24. Plaintiffs reference Rule 12(d) of the Federal Rules of Civil Procedure, which holds that "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See* Fed. R. Civ. Pro 12(d). Plaintiffs allege that only the tax returns are mentioned in the TAC and since the other documents are not mentioned, Impresa's Motion to Dismiss should be "summarily denied." ECF 197 at 24.

Plaintiffs are wrong. Opinions and orders, including briefs and transcripts from this very case, are not materials that constitute matters outside the pleadings. *See Smith v. Pub. Def. Serv. for the D.C.*, 686 A.2d 210, 212 (D.C. 1996) citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Courts also widely hold that "administrative records and reports and matters of public record" are not considered matters outside the pleadings. *See Smith*, 686 A.2d at 212 citing *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). To the same extent, "[p]roceedings in related cases may be judicially noticed and considered in the context of a motion to dismiss." *See Smith*, 686 A.2d at 212 quoting *Cannon v. District of Columbia*, 569 A.2d 595, 597 n.3 (D.C. 1990).

Because all the materials cited by Impresa in its Motion to Dismiss are appropriately

6

considered by the Court, Plaintiffs' argument to the contrary has no merit. The Court may evaluate the Motion to Dismiss, and consider the material cited and attached by Impresa, without converting it into a Motion for Summary Judgment.

### III. Impresa Legal Group is not a proper defendant, which requires dismissal under the circumstances.

Plaintiffs argue in their Opposition that because Impresa accepted service, appeared at hearings, and was put on notice of the fact that it was being sued, there is nothing wrong with bringing their claim against the trade name "Impresa Legal Group" even though the proper name is "Kostel Matechak, PLLC." ECF 197 at 25. Once again, Plaintiffs are wrong. As a matter of law, fictitious names or trade names are not a separate legal entity subject to suit, requiring the Court to dismiss the TAC against Impresa. *See Baylor v. Mitchell Rubenstein & Assocs.*, P.C., 55 F. Supp. 3d 43, 49 (D.D.C. 2014), *aff'd*, 857 F.3d 939 (D.C. Cir. 2017) (dismissing the law firm "Rubenstein & Cogan" as a defendant because it was a trade name and not a legal entity).

Dismissal is especially warranted in this case because, before Plaintiffs even filed their TAC, counsel for Impresa informed counsel for Plaintiffs that "Impresa Legal Group is a d/b/a and all rights are reserved to, among other arguments, move to dismiss based on naming an improper party." *See* Dkt. 184 n. 3. In response to being informed of the issue, Plaintiffs blew it off, stating "[w]ith respect to Impresa Legal Group's purported motion on naming an improper party, such a technical motion is a waste of the Court's time." *Id.* at 2. Plaintiffs must now live with the consequence of their decision to knowingly name an improper defendant, which is dismissal.

This is not a situation where a plaintiff diligently tries to name a correct legal entity, but fails to do so, and is given another opportunity to cure the defect. Plaintiffs' counsel had notice of this issue in plenty of time to name the proper party when the TAC was actually filed. As a fictitious name, "Impresa Legal Group" is not a proper defendant and it is not subject to suit.

7

Because Plaintiffs had actual knowledge of this defect before the TAC was filed, the Court should dismiss Impresa from this case, with prejudice.

## Conclusion

For these reasons, and those more fully argued in Impresa's Motion to Dismiss and Memorandum of Points and Authorities in Support thereof, Defendant Impresa Legal Group respectfully requests that the Court grant its Motion and dismiss the Third Amended Complaint against it, in full and with prejudice.

Respectfully Submitted,

IMPRESA LEGAL GROUP
By Counsel

CARR MALONEY P.C.

*/s/ J. Peter Glaws, IV*
J. Peter Glaws, IV (DC Bar #: 1013049)
2000 Pennsylvania Avenue, NW
Suite 8001
Washington, DC 20006
(202) 310-5500 (Tel)
(202) 310-5555 (Fax)
Peter.Glaws@carrmaloney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2023, a copy of the foregoing ***Defendant Impresa Legal Group's Reply in Support of its Motion to Dismiss*** was filed and served electronically on all counsel for all parties by using the CM/ECF system of the United States District Court of the District of Columbia.

*/s/ J. Peter Glaws, IV*
J. Peter Glaws, IV