UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HE DEPU, *et al.*,<br><br>                Plaintiffs,<br><br>    v.<br><br>OATH HOLDINGS, INC., *et al.*,<br><br>                Defendants. | No. 1:17-0635-RDM<br><br>Judge Randolph D. Moss |

**AMENDED[1] NOTICE OF REQUEST FOR PRE-MOTION CONFERENCE**

Defendant Michael Callahan, through counsel and under Standing Order Rule 10, files this Notice of Request for Pre-Motion Conference regarding his request for leave to file a Motion for Summary Judgment under Local Civil Rule 7(h) and Federal Rule of Civil Procedure 56 (the "Motion").[2]  This notice supersedes the notices Mr. Callahan filed on November 14, 2022, and October 28, 2024.  (ECF No. 139, 208.)  By filing this notice, Mr. Callahan does not waive or abandon his Rule 12 arguments, including his arguments related to Article III standing, (ECF No. 188), but instead seeks summary judgment consistent with his earlier request for leave to file a Motion for Summary Judgment, (ECF No. 139), as to the Third Amended Complaint ("TAC") (ECF No. 186).  Mr. Callahan requests leave to file the Motion and proposes to do so within 30 days of the Court's entry of an order granting leave.

---

[1] Mr. Callahan files this Amended Notice of Request for Pre-Motion Conference to update Exhibit 1 to his October 28, 2024 Notice, his Answer to one of Plaintiffs' Interrogatories.  Since October 28, 2024, he has amended that Answer.  The amended Answer does not change the substantive content of the material cited in the October 28, 2024 Notice, which concerns the date Mr. Callahan resigned from Yahoo (July 9, 2012).
[2] In ruling on the Defendants' motion to dismiss the SAC, the Court determined that it would "reserve judgment on the Yahoo Defendants' statute of limitations argument with respect to the claims against Callahan until after discovery, when it can consider the matter on a more complete

1

**FACTUAL BACKGROUND**

Mr. Callahan served as General Counsel of Yahoo until his resignation on July 9, 2012. *See* Def. Michael Callahan's Third Am. Responses to Pls.' First Set of Interrogatories to Michael Callahan, Ex. 1, at 2. While serving as General Counsel of Yahoo, Mr. Callahan also sat on the board of the Laogai Human Rights Organization, Inc. (the "LHRO") from its inception in June 2009 until he resigned from the LHRO board on July 9, 2012. *Id*. The LHRO was a supporting organization of the Laogai Research Foundation ("LRF"). Mr. Callahan did not sit on the board of the LRF. *Id*. He did not control the LRF Board or its employees. *Id*. Since July 9, 2012, Mr. Callahan has had no involvement with the LHRO or the LHRO Board. *Id*.

For their part, Plaintiffs He Depu ("He"), Xu Wanping ("Xu W."), Li Dawei ("Li"), and Wang Jinbo ("Wang") all received individual humanitarian aid grants from the Yahoo Human Rights Fund ("Fund") between May 2008 and December 2012:

| Plaintiff | Amount Awarded | Date |
|---|---|---|
| He Depu | $10,000 | May 5, 2008 |
| Xu Wanping | $3,000 | August 6, 2008 |
| Wang Jinbo | $4,000 | August 6, 2008 |
| He Depu | $2,000 | September 17, 2009 |
| Li Dawei | $1,000 | December 11, 2012 |

Plaintiffs Ouyang Yi and Xu Yonghai have never applied for an individual humanitarian grant from the Fund. TAC ¶¶ 12–13.

---

record." *He Depu v. Oath Holdings, Inc*., 531 F. Supp. 3d 219, 240 (D.D.C. 2021). Since that time, Mr. Callahan has been deposed twice, and all of the facts necessary to decide this motion have been established.

## GROUNDS FOR ANTICIPATED MOTION

**I.     Claims against Mr. Callahan are time-barred under well-established law in the District of Columbia.**

Mr. Callahan is entitled to summary judgment on all claims against him because those claims are time-barred.

The Third Amended Complaint contains three counts against Mr. Callahan: Count One (breach of trust), Count Three (third-party liability for aiding and abetting breach of trust), and Count Five (civil conspiracy). Each of these counts is subject to a three-year statute of limitations and should have been brought within three years of Mr. Callahan's resignation from the LHRO board in July 2012. *See* D.C. Code § 19-1310.05(c) (providing that "a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within 3 years after the first to occur of: (1) [t]he removal, resignation, or death of the trustee; (2) [t]he termination of the beneficiary's interest in the trust; or (3) [t]he termination of trust") (Count One); *Gray v. Staley*, 310 F.R.D. 32, 37 (D.D.C. 2015) (finding that a claim of aiding and abetting is "subject to the catchall three-year limitations period under D.C. Code § 12–301(8)") (Count Three); *Lu v. Lezell*, 45 F. Supp. 3d 86, 93 (D.D.C. 2014) ("In the District of Columbia, the statute of limitations for . . . civil conspiracy is three years.") (Count Five).

