# EXHIBIT 2

# NONJUDICIAL SETTLEMENT AGREEMENT AND RELEASE

This Nonjudicial Settlement Agreement ("Agreement") is made and entered into between He Depu, Li Dawei, Wang Jinbo, Ouyang Yi, Xu Yonghai, and Xu Wanping (collectively the "Plaintiffs") and Oath Holdings, Inc. ("Yahoo"), Ronald Bell, Michael Callahan (together with Ronald Bell and Yahoo, the "Yahoo Defendants"), Ching Lee Chen, as Representative of the Estate of Harry Wu (the "Estate"), Laogai Research Foundation, Laogai Research Foundation-CA, Laogai Human Rights Organization, (together with Laogai Research Foundation and Laogai Research Foundation-CA, the "Laogai Defendants"), and Kostel-Matechak, PLLC, d/b/a Impresa Legal Group ("Impresa," and collectively with the Yahoo Defendants, the Estate, and the Laogai Defendants, the "Defendants") and is effective upon entry of an Order by the United States District Court for the District of Columbia (the "Court") approving the Agreement ("Effective Date"). Defendants and Plaintiffs may hereinafter be referred to individually as a "Party" and collectively as the "Parties." Defendants sign this agreement in their individual, corporate, and/or fiduciary capacities, as applicable.

## RECITALS

WHEREAS, on April 11, 2017, Plaintiffs filed a complaint (the "Action") in the Court (Case No. 1:17-cv-635), alleging that Yahoo was the settlor of a charitable trust in 2007 (the "Trust") when, as a result of a 2007 settlement agreement in a case captioned *Xiaoning, et al. v. Yahoo!, Inc. et al.*, No. 07-02151-CW (N.D. Cal., July 30, 2007), it formed the Yahoo Human Rights Fund (the "Fund"). The 2007 settlement agreement provided funds to the Laogai Research Foundation to provide, among other things, humanitarian aid primarily to persons in or from the People's Republic of China who have been imprisoned for expressing their views through Yahoo or another medium (the "Humanitarian Purpose");

WHEREAS, on May 12, 2022, the Court held that the 2007 settlement agreement created the Trust;

WHEREAS, on March 29, 2024, Plaintiffs filed the operative Third Amended Complaint in the Action;

WHEREAS, Plaintiffs were imprisoned in China for expressing their views through the internet and/or other mediums;

WHEREAS, some—but not all—Plaintiffs sought and received humanitarian aid from the Laogai Research Foundation;

WHEREAS, Plaintiffs alleged that not enough of the Trust's funds were spent on the Humanitarian Purpose and that Defendants breached their alleged fiduciary duties, or in the alternative were otherwise liable for the diminution in Trust funds that could be used for the Humanitarian Purpose;

WHEREAS, Defendants deny these allegations and any wrongdoing whatsoever, including that a

charitable trust was ever created, and the Yahoo Defendants deny being a Trustee or ever holding any Trust property;

WHEREAS, the Parties now wish to avoid the costs and disruption associated with further litigation and to resolve the dispute between the Parties and any and all claims by Plaintiffs, in addition to providing for the termination of the Trust, as a result of the LRF winding up operations and two of the three purposes of the Trust being impractical to achieve;

WHEREAS, this Agreement shall have the effect of a nonjudicial settlement agreement pursuant to § 19-1301.11 of the Code of the District of Columbia, and of a consent, release, and ratification pursuant to § 19-1310.09 of the Code of the District of Columbia;

WHEREAS, pursuant to § 19-1301.11 of the Code of the District of Columbia, interested persons may enter into a binding nonjudicial settlement agreement with respect to any matter involving a trust provided the requirements of § 19-1301.11 of the Code of the District of Columbia are met; and

WHEREAS, the Parties wish to enter into this Agreement to formally memorialize their agreement.

**NOW THEREFORE,** in consideration of the promises and covenants made by the Parties in this Agreement, the sufficiency of which is hereby acknowledged, the Parties agree to the following:

<u>**AGREEMENT**</u>

1.      **Recitals**.  The foregoing recitals are incorporated herein and made an integral part of this Agreement.

2.      **Representations**.  The Parties represent and warrant the following:

(a) The terms of this Agreement are fair and equitable and have been accepted voluntarily, and the Parties know and understand their rights and the material facts related to this Agreement.

