UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HE DEPU, *et al.*,

        Plaintiffs,

v.

OATH HOLDINGS, INC., *et al.*,

        Defendants.

No. 1:17-0635-RDM

Judge Randolph D. Moss

## DECLARATION OF HE DEPU

I, He Depu, declare as follows:

1.    I am over the age of 18, and am competent to testify as to all matters herein, and make the following statements based on my own personal knowledge.

2.    I am one of the plaintiffs in this action.

3.    I submit this declaration to describe my efforts in this litigation and to support the application for attorneys' fees submitted by my attorneys at Farra & Wang PLLC and Slarskey LLC.

**A.    My efforts in this case.**

4.    I am a citizen of the People's Republic of China, a critic of the PRC government, and an advocate and activist for democratic reform. I was imprisoned for my activism from between 2003 and 2011. Despite having served my sentence, I am still heavily monitored by government agents and am unable to leave the PRC.

5.    I first heard of the Yahoo! Human Rights Fund when I was imprisoned. Eventually, I came to learn from various sources, including news reports about its creation, that its purpose was to provide humanitarian assistance to imprisoned Chinese dissidents, and that it was being managed by Harry Wu. I also came to learn from various sources that Harry Wu was

1

suspected of not properly carrying out that purpose. I became extremely concerned, because I was worried that Wu would mismanage the Fund to the point that fellow Chinese dissidents who'd spent time in prison would no longer be able to benefit from the Fund.

6.　　In 2014, I began organizing the group of Chinese dissidents who coalesced into the Plaintiffs. I persuaded them that we needed to investigate Harry Wu's handling of the Fund as a group. I led our efforts to write two joint letters to Jerry Yang asking him and Yahoo to investigate Wu. I delivered the letters to Mr. Yang via my friend who lives in the United States.

7.　　That letter-writing campaign eventually led the group to find agents and representatives in the United States to represent our interests, including attorney Times Wang, as discussed in more detail below.

8.　　After that, my efforts focused on providing leadership to the group and to the case. This included finding an additional plaintiff, Xu Wanping, that Mr. Wang had suggested would be a good addition to the case. It also included making sure group members cooperated with Mr. Wang's requests for information and attended meetings called by Mr. Wang. It also included being the public face of the group for the purpose of accepting interviews from foreign media, which came with the risk of repercussions from the PRC government. And it included allowing certain of the Plaintiffs to use my home and my computer equipment to review, scan, and sign documents, which was more secure than, for example, having them go to an internet café.

9.　　My efforts in this litigation also included gathering and providing documents to comply with the legal process in the United States. And it included heavily preparing for my deposition in this case, which had been scheduled for August 14, 2024, before it was abruptly cancelled.

10. All told, I estimate that I spent several hundred hours on this lawsuit.

**B.   My support for my attorneys' fee application.**

11. I also write to explain my support for my attorneys' fee application.

12. As alluded to above, towards the end of 2015, the group I formed was introduced to Yaxue Cao-Ritter, a U.S.-based writer, translator, and activist. Ms. Cao-Ritter became our translator, interpreter, and agent for the purposes of the litigation. In that capacity, she helped us look for a lawyer to bring this lawsuit. Initially, she found a law firm that expressed interest, but they wanted us to raise a large sum of money for costs as a condition of filing suit, which we could not do. Towards the end of 2016, Ms. Cao-Ritter found Times Wang. Mr. Wang and the law firm he was associated with, Cohen Milstein Sellers & Toll PLLC, agreed to represent us on a full contingency basis.

13. Our lawsuit was filed in April 2017. In 2018, it was dismissed. Mr. Wang told us he believed the court had made a mistake in dismissing our lawsuit and that we should appeal. I and the other Plaintiffs agreed and wanted to appeal as well. Around this time, Cohen Milstein withdrew from the matter and Mr. Wang began representing us by himself.

14. Mr. Wang successfully handled our appeal, and in 2020, the appellate court ordered that the case keep moving forward at the trial court level. Mr. Wang then proposed that the law firm of Slarskey LLC be brought on as co-counsel and we agreed. There have been no other changes to Plaintiffs' legal team since then.

15. I have been extremely pleased with my lawyers' work, and especially that of Mr. Wang. He believed in our case when it seemed that no one else did. He worked tirelessly on our behalf. And for much of the time he was doing so, he was a young, solo practitioner with few resources at his disposal. I firmly believe that without Mr. Wang's efforts, our case would have been lost years ago. Instead, because of his efforts, the Fund's humanitarian purpose has been

3

significantly revitalized, and there will be a stable source of funding for imprisoned Chinese dissidents and their families well into the future.

16. Indeed, I have been so pleased with Mr. Wang's work that I have encouraged him to apply for a 30% fee. My encouragement in this regard reflects my belief that he and the legal team he assembled are deserving of that amount in light of how much work they put into it, how much risk they took in doing so, and how good of a result they achieved.

17. I have been provided with a Chinese translation of this document. 【我已获得本文件的中文翻译。】

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. 【我在美国法律下，在作伪证处罚下声明上述内容真实无误。】

Executed on: April 15, 2025
【签署日期：2025 年 4 月 15 日】

_____
He Depu 【何德普】

4