As they alleged in the TAC, Plaintiffs claim two different types of injuries. First, those Plaintiffs who have received distributions from the Fund (He, Li, Wang, and Xu W.) claim that they "receiv[ed] less than [they] would have but for the unlawful diversion of Fund assets away from its humanitarian purpose." TAC ¶¶ 9-11, 14. Second, all six Plaintiffs claim they have "los[t] the opportunity to obtain meaningful funding" and have "a significant and ever-worsening decrease in the likelihood of a meaningful restoration of that opportunity." *Id.* ¶¶ 9-14. Each of these claims are time-barred as to Mr. Callahan.

3

The undisputed evidence shows that Mr. Callahan resigned from all positions with Yahoo and the LHRO on or about July 9, 2012, and knows nothing about, and has had no involvement in any activities concerning, the Fund after that date. *See* Ex. 1, at 4. Plaintiffs have acknowledged (and continue to acknowledge) that Mr. Callahan is no longer a trustee,[3] which the Court noted in its March 22, 2021 opinion. *He Depu v. Oath Holdings, Inc.*, 531 F. Supp. 3d 219, 239 (D.D.C. 2021) ("Plaintiffs thus acknowledge that Callahan resigned or was removed as a trustee as of July 2012."). Plaintiffs were therefore required to bring claims based on alleged breaches of trust against Mr. Callahan no later than July 9, 2015 (three years from the date of his resignation). However, Plaintiffs delayed filing their complaint until April 17, 2017, almost five years after Mr. Callahan resigned from Yahoo, and nearly two years after the statute of limitations had expired. For this reason, Plaintiffs' claims against Mr. Callahan are time-barred.

A.   **Denial of Funds**

Those Plaintiffs who may claim to have been harmed by Mr. Callahan's actions between 2008 and 2012 acted too late. Plaintiff He, Wang and Xu W. all received distributions from the Fund while Mr. Callahan was a director on the LHRO board (i.e., before July 2012). To the extent these Plaintiffs claim injury because they were denied funds (they were not) or because they should have received more (a harm Mr. Callahan asserts in the pending Motion to Dismiss is not redressable), those claims are time-barred.

Plaintiff Li received a distribution from the Fund in December 2012. Even if he could establish that Mr. Callahan had anything to do with this distribution (he cannot), this claim is also time-barred.

---

[3] Mr. Callahan disputes he was ever a trustee.

4

### B. Lost Opportunity

In alleging lost opportunity, Plaintiffs' theory of harm is that Mr. Callahan, as a trustee, "systematically and unlawfully depleted" trust assets over at least a seventeen-year period. TAC ¶ 166. As Mr. Callahan has asserted in the pending Motion to Dismiss, Plaintiffs lack standing to bring these claims. ECF Nos. 188, 189. Both as a matter of trust law generally, and this Fund specifically, Plaintiffs have no entitlement to distributions. However, to the extent these are cognizable injuries redressable by Counts One, Three, and Five, they are also time-barred. Mr. Callahan resigned in 2012 after serving roughly three years on the LHRO Board, and has had no involvement with the LHRO after his resignation (including for the last 12 years of allegedly unlawful "depletion"). *See* Ex. 1, at 4. Thus, to the extent Mr. Callahan committed any breach of trust during his tenure on the LHRO Board that caused any Plaintiff to suffer a redressable "lost opportunity," that purportedly harmful conduct ceased in July 2012. To vindicate the legal rights Plaintiffs now claim against Mr. Callahan owing to that supposed injury, they had to bring suit by July 2015. They did not.

### II. This Motion is ripe for the Court's consideration because no party requires additional discovery to support or oppose the Motion.

All of the facts relevant to this Motion have been established. Mr. Callahan has been deposed twice. There is no dispute of fact as to when Mr. Callahan separated from Yahoo and the LHRO. There is no dispute as to the fact, amount, and timing of Plaintiffs' distributions from the Fund. To the extent Plaintiffs allege some sort of tolling in response to Mr. Callahan's Motion, he will respond to the same.

Because there are no "additional facts that would guide the Court's decision as to the merits of" Plaintiffs' claims against Mr. Callahan on the issues that support the proposed summary judgment motion, *Bynum v. District of Columbia*, 215 F.R.D. 1, 2 (D.D.C. 2003), the Court should

5

permit Mr. Callahan to seek summary judgment now. *See also* Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

## CONCLUSION

In sum, the Court should allow Mr. Callahan to file a Motion for Summary Judgment, given that: (1) he has meritorious arguments that will resolve the entire case against him, and (2) no further factual development is needed for the Court's disposition of that question.

Dated: November 6, 2024

Respectfully submitted,

MCGUIREWOODS LLP

*/s/ John J. Woolard*
Brian E. Pumphrey (admitted *pro hac vice*)
Garrett H. Hooe (admitted *pro hac vice*)
John J. Woolard (D.C. Bar No. 1614841)
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7745
Facsimile: (804) 775-7065
bpumphrey@mcguirewoods.com
ghooe@mcguirewoods.com
jwoolard@mcguirewoods.com

*Counsel for Defendants Oath Holdings, Inc., Michael Callahan, and Ronald Bell*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ John J. Woolard*
John Woolard