(b) Plaintiffs represent and warrant that they are the sole owners of the claims released herein and that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the claims released herein.

(c) The Parties have reviewed this Agreement and have had full and ample opportunity to consult with independent counsel of their choosing in connection with this Agreement.

(d) This Agreement does not violate a material purpose of the Trust.

(e) This Agreement is and shall constitute a nonjudicial settlement agreement pursuant to § 19-1301.11 of the Code of the District of Columbia, and a consent, release, and ratification pursuant to § 19-1310.09 of the Code of the District of Columbia. All requirements with respect to §§ 19-1301.11 and 19-1310.09 of the Code of the District of Columbia have been satisfied or waived.

(f) Nothing in this Agreement creates a trust or creates or imposes fiduciary duties on any Party to the NJSA, nor shall it, or should it, be construed to do so.

**3.     Sale of the Property; Note; No Remaining Trust Assets**.

**3.1**     Plaintiffs agreed to and have executed and recorded a release of the *lis pendens* on the real property located at 1901 18th Street NW, Washington, D.C. 20009 (the "Property"). The Laogai Defendants shall market the Property for sale on such terms and conditions as the Laogai Defendants deem reasonable in their discretion.

Net proceeds from the sale of the Property (i.e., after payment of recordation and transfer taxes, commissions, real estate tax and utility prorations, deed preparation, escrow fees, closing costs, and any other amounts payable by the seller as set forth on the settlement statement) shall be disbursed as follows:

> first, to fund the Laogai Defendants' portion of the Payment to be made in accordance with Section 4; and

> second, to pay all other outstanding third-party financial obligations of the Laogai Defendants, including without limitation vendor and professional services balances, which at present are not less than $635,000; and

> third, to pay the costs of winding up the non-profit corporations which comprise the Laogai Defendants; and

> finally, the balance remaining, if any, shall be donated to a non-profit organization whose mission is to protect or promote human rights internationally (subject to approval by the applicable state attorney general(s), to the extent required in connection with the dissolution of a non-profit corporation).

**3.2**     If closing on the sale of the Property has not occurred by the Payment Date (defined below), then the Laogai Defendants may satisfy their Section 4 Payment obligation by execution and delivery to Plaintiffs' counsel of a Note. For purposes hereof, "Note" shall mean a promissory note as follows: by Laogai Research Foundation, a California nonprofit corporation, as maker; payable to Humanitarian China, a California nonprofit corporation, as noteholder; in the principal amount of $885,000; bearing interest at the simple rate of 6.00% per annum, with interest accruing,

3 of 15

and no current payments; no prepayment penalty; maturity occurring one year after the Payment Date; due on sale; and secured by a first lien deed of trust on the Property.

3.3     In order to facilitate sale of the Property as contemplated herein, the Parties agree, and the Order of the Court attached to the Joint Motion will provide, that the Property and all other assets are held by the Laogai Defendants free of any Trust obligation.  In furtherance (but not limitation) thereof, the Parties agree that: the Laogai Defendants may sell, transfer, convey, encumber, and administer the Property and other assets free of any claim that the same comprise Trust property; that the execution and delivery of a contract of sale, deed of trust or other instrument by an officer or director of a Laogai Defendant shall be effective; and, that no consent of any trustee of the Trust is required in order for the Laogai Defendants to effectuate sale of the Property and other transactions contemplated herein.  The Parties shall execute and deliver such documents and instruments and perform such additional acts as may be necessary or appropriate to perform all of the terms, conditions, and provisions of this Section 3.3.

4.     **Settlement Consideration**.  Pursuant to the terms and satisfaction of the conditions precedent set forth herein, Defendants agree to pay and tender to Plaintiffs five million, four hundred twenty-five thousand US Dollars ($5,425,000 USD) ("Payment"), inclusive of any fees, costs, expenses, or other expenditures potentially owed to Plaintiffs and their agents (including their attorneys), as consideration for the releases, covenants, and indemnifications set forth below, to be held by Plaintiffs' counsel pending further order of the Court.  Of this amount, the Laogai Defendants agree to pay and tender eight hundred eighty-five thousand US Dollars ($885,000 USD) (subject to the terms and conditions of Section 3.2); Impresa Legal Group, either directly or through an insurer or third party administrator, agrees to pay and tender forty thousand US Dollars ($40,000 USD); and the Yahoo Defendants agree to pay and tender four million, five hundred thousand US Dollars ($4,500,000 USD).

Plaintiffs must each complete a current W-8BEN form and deliver same to Defendants' counsel before any payments are made pursuant to this Section.  By signing this Agreement, Plaintiffs also represent, warrant, and affirm that settlement payments are not related to any services provided by that Plaintiff to Yahoo within the United States of America.  Plaintiffs' counsel must complete a current W-9 tax form and deliver same to Defendants' counsel before any payments are made pursuant to this Section.  The Payment will be made by wire transfer to Plaintiffs' counsel per the following instructions:

Receiving Bank Name: J.P. Morgan Chase Bank
Bank Address: 270 Park Avenue, New York, NY 10017
Routing Number: 021000021
Swift Code: CHASU33
Beneficiary Name: Farra & Wang PLLC - DC IOLTA account
Beneficiary Account Number: 567520286
Beneficiary Address: 1300 I Street, Suite 400E, Washington, DC 20005

The Parties expressly acknowledge and agree that the Payment, as it is distributed under Section 5 (a) is the result of good-faith negotiations conducted by and between the Parties; (b) represents the sole and complete consideration for the release of the Plaintiffs' Released Claims (as defined below); and (c) constitutes fair and reasonable consideration for the release of any and all Plaintiffs' Released Claims (as defined below). Plaintiffs and/or their counsel, as applicable, shall be solely responsible for all federal, state, and local taxes due on their respective portions of the Payment, if any, and each specifically agrees to indemnify and hold the Defendant Releasees (as defined below) harmless for any and all claims involving federal, state or local taxes resulting from such responsibility. Plaintiffs acknowledge and agree that Defendants have not made any representations or warranties regarding the tax consequences of any amounts paid pursuant to this Agreement.

5.    **Distribution of the Payment**. The Parties agree that Plaintiffs' counsel, pursuant to this Agreement and the Order of the Court attached to the Joint Motion, shall deliver the funds remaining from the Payment after the Court allocates any such funds to Plaintiffs and/or Plaintiffs' counsel ("Remaining Settlement Funds") to Humanitarian China, a California nonprofit, in the form of a restricted fund (the "Restricted Fund"), and as required by the Court. Plaintiffs and/or Plaintiffs' agent or counsel are solely responsible for ensuring that the Restricted Fund comprising the Remaining Settlement Funds is delivered to Humanitarian China. The Restricted Fund shall provide that, aside from a portion that may be used for administrative expenses, the Remaining Settlement Funds may only be used to provide humanitarian assistance to persons in or from the People's Republic of China who have been imprisoned in whole or in part for exercising their freedom of speech, or to the families of such persons. The Parties agree that transfer of the Remaining Settlement Funds to Humanitarian China will further the Trust's Humanitarian Purpose, pursuant to § 19-1304.12(c) of the Code of the District of Columbia. The Note, and all funds paid to or collected by the noteholder as principal and interest under the Note, shall constitute Remaining Settlement Funds.

6.    **Conditions Precedent**. The following are conditions precedent to Defendants' obligations to tender the Payment to Plaintiffs' counsel: (1) the Attorney General for the District of Columbia must not ultimately object to the Agreement, or the relief requested in the Parties' Joint Motion to Approve Settlement and Terminate Trust ("Joint Motion"), to which this Agreement shall be attached, before or at any hearing by the Court on the Joint Motion; and (2) the Court must enter an Order approving the Agreement entirely or substantially in the form of the Order attached to the Joint Motion (including provisions related to discharge and termination of the Trust). Defendants shall tender the Payment ninety (90) days after satisfaction of the last condition precedent (such date, the "Payment Date"). Should satisfaction of any conditions precedent fail to occur, the Parties agree to meet and confer to discuss potential remedial measures and, if necessary, to convene with the Honorable Walter D. Kelley in an attempt to resolve any issues. In the event the Parties and Judge Kelley conclude in good faith that this Agreement cannot be modified so as to address the failure of any condition precedent, this Agreement shall be void. To avoid doubt: (a) the Yahoo Defendants' and Impresa Legal Group's obligation to tender their portions of the Payment to Plaintiffs' counsel does not depend on the sale of the Property; (b) the

sale of the Property is not a condition precedent to any payment obligation; and (c) the Laogai Defendants' obligation to tender their share of the Payment will be satisfied upon execution and delivery of the Note.

7.      **Termination.**  When the Payment described in Section 4 is made, and subject to approval and order by the Court, the Trust shall terminate pursuant to § 19-1304.12(a) of the Code of the District of Columbia.  Upon termination, the Trust shall no longer exist, and all Defendants and Defendant Releasees (as defined below in Section 9) shall be fully and finally discharged from any and all past, present, or future obligation, liability, responsibility, duty, or other commitment to the Trust, or its administration, assets, beneficiaries, supporting organizations, settlor(s), or related entities or individuals, which include, without limitation, Plaintiffs' Released Claims (as defined below).  To avoid doubt, the Laogai Defendants' payment obligations under the Note will survive the termination of the Trust.

8.      **Presentation to Court for Approval**.  The Parties agree to present this Agreement to the Court for approval no later than April 15, 2025, or such other date as required by the Court.

9.      **Mutual Release**. In exchange for and effective upon payment by each Defendant (and as to only that Defendant), and pursuant to § 19-1310.09 of the Code of the District of Columbia, Plaintiffs, on behalf of themselves and their agents, principals, representatives, employees, directors, independent contractors, successors, assigns, licensees, relatives, spouses, dependents, predecessors, attorneys and any other entities in which Plaintiffs have an interest, and each of them ("Plaintiff Releasing Parties"), hereby permanently and forever release and discharge Defendants, in any and all capacities, and each of Defendants' current and former respective owners, principals, parents, divisions, shareholders, partners, employees, independent contractors, representatives, agents, affiliates, officers, directors, successors, assigns, licensees, customers, clients, subsidiaries, related entities, attorneys (including Foley Hoag LLP), accountants and tax advisors (including PKS & Co., P.A.), insurers, and any other entities in which they have an interest ("Defendant Releasees"), from any and all costs, claims, allegations, losses, demands, lawsuits, damages, injuries, expenses, liabilities, attorneys' fees, judgments, bonds, bills, penalties, fines, actions, causes of action and all other legal responsibilities of any form whatsoever, whether based in law or in equity and whether known or unknown, which the Plaintiff Releasing Parties now have, ever had, or may claim to have against any of the Defendant Releasees from the beginning of time up to and including the date of entry of an Order by the Court dismissing the Action with prejudice ("Final Resolution Date"), including without limitation the claims asserted in the Action and those claims related to or arising from the claims in the Action, the Trust, the Fund and termination of the Trust and distribution of the Trust assets and the Payment as set forth in this Agreement ("Plaintiffs' Released Claims").  Plaintiffs further agree not to bring, continue, fund, support, encourage, or maintain any future legal proceedings of any nature whatsoever against any Defendant Releasee before any court, administrative agency, arbitrator, or any other tribunal or forum by reason of or related to the Action or the Plaintiffs' Released Claims.  The Plaintiff Releasing Parties hereby acknowledge and agree that, except as expressly set forth in this Agreement, the Defendant Releasees have no other liabilities or obligations, of any kind or nature,

owed to the Plaintiff Releasing Parties, or in connection with or relating to the Action, the Plaintiffs' Released Claims, or otherwise as of the Final Resolution Date.

Defendants, pursuant to § 19-1310.09 of the Code of the District of Columbia, on behalf of themselves and each of Defendants' respective owners, principals, parents, divisions, shareholders, partners, employees, independent contractors, representatives, agents, affiliates, officers, directors, successors, assigns, licensees, customers, clients, subsidiaries, related entities, attorneys, and any other entities in which they have an interest ("Defendant Releasing Parties"), hereby permanently and forever release and discharge Plaintiffs, and each of their agents, principals, representatives, employees, independent contractors, successors, assigns, licensees, relatives, spouses, predecessors, attorneys and any other entities in which Plaintiffs have an interest ("Plaintiff Releasees"), from any and all costs, claims, allegations, losses, demands, lawsuits, damages, injuries, expenses, liabilities, attorneys' fees, judgments, bonds, bills, penalties, fines, actions, causes of action and/or all other legal responsibilities of any form whatsoever, whether based in law or in equity and whether known or unknown, which the Defendant Releasing Parties now have, ever had, or may claim to have against any of the Plaintiff Releasees from the beginning of time up to and including the Final Resolution Date, including without limitation the claims asserted in the Action and those claims related to or arising from the claims in the Action, the Trust, the Fund, and termination of the Trust and distribution of the Trust assets and the Payment as set forth in this Agreement ("Defendants' Released Claims"). Defendants further agree not to bring, continue, or maintain any future legal proceedings of any nature whatsoever against any Plaintiff Releasee before any court, administrative agency, arbitrator, or any other tribunal or forum by reason of or related to the Action or the Defendants' Released Claims. The Defendant Releasing Parties hereby acknowledge and agree that, except as expressly set forth in this Agreement, the Plaintiff Releasees have no other liabilities or obligations, of any kind or nature, owed to the Defendant Releasing Parties, or in connection with or relating to the Action, the Defendants' Released Claims, or otherwise as of the Final Resolution Date.

Nothing herein releases the right of any Party to enforce this Agreement pursuant to the terms of Section 19 below.

**10.    Dismissal of the Action.** Within three (3) business days of Plaintiffs' counsel's receipt of the Payment, the Parties will execute, and Plaintiffs' counsel will file, a joint status report and motion to dismiss the Action with prejudice.

**11.    Confidentiality.** The terms and conditions of this Agreement, including but not limited to the amount of the Payment, status of Payment, and the negotiations leading up to this Agreement, shall remain strictly confidential, and the Parties and their attorneys or agents shall not disclose the terms of this Agreement to any person or entity except to their respective attorneys, accountants, tax advisors, officers, directors, auditors, consultants, shareholder representatives, insurers, insurer representatives or third party administrators, purchasers, and employees, and/or as otherwise necessary for valid and required business reasons, legal compliance, or future legal action, including for, but not limited to, court approval of this Agreement, as well as to the Attorney

General for the District of Columbia.  The fact that the Action has been settled is not confidential. If contacted by the press or any type of media, the Parties and their attorneys or agents shall say only, "The case has been resolved amicably, and the parties wish each other the best for the future." The Parties shall not publicize the settlement, including its terms and conditions, on any form of social media.  This confidentiality shall not apply to any disclosure required by any court, governmental agency, legal process, or otherwise required by law, including any third party discovery requests, or to filing and recordation of documents in the public land records as contemplated herein, or to any disclosure in a legal proceeding to enforce the rights or obligations contained in this Agreement, following notice to the other Party sufficient to allow such other Party a reasonable opportunity to object to such disclosure and in no event less than ten (10) business days.

**12.    Non-Disparagement.**  The Parties agree that they will not make any statements, written or verbal, to any third party or the public disparaging the other Party.  The Parties further agree that they will not make, publish, induce, or encourage others to make or publish any written or verbal statements that are defamatory, disparaging, or negative about the other Party.

**13.    Violation of the Confidentiality and/or Non-Disparagement Provision**. Notwithstanding anything to the contrary herein, the Parties acknowledge that a breach of the Confidentiality provision in Section 11 and/or a breach of the Non-Disparagement provision in Section 12 will result in immediate harm and damage to the non-breaching Party.  The Parties also acknowledge that, as of the date of this Agreement, it is difficult to ascertain the amount of actual damages the non-breaching Party will suffer from a breach of the Confidentiality provision in Section 11 and/or a breach of the Non-Disparagement provision in Section 12 and as a result the Parties intend to and do liquidate those damages.   In the event that a Party breaches the Confidentiality provision in Section 11 and/or a breach of the Non-Disparagement provision in Section 12, that Party for each breach will (a) pay the non-breaching Party or Parties the sum of One Hundred Thousand and No/100 Dollars ($100,000.00) as liquidated damages and as the exclusive remedy for breach of the Confidentiality provision in Section 11 and/or a breach of the Non-Disparagement provision in Section 12, which represents a reasonable estimate of the presumed, actual damages; and (b) pay all of the non-breaching Party's reasonable attorneys' fees and costs associated with said breach and the investigation, pursuit, and enforcement thereof.

**14.    No Admissions.**  This Agreement is the result of compromise between the Parties.  Nothing in this Agreement is intended to be construed as evidence of any wrongdoing on the part of any Party to this Agreement, or as any admission of liability or of the validity of any claim released hereunder, with liability and fault being expressly denied by each Party, and validity being contested by the Defendants.

**15.    Attorneys' Fees and Costs.**  Plaintiffs intend to move the Court for an award of attorneys' fees and costs to be paid exclusively from the Payment, with the remainder thereof to constitute the full and complete settlement of this matter.  Defendants agree not to oppose Plaintiffs' motion for an award of attorneys' fees and costs.  Other than any fees and costs awarded in response to that motion, each Party shall bear its own attorneys' fees, costs, and other expenses incurred in

connection with the Action, the dispute preceding this Agreement, and the negotiation of this Agreement.

16.    **Successors.**  This Agreement shall bind and benefit the respective successors and assigns of the Parties.

17.    **Cooperation and Joint Drafting.**  Each of the Parties and their respective counsel have cooperated in the drafting of this Agreement; hence, this Agreement shall not be construed against either of the Parties, but instead as though both Parties drafted it jointly.

18.    **Further Assurances.**  The Parties agree to execute any documents and take any further actions as may be reasonably necessary or appropriate to carry out the purpose and intent of this Agreement.

19.    **Dispute Resolution, Choice of Law, and Forum.**  The laws of the District of Columbia govern this Agreement without regard to its conflict of law principles.  Any disputes concerning the language of the final settlement documents shall be mediated by the Hon. Walter D. Kelley, Jr. in Washington, D.C.  In the event such mediation is unsuccessful, the dispute shall be arbitrated by the Hon. Walter D. Kelley, Jr. in Washington, D.C., or Alexandria, Virginia, pursuant to the JAMS Comprehensive Arbitration Rules and Procedures.

20.    **Injunctive Relief; Remedies.**  The Parties and their counsel expressly acknowledge and agree that the obligations set forth in Section 9 ("Release"), Section 11 ("Confidentiality"), and Section 12 ("Non-Disparagement") are material inducements to the Parties to enter into this Agreement.  Furthermore, the Parties and their counsel acknowledge and agree that, without limitation, any breach of the terms of Section 9, Section 11, or Section 12 would cause the Parties to suffer immediate, irreparable injury for which money damages would be an inadequate remedy (Section 13 notwithstanding), and that the injured Party will be entitled to temporary, preliminary, and permanent injunctive relief, as provided for under applicable law or equity, without being required to post any bond or other security, in the event of any such breach.  Injunctive relief will not be deemed the exclusive remedy for any such breach but will be in addition to all other remedies that may be available under applicable law or in equity.

21.    **Indemnification.**  Plaintiff Releasing Parties agree that they will not make, assert, maintain or pursue any claim, demand, action, suit, or cause of action that is discharged by this Agreement against any Defendant Releasee following the dismissal of the Action.  The Plaintiff Releasing Parties agree to indemnify, defend, and hold each Defendant Releasee and its successors in interest harmless from and against any claim, demand, damage, liability, action, cause of action, cost, loss, injury, or expense, including attorney's fees and court costs, resulting from a breach of the covenant contained in this Section 21.  However, it is understood and agreed by the Parties that this section and the covenant hereby provided will not apply to any lawsuit necessary to enforce this Agreement.

**22.    Miscellaneous Provisions:**

**22.1.**    Each Party represents and warrants that it has the right to enter into this Agreement and that the execution and performance of this Agreement does not and will not conflict with or violate any other agreement.

**22.2.**    This Agreement is the entire agreement between the Parties with respect to its subject matter and supersedes any and all prior arrangements, proposals, or understandings, written or oral, by or between the Parties, with respect to the subject matter of this Agreement. None of the Parties has relied upon any representations or promises, written or oral, in entering into this Agreement that are outside the four corners of the Agreement. All changes, modifications, or other amendments to or of this Agreement must be made in a writing fully executed by all of the Parties. It is further agreed by the Parties that the recitals to this Agreement shall be considered a material part of this Agreement.

**22.3.**    Titles and captions in this Agreement are used herein for convenience and reference only. They are not intended and shall not be construed to define, limit, extend or otherwise describe the scope of the Agreement or its material terms.

**22.4.**    If any provision of this Agreement is determined to be invalid or unenforceable, all of the other provisions shall remain valid and enforceable, unless the provision found to be unenforceable is of such material effect that the Agreement cannot be performed in accordance with the intent of the Parties in the absence thereof.

**22.5.**    No breach of any provision of this Agreement can be waived except in a writing signed by the non-breaching Party. The waiver of any one breach of this Agreement shall not be deemed to be a waiver of any other breach of that or any other provision of the Agreement.

**22.6.**    All notices required by or sent pursuant to the terms of this Agreement shall be sent by registered mail, return receipt requested, and by email:

(a)    For Yahoo:

Yahoo Legal Department
Attn: General Counsel
770 Broadway
New York, New York 10003
legalnotices@yahooinc.com
Bpumphrey@mcguirewoods.com

(b)    For Ronald Bell

Brian E. Pumphrey

McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219
Bpumphrey@mcguirewoods.com

(c)    For Michael Callahan

Brian E. Pumphrey
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219
Bpumphrey@mcguirewoods.com

(d)    For Laogai Research Foundation

George E. Kostel
3033 Wilson Blvd.
Suite 700
Arlington, VA  22201
GeorgeKostel@impresalegal.com

(e)    For Laogai Human Rights Organization

George E. Kostel
3033 Wilson Blvd.
Suite 700
Arlington, VA  22201
GeorgeKostel@impresalegal.com

(f)    For Impresa Legal Group

J. Peter Glaws, IV
Carr Maloney PC
2000 Pennsylvania Ave., NW
Suite 8001
Washington, DC 20006

cc to:

George E. Kostel
3033 Wilson Blvd.
Suite 700
Arlington, VA  22201

GeorgeKostel@impresalegal.com

(g)     Plaintiffs

Times Wang
1543 Champa St., Ste. 400
Denver, CO 80202
twang@farrawang.com

**22.7.**   This Agreement may be executed in counterparts, including electronic and .PDF signatures, which together will be deemed original and binding.  Each individual executing the Agreement represents and warrants that he or she is authorized to legally bind the entity on whose behalf he or she is executing this Agreement.

**22.8.**   The undersigned hereby acknowledge, each and every one, that they fully understand the terms of this Agreement, enter into it freely and voluntarily without duress or undue influence, and have been advised by counsel of their choice in the drafting, negotiation, and entry into this Agreement.

**[The remainder of this page has been intentionally left blank]**

**IN EXECUTING THIS AGREEMENT, THE EXECUTING PARTY AGREES TO, ACKNOWLEDGES, AND ACCEPTS THE TERMS SET FORTH HEREIN:**

| Yahoo Inc. | He Depu |
|---|---|
| Signature: | Signature: |
| Name: | Name: He Depu （何德普） |
| Title: | Date: April 15, 2025 |
| Date: | |
| **Michael Callahan** | **Li Dawei** |
| Signature: | Signature: |
| Name: | Name: Li Dawei （李大伟） |
| Date: | Date: April 15, 2025 |
| **Ronald Bell** | **Wang Jinbo** |
| Signature: | Signature: |
| Name: | Name: Wang Jinbo （王金波） |
| Date: | Date: April 15, 2025 |
| **Estate of Harry Wu** | **Ouyang Yi** |
| Signature: | Signature: |
| Name: | Name: Ouyang Yi （欧阳懿） |
| Title: | Date: April 15, 2025 |
| Date: | |

13 of 15

**IN EXECUTING THIS AGREEMENT, THE EXECUTING PARTY AGREES TO, ACKNOWLEDGES, AND ACCEPTS THE TERMS SET FORTH HEREIN:**

| Yahoo Inc. | He Depu |
|---|---|
| Signature: *C Fujita* | Signature: |
| Name: CHRISTINE FUJITA | Name: |
| Title: ASSOCIATE GENERAL COUNSEL | Date: |
| Date: 4/15/2025 | |
| **Michael Callahan** | **Li Dawei** |
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |
| **Ronald Bell** | **Wang Jinbo** |
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |
| **Estate of Harry Wu** | **Ouyang Yi** |
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |

**IN EXECUTING THIS AGREEMENT, THE EXECUTING PARTY AGREES TO, ACKNOWLEDGES, AND ACCEPTS THE TERMS SET FORTH HEREIN:**

| Yahoo Inc. | He Depu |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |
| **Michael Callahan** | **Li Dawei** |
| Signature: *M J Callahan* | Signature: |
| Name: Michael J. Callahan | Name: |
| Date: April 15, 2025 | Date: |
| **Ronald Bell** | **Wang Jinbo** |
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |
| **Estate of Harry Wu** | **Ouyang Yi** |
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |

13 of 15

**IN EXECUTING THIS AGREEMENT, THE EXECUTING PARTY AGREES TO, ACKNOWLEDGES, AND ACCEPTS THE TERMS SET FORTH HEREIN:**

| Yahoo Inc. | He Depu |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |
| **Michael Callahan** | **Li Dawei** |
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |
| **Ronald Bell** | **Wang Jinbo** |
| Signature: *Ronald Bell* | Signature: |
| Name: *Ronald Bell* | Name: |
| Date: *April 15, 2025* | Date: |
| **Estate of Harry Wu** | **Ouyang Yi** |
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |

13 of 15

IN EXECUTING THIS AGREEMENT, THE EXECUTING PARTY AGREES TO, ACKNOWLEDGES, AND ACCEPTS THE TERMS SET FORTH HEREIN:

| Yahoo Inc. | He Depu |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Title: | Date: |
| Date: | |

| Michael Callahan | Li Dawei |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |

| Ronald Bell | Wang Jinbo |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Date: | Date: |

| Estate of Harry Wu | Ouyang Yi |
|---|---|
| Signature: *Ching Chen* | Signature: |
| Name: Ching Lee Chen | Name: |
| Title: Executor | Date: |
| Date: 04/15/2025 | |

| Laogai Research Foundation | Xu Yonghai |
|---|---|
| Signature: | Signature: |
| Name: | Name: Xu Yonghai （徐永海） |
| Title: | Date: April 15, 2025 |
| Date: | |
| **Laogai Human Rights Foundation** | **Xu Wanping** |
| Signature: | Signature: |
| Name: | Name: Xu Wanping （许万平） |
| Title: | Date: April 15, 2025 |
| Date: Counsel for Impresa Legal Group Partner, Carr Maloney PC | |
| **Kostel-Matechak, PLLC d/b/a Impresa Legal Group** | |
| Signature: | |
| Name: George E. Kostel | |
| Title: Managing Principal | |
| Date: April 15, 2025 | |

## APPROVED AS TO FORM AND AS TO SECTIONS 11, 12 AND 13

| McGuireWoods LLP | Farra & Wang PLLC |
|---|---|
| Signature: *[signature]* | Signature: |
| Name: Brian E. Pumphrey | Name: |
| Title: Counsel for the Yahoo Defendants | Title: |
| Date: 4/15/25 | Date: |
| Carr Maloney, P.C. | Slarskey LLC |
| Signature: | Signature: |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |
| Charnoff Simpson PLLC | Impresa Legal Group |
| Signature: | Signature: |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

**APPROVED AS TO FORM AND AS TO SECTIONS 11, 12 AND 13**

| McGuireWoods LLP | Farra & Wang PLLC |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

| Carr Maloney, P.C. | Slarskey LLC |
|---|---|
| Signature: | Signature: |
| Name: | Name: |
| Title: | Title: |
| Date: | Date: |

| Charnoff Simpson PLLC | Impresa Legal Group |
|---|---|
| Signature: *Mikhael D. Charnoff w/ permission 2HB Dr 90020108* | Signature: |
| Name: *Mikhael D. Charnoff* | Name: |
| Title: *Counsel for the Estate of Harry Wu* | Title: |
| Date: *4/15/2025* | Date: |

**APPROVED AS TO FORM AND AS TO SECTIONS 11, 12 AND 13**

| McGuireWoods LLP | Farra & Wang PLLC |
|---|---|
| Signature: | Signature: |
| Name: | Name: Times Wang |
| Title: | Title: Partner |
| Date: | Date: April 15, 2025 |
| **Carr Maloney, P.C.** | **Slarskey LLC** |
| Signature: J. Peter Glaws, IV | Signature: |
| Name: J. Peter Glaws, IV | Name: David Slarskey |
| Title: Counsel for Impresa Legal Group; Partner, Carr Maloney PC | Title: Partner |
| Date: April 15, 2025 | Date: April 15, 2025 |
| **Charnoff Simpson PLLC** | **Impresa Legal Group** |
| Signature: | Signature: |
| Name: | Name: George E. Kostel |
| Title: | Title: Managing Principal |
| Date: | Date: April 15, 2025